**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISETTE GEISS, KATHERINE KENDALL, ZOE BROCK, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA SAGEMILLER, and NANNETTE KLATT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, MIRAMAX, LLC, MIRAMAX FILM CORP., MIRAMAX FILM NY LLC, HARVEY WEINSTEIN, ROBERT WEINSTEIN, DIRK ZIFF, TIM SARNOFF, MARC LASRY, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, PAUL TUDOR JONES, JEFF SACKMAN, JAMES DOLAN, MIRAMAX DOES 1-10, and JOHN DOES 1-50, inclusive,<br><br>    Defendants. | 17-CV-09554 (AKH)<br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TIM SARNOFF'S**
**MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION. ..................................................................................................1

II.     SUMMARY OF ALLEGATIONS. ........................................................................2

III.    MOTION TO DISMISS STANDARD. ..................................................................4

IV.     PLAINTIFFS' GROUP PLEADING MANDATES DISMISSAL. ........................5

V.      PLAINTIFFS' RICO CLAIM FAILS AS A MATTER OF LAW. ........................5

        A.      Plaintiffs Lack Standing To Assert Their RICO Claims. ...........................5

                1.      Plaintiffs Have Not Suffered A Cognizable RICO Injury. .........6

                2.      Alleged Injury Not Proximately Caused By Alleged RICO
                        Violation. ...................................................................................7

        B.      Plaintiffs Have Failed To Plead A RICO Violation...................................8

                1.      Plaintiffs Have Not Alleged A RICO Enterprise........................8

                2.      Plaintiffs Fail To Allege Sarnoff Committed Any Predicate Acts. ...........11

                3.      Plaintiffs Fail To Allege A Pattern Of Racketeering. ...............13

VI.     PLAINTIFFS HAVE NOT PLED A RICO CONSPIRACY CLAIM AGAINST
        SARNOFF..............................................................................................................14

VII.    PLAINTIFFS GEISS AND THOMAS' STATE LAW CLAIMS FAIL AS A
        MATTER OF LAW................................................................................................15

        A.      Plaintiffs Geiss and Thomas' Claims Are Time-Barred. .........................16

        B.      Plaintiffs' Negligent Supervision And Retention Claim Fails As A Matter
                Of Law. .....................................................................................................18

                1.      Sarnoff Did Not Have A Duty To Supervise. ............................18

                2.      Plaintiffs Fail To Allege Sarnoff Was In An Employer/Employee
                        Relationship With Harvey Weinstein. .......................................19

                3.      Plaintiffs Do Not Adequately Allege Sarnoff Knew Or Should
                        Have Known Of Harvey Weinstein's Alleged Propensity For
                        Sexual Misconduct....................................................................20

4.      Plaintiffs Fail To Allege Any Tortious Act Occurred On Sarnoff's
        Premises Or With His Chattels. ...................................................................20

C.      Plaintiffs' Ratification Claim Also Fails As A Matter Of Law. ...........................21

VIII.   CONCLUSION.......................................................................................................23

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Abbott Labs. v. Adelphia Supply USA*,
   No. 15-CV-5826, 2017 WL 57802 (S.D.N.Y. Jan. 4, 2017) ....................................................10

*Ahluwalia v. St. George's Univ., LLC*,
   63 F. Supp. 3d 251 (E.D.N.Y. 2014) ....................................................................................19

*Allen v. New World Coffee, Inc.*,
   No. 00 CIV 2610, 2001 WL 293683 (S.D.N.Y. March 27, 2001) ..........................................15

*Anza v. Ideal Steel Supply Corp.*,
   547 U.S. 451 (2006) .............................................................................................................7, 8

*Apollon Waterproofing & Restoration, Inc. v. Bergassi*,
   87 F. App'x. 757 (2d Cir. 2004) ..............................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................................4, 23

*Atuahene v. City of Hartford*,
   10 F. App'x 33 (2d Cir. 2001) ..................................................................................................5

*In re Bank of N.Y. Mellon Corp. Forex Transactions Litig.*,
   991 F. Supp. 2d 479 (S.D.N.Y.2014) .....................................................................................12

*Barnville v. Mimosa Cafe*,
   No. 1:14-CV-518-GHW, 2014 WL 3582878 (S.D.N.Y. July 10, 2014) ...............................18

*Basic Books, Inc. v. Kinko's Graphics Corp.*,
   758 F. Supp. 1522 (S.D.N.Y. 1991) .......................................................................................22

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................4

*Bigio v. Coca-Cola Co.*,
   675 F. 3d 163 (2d Cir. 2012) ...................................................................................................23

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
   69 F. Supp. 3d 342 (S.D.N.Y. 2014) ........................................................................................8

*Carell v. Shubert Org., Inc.*,
   104 F. Supp. 2d 236 (S.D.N.Y. 2000) ....................................................................................17

*Carte Blanche (Singapore) PTE., Ltd. v. Diners Club Intern., Inc.*,
    758 F. Supp. 908 (S.D.N.Y. 1991) ........................................................................21

*Chamberlin v. Hartford Fin. Servs. Inc.*,
    No. 05 Civ. 2650, 2005 WL 2007894 (S.D.N.Y 2005) ...........................................4

*Citibank N.A. v. Itochu Int'l Inc.*,
    No. 01 Civ. 6007, 2003 WL 1797847 (S.D.N.Y. 2003) ...........................................4

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*,
    187 F.3d 229 (2d Cir. 1999).................................................................................14

*Colony at Holbrook, Inc. v. Strata G.C., Inc.*,
    928 F. Supp. 1224 (E.D.N.Y. 1996) .....................................................................15

*Cont'l Petroleum Corp. v. Corp. Funding Partners, LLC*,
    No. 11 Civ. 7801, 2012 WL 1231775 (S.D.N.Y. Apr. 12, 2012)............................9

*Cort v. Marshall's Dep't Store*,
    No. 14-CV-7385, 2015 WL 9582426 (E.D.N.Y. Dec. 29, 2015)...........................20

*Cruz v. FXDirectDealer, LLC*,
    720 F.3d 115 (2d Cir. 2013).................................................................................8

*Davis v. Carroll*,
    937 F. Supp. 2d 390 (S.D.N.Y. 2013)...................................................................21

*DDR Constr. Servs., Inc. v. Siemens Indus., Inc.*,
    770 F. Supp. 2d 627 (S.D.N.Y. 2011)....................................................................8

*DeFalco v. Bernas*,
    244 F. 3d 286 (2d Cir. 2001)...............................................................................11

*Denney v. Deutsche Bank AG*,
    443 F. 3d 253 (2d Cir. 2006)................................................................................6

*Deras v. Metro. Transp. Auth.*,
    No. 11-CV-5912, 2013 WL 1193000 (E.D.N.Y. Mar. 22, 2013).........................16

*DiVittorio v. Equidyne Extractive Indus., Inc.*,
    822 F.2d 1242 (2d Cir. 1987)...............................................................................12

*DLJ Mortg. Capital, Inc. v. Kontogiannis*,
    594 F. Supp. 2d 308 (E.D.N.Y. 2009) ..................................................................12

*Doe v. Alsaud*,
    12 F. Supp. 3d 674 (S.D.N.Y. 2014)........................................................18, 20, 21

*Ehrens v. Lutheran Church*,
    385 F.3d 232 (2d Cir. 2004)..................................................................................18, 20

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,
    385 F.3d 159 (2d Cir. 2004)....................................................................................9, 14

*Fountain v. United States*,
    357 F.3d 250 (2d Cir. 2004)..........................................................................................12

*Gilfus v. Vargason*,
    No. 5:04-CV-1379, 2006 WL 2827658 (N.D.N.Y. Sept. 30, 2006).........................7

*Gross v. Waywell*,
    628 F. Supp. 2d 475 (S.D.N.Y. 2009)...........................................................................8

*Haybeck v. Prodigy Servs. Co.*,
    944 F. Supp. 326 (S.D.N.Y. 1996) ...............................................................................21

*Hemi Grp., LLC v. City of New York*,
    559 U.S. 1 (2010)............................................................................................................7

*Hoatson v. New York Archdiocese*,
    No. 05 Civ. 10467, 2007 WL 431098 (S.D.N.Y. Feb 8, 2007) ...................8, 11, 12

*Holm v. C.M.P. Sheet Metal, Inc.*,
    89 A.D.2d 229 (N.Y. App. Div. 1982) ..................................................................21, 22

*Holmes v. Sec. Inv'r. Prot. Corp.*,
    503 U.S. 258 (1992)........................................................................................................7

*Int'l Broth. of Teamsters v. Carey*,
    163 F. Supp. 2d 271 (S.D.N.Y. 2001)........................................................................14

*Jaeger v. Cellco P'ship*,
    936 F. Supp. 2d 87 (D. Conn. 2013), aff'd, 542 F. App'x 78 (2d Cir. 2013).........17

*Jastrzebski v. New York*,
    423 F. Supp. 669 (S.D.N.Y. 1976) .............................................................................18

*Jones v. Nat'l Commc'n and Surveillance Networks*,
    409 F. Supp. 2d 456 (S.D.N.Y 2006).................................................................9, 10, 11

*Jordan v. Chase Manhattan Bank*,
    91 F. Supp. 3d 491 (S.D.N.Y. 2015).........................................................................18

*Koch v. Christie's Intern. PLC*,
    699 F.3d 141 (2d Cir. 2012)........................................................................................14

*Lawton v. Town of Orchard Park*,
No. 14-CV-867S, 2017 WL 3582473 (W.D.N.Y. Aug. 18, 2017) ........................................20

*Le Paw v. BAT Indus. P.L.C.*,
No. 96-CV-4373, 1997 WL 242132 (E.D.N.Y. Mar. 6, 1997) .................................................7

*Leeds v. Meltz*,
85 F.3d 51 (2d Cir. 1996) ...........................................................................................................4

*Lettis v. U.S. Postal Serv.*,
39 F. Supp. 2d 181 (E.D.N.Y. 1998) ........................................................................................17

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
711 F.3d 106 (2d Cir. 2013) ................................................................................................4, 11

*Mackin v. Auberger*,
59 F. Supp. 3d 528 (W.D.N.Y. 2014) .........................................................................................6

*Madera v. Metro. Life Ins. Co.*,
No. 99-CV-4005, 2002 WL 1453827 (S.D.N.Y. July 3, 2002) ...............................................17

*McLaughlin v. Anderson*,
962 F.2d 187 (2d Cir. 1992) ................................................................................................4, 11

*Miller v. Carpinello*,
No. 06 CV 12940, 2007 WL 4207282 (S.D.N.Y. Nov. 20, 2007) ......................................7, 13

*Nasik Breeding & Research Farm Ltd. v. Merck & Co. Inc.*,
165 F. Supp. 2d 514 (S.D.N.Y. 2011) ......................................................................................15

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Archway, Ins. Servs., LLC*,
No. 11 CIV 1134, 2012 WL 1142285 (S.D.N.Y. Mar. 23, 2012) ...........................................12

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
No. 12 Civ 2837, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ................................................5

*Overall v. Estate of Klotz*,
52 F.3d 398 (2d Cir. 1995) .......................................................................................................17

*Precedo Capital Grp. Inc. v. Twitter Inc.*,
33 F. Supp. 3d 245 (S.D.N.Y. 2014) ........................................................................................21

*Productores Asociados De Cafe Rio Claro, C.A. v. Barnett*,
No. 98 Civ 499, 1999 WL 287389 (S.D.N.Y. May 7, 1999) .....................................................1

*Roitman v. N.Y.C. Transit Auth.*,
704 F. Supp. 346 (E.D.N.Y. 1989) ............................................................................................6

*Rosner v. Bank of China*,
    528 F. Supp. 2d 419 (S.D.N.Y. 2007) ................................................................... 14

*Ruffolo v. Oppenheimer & Co.*,
    987 F.2d 129 (2d Cir. 1993) ................................................................................... 18

*Santan-Morris v. N.Y. Univ. Med. Ctr.*,
    No. 96 Civ. 0621, 1996 U.S. Dist. LEXIS 18237 (S.D.N.Y. Dec. 9, 1996) ........... 17

*Schmidt v. Fleet Bank*,
    16 F. Supp. 2d 340 (S.D.N.Y. 1998) ..................................................................... 10

*Town of Mamakating, N.Y. v. Lamm*,
    No. 15-cv-2865, 2015 WL 5311265 (S.D.N.Y. Sept. 11, 2015) ............................ 10

*Twersky v. Yeshiva Univ.*,
    993 F. Supp. 2d 429 (S.D.N.Y. 2014) .................................................................... 16

*U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*,
    303 F. Supp. 2d 432 (S.D.N.Y. 2004) .................................................................... 14

*UFCW Local 1776 v. Eli Lilly & Co.*,
    620 F.3d 121 (2d Cir. 2010) ..................................................................................... 5

*United States v. Turkette*,
    452 U.S. 576 (1981) ................................................................................................ 10

*Westchester Cty. Indep. Party v. Astorino*,
    137 F. Supp. 3d 586 (S.D.N.Y. 2015) ...................................................................... 2

*World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*,
    530 F. Supp. 2d 486 (S.D.N.Y. 2007) ...................................................................... 6

## STATUTES

18 U.S.C. § 1512 .............................................................................................................. 13

18 U.S.C. § 1590 .............................................................................................................. 13

18 U.S.C. § 1591 .............................................................................................................. 13

18 U.S.C. § 1961(5) .......................................................................................................... 14

18 U.S.C. § 1962(c) ....................................................................................................... 2, 8

18 U.S.C. § 1962(d) ...................................................................................................... 2, 15

**RULES**

Fed. R. Civ. P. 8(a) ..................................................................................................5

Fed. R. Civ. P. 9(b) ......................................................................................1, 4, 5, 11

Fed. R. Civ. P. 12(b)(6) ....................................................................................1, 4

N.Y. CPLR § 214 ......................................................................................................16

N.Y. CPLR § 214(5) ................................................................................................16

N.Y. CPLR § 215 ......................................................................................................16

**TREATISES**

RESTATEMENT (SECOND) OF AGENCY § 82 ..........................................................21

RESTATEMENT (SECOND) OF AGENCY § 83 ..........................................................21

RESTATEMENT (SECOND) OF AGENCY § 85 ..........................................................21

Pursuant to Rules 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, defendant Tim Sarnoff ("Sarnoff") submits this memorandum of law in support of his motion to dismiss plaintiffs' putative class action complaint against him in its entirety with prejudice.

## I.    INTRODUCTION.

Plaintiffs filed a 77-page putative class action complaint against 15 defendants, containing 300 paragraphs, and spanning nearly three decades. Only *two* of the 300 paragraphs make any reference to Sarnoff, and even then, merely in conclusory fashion. The remaining 298 paragraphs are replete with impermissible and inadequate group allegations lumping Sarnoff indiscriminately with the other defendants and various third parties. Sarnoff is included because he served as an independent director of The Weinstein Company ("TWC") until October 2017. Plaintiffs, however, cannot rely solely on Sarnoff's position as a director to somehow link him with the alleged fraudulent and tortious activity of others. *See, e.g., Productores Asociados De Cafe Rio Claro, C.A. v. Barnett*, No. 98 Civ 499, 1999 WL 287389, at *3 (S.D.N.Y. May 7, 1999). Plaintiffs must do far more. Stripped of these indistinguishable allegations, the complaint fails to include a single factual allegation ascribing an act or omission committed by Sarnoff. Not one. Nor are there any factual allegations establishing Sarnoff had knowledge of the alleged wrongful conduct. Given these fatal defects, plaintiffs' claims against Sarnoff necessarily fail as a matter of law.

Moreover, plaintiffs' RICO claims are fundamentally flawed. Plaintiffs not only fail to establish they have standing to assert a RICO claim, but also fail to plead every required RICO element. In fact, they completely fail to allege Sarnoff committed any act in furtherance of the alleged RICO enterprise. Plaintiffs' careless inclusion of Sarnoff in their RICO claims is particularly disturbing, as courts have recognized "the mere assertion of a RICO claim has an

almost inevitable stigmatizing effect on those named as defendants[.]" *Westchester Cty. Indep. Party v. Astorino,* 137 F. Supp. 3d 586, 599 (S.D.N.Y. 2015). That is certainly the case here. This Court should dismiss plaintiffs' cavalier RICO claims as to Sarnoff.

Plaintiffs Geiss and Thomas' state law claims for negligent supervision and ratification fare no better.[1] They are time-barred. But even if they were not (and they are), they fail as a matter of law. Plaintiffs do not allege that Sarnoff was on TWC's Board in 2008 when the alleged assaults occurred, which precludes them from establishing he supervised or could ratify any action of Harvey Weinstein. Furthermore, plaintiffs fail to plead sufficiently every element required to state a cause of action against Sarnoff for negligent supervision or ratification.

Simply put, Sarnoff's brief stint on TWC's Board cannot alone impose liability. Plaintiffs must plead specific actions by Sarnoff to state a claim. Plaintiffs' complaint contains not even one. Accordingly, Sarnoff respectfully requests the Court dismiss plaintiffs' complaint as to him with prejudice.

## II.   **SUMMARY OF ALLEGATIONS.**[2]

Plaintiffs allege four causes of action against Sarnoff: RICO in violation of 18 U.S.C. § 1962(c) (Count I); RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count II); Negligent Supervision and Retention (Count IV); and Ratification (Count XIV). Not one allegation in their complaint references any specific conduct by Sarnoff. Plaintiffs' claims are all premised on the alleged misconduct of Harvey Weinstein. Compl. ¶¶ 48-120.

Plaintiffs' RICO claims are based on an enterprise labeled "The Weinstein Sexual Enterprise," which purportedly operated for several decades, from 1993 to October 2017. *Id.* at

---

[1]    Plaintiffs Geiss and Thomas are the only plaintiffs who assert state law claims against Sarnoff. Compl. ¶¶ 225-230, 295-300.

[2]    The facts alleged in the complaint are assumed true only for purposes of this motion to dismiss.

¶¶ 5, 48-120.  Plaintiffs' allegations describing this enterprise are cribbed from news articles published in *The New York Times*, *The New Yorker*, *Variety*, and *Fortune*.  Plaintiffs categorically allege that all 15 defendants were engaged, and conspired to engage, in a RICO enterprise, without alleging how each defendant participated in the enterprise.  *Id*. at ¶ 5.  They further allege the enterprise's ostensible common purpose was to prevent the disclosure of Harvey Weinstein's alleged sexual misconduct.  *Id*. at ¶140.  Only plaintiffs Geiss and Thomas bring state law claims against Sarnoff.  *Id.* at ¶¶ 225, 295.  Their claims for negligent supervision and retention and ratification depend on allegations that TWC's Board "knew or should have known" of Harvey Weinstein's conduct and unfitness, but failed to take action to prevent the alleged misconduct.  *Id.* at ¶¶ 225-230, 295-300.

The TWC Board is referenced generically throughout the complaint.  Sarnoff is individually mentioned twice.  Once, when listing the supposed members of The Weinstein Sexual Enterprise:

> "The Weinstein Sexual Enterprise had many participants…and included (i) TWC, TWC's Board of Directors (including Robert Weinstein, Dirk Ziff, Tim Sarnoff, Marc Lasry, Tarak Ben Ammar, Lance Maerov, Richard Koenigsberg, and Paul Tudor Jones – collectively, the "Board")…"

*Id.* at ¶ 5.  And a second time, when identifying the defendants and their places of residence:

> "Defendant Tim Sarnoff is a citizen of the United States and a resident of Westlake Village, California.  Tim Sarnoff was a director of TWC until October 2017.  Sarnoff knew of Weinstein's pattern and practice of predatory sexual conduct toward women from both his personal relationship with Weinstein and his position as a director at TWC."

*Id.* at ¶ 25.  There are no other references to Sarnoff in the remaining 298 paragraphs of the complaint.  Instead, the remaining allegations indiscriminately and impermissibly lump Sarnoff with various groups, such as "The Weinstein Sexual Enterprise," "TWC's Board Members," or "Defendants."  *See, e.g.*, *id.* at ¶¶ 127, 140, 196.  Consistent with the news articles relied upon, plaintiffs allege Sarnoff left TWC's Board in October 2017.  Plaintiffs entirely fail to allege

3

when Sarnoff joined the board, or, more importantly, if he was a member when the alleged

misconduct occurred.  *Id.* at ¶ 25.

## III.    <u>MOTION TO DISMISS STANDARD.</u>

To survive a motion to dismiss under Rule 12(b)(6), plaintiffs must state a claim that is

"plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is

facially plausible when "plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  "[B]ald contentions, unsupported characterizations, and legal

conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss."

*Citibank N.A. v. Itochu Int'l Inc.*, No. 01 Civ. 6007, 2003 WL 1797847, at *1 (S.D.N.Y. 2003)

(citing *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)).

Moreover, when, as here, plaintiffs' RICO allegations sound in fraud, plaintiffs must

plead each defendant's role in the purported racketeering enterprise with particularity, as

required by Rule 9(b).  *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d

Cir. 2013).  As this Court held, "in order to sustain a RICO cause of action with predicate acts of

mail and wire fraud, Plaintiffs must plead the fraud aspects of their allegations with

particularity."  *Chamberlin v. Hartford Fin. Servs. Inc.*, No. 05 Civ. 2650, 2005 WL 2007894, at

*3 (S.D.N.Y 2005) (Hellerstein, J.); *see also McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d

Cir. 1992) (In the RICO context, Rule 9(b) requires a complaint alleging mail and wire fraud to

"adequately specify the statements it claims were false or misleading, give particulars as to the

respect in which plaintiffs contend the statements were fraudulent, state when and where the

statements were made, and identify those responsible for the statements.").

4

IV.     **PLAINTIFFS' GROUP PLEADING MANDATES DISMISSAL.**

Sarnoff is individually mentioned in *two* paragraphs of plaintiffs' 300-paragraph

complaint.  At all other times, he is lumped together with various groups, such as The Weinstein

Sexual Enterprise, defendants, and TWC's Board.  Group pleading falls well short of the

minimum pleading standard required under Rule 8 and does not come close to meeting the

heightened standard of Rule 9.  Fed. R. Civ. P. 8(a); *Atuahene v. City of Hartford*, 10 F. App'x

33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no

factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy [Rule 8's]

minimum standard[.]").  This alone warrants dismissal of the complaint against Sarnoff.  *See*

*e.g., Ochre LLC v. Rockwell Architecture Planning & Design*, *P.C.*, No. 12 Civ. 2837, 2012 WL

6082387, at *6-7 (S.D.N.Y. Dec. 3, 2012) (dismissing complaint with group pleading).

V.      **PLAINTIFFS' RICO CLAIM FAILS AS A MATTER OF LAW.**

To establish a RICO claim, plaintiffs must plead:  "(1) a substantive RICO violation

under § 1962; (2) injury to the plaintiff's business or property, and (3) that such injury was by

reason of the substantive RICO violation."  *UFCW Local 1776 v. Eli Lilly & Co*., 620 F.3d 121,

131 (2d Cir. 2010) (citation omitted).  Given plaintiffs' group pleading, it is not surprising that

their RICO claim fails at every turn.  Not only do plaintiffs fail to demonstrate they have

standing to bring a RICO claim, they also fail adequately to plead each element of RICO.  Their

RICO claim against Sarnoff is unwarranted and should be dismissed.

A.      **Plaintiffs Lack Standing To Assert Their RICO Claims.**

As the Second Circuit has recognized, "RICO standing is a more rigorous matter than

standing under Article III."  *Denney v. Deutsche Bank AG*, 443 F. 3d 253, 266 (2d Cir. 2006).

This additional rigor requires plaintiffs to establish:  (1) an injury to "business or property," and

(2) that the injury is proximately caused by the alleged RICO activity.  *Id.*  Plaintiffs fail to establish either standing requirement.

### 1. <u>Plaintiffs Have Not Suffered A Cognizable RICO Injury</u>.

RICO injuries are limited to "clear and definite" losses to "business or property."  *Id.* "[A] RICO plaintiff may not recover for speculative losses or where the amount of damages is unprovable."  *World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 519 (S.D.N.Y. 2007) (citation omitted).  Plaintiffs identify their RICO injuries as "lost employment and employment opportunities, as well as contractual and contractual opportunities."  Compl. ¶ 209.  Such personalized and speculative injuries are not cognizable RICO injuries.

Courts repeatedly hold that lost future employment opportunities are not RICO injuries because a person has "no property right in this expectation" of employment.  *Roitman v. N.Y.C. Transit Auth.*, 704 F. Supp. 346, 349 (E.D.N.Y. 1989); *see also Mackin v. Auberger*, 59 F. Supp. 3d 528, 558 (W.D.N.Y. 2014) ("loss of Plaintiff's reputation and resulting inability to gain future employment are personal injuries and are not compensable under RICO").  Moreover, these losses are unrecoverable under RICO, as "loss of career" is an inherently "speculative and indefinite" loss.  *Mackin*, 59 F. Supp. 3d at 558.  Putting aside that employment opportunities are plainly not cognizable RICO injuries, plaintiffs also fail to allege any contract or actual job opportunity lost as a result of the alleged RICO activity, which is fatal to their claim.  *Apollon Waterproofing & Restoration, Inc. v. Bergassi*, 87 F. App'x. 757, 759-760 (2d Cir. 2004) (dismissing RICO claim for lack of standing because "conclusory pleading of unspecified lost contracts fails to provide such minimal notice of a timely injury stemming from the [underlying acts]").

Plaintiffs' allegations that they suffered emotional distress and physical pain, including depression and lack of self-confidence (Compl. ¶¶ 59, 83), are personal injury losses, which also

are not recoverable under RICO.  *See Miller v. Carpinello*, No. 06 CV 12940, 2007 WL

4207282, at *6 (S.D.N.Y. Nov. 20, 2007) (dismissing RICO claim for lack of standing, as

physical and emotional injuries cannot support a RICO claim); *see also Le Paw v. BAT Indus.*

*P.L.C.*, No. 96-CV-4373, 1997 WL 242132, at *2 (E.D.N.Y. Mar. 6, 1997) ("[C]laims for

personal injuries or emotional distress are not cognizable under RICO."); *Gilfus v. Vargason*,

No. 5:04-CV-1379, 2006 WL 2827658, at *8 (N.D.N.Y. Sept. 30, 2006) ("A plain reading of the

RICO statute reveals that Plaintiffs cannot seek damages for physical injury, mental suffering,

distress, or humiliation.").  Plaintiffs have thus failed to allege a cognizable RICO injury, and

therefore do not have standing to assert a RICO claim.

## 2.    Alleged Injury Not Proximately Caused By Alleged RICO Violation.

In civil RICO cases, "the plaintiff is required to show that a RICO predicate offense 'not

only was a 'but for' cause of his injury, but was the proximate cause as well.'"  *Hemi Grp., LLC*

*v. City of New York*, 559 U.S. 1, 9 (2010) (quoting *Holmes v. Sec. Inv'r. Prot. Corp.*, 503 U.S.

258, 268 (1992)).  In other words, plaintiffs must plead "some direct relation between the injury

asserted and the injurious conduct alleged," which is commonly known as the proximate cause

test.  *Id.*  By their own admissions, plaintiffs have not suffered any direct loss as a result of the

alleged RICO violations (fraud, witness tampering, or sex trafficking), as they universally allege

their losses were caused directly by Harvey Weinstein—not the alleged RICO activity.  *See*

Comp.  ¶¶ 59, 61, 83, 95, 102, 113, 120.  As such, they have not met the proximate cause

standard, and their complaint must be dismissed.  *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451,

456-58 (2006) (dismissing complaint when cause of plaintiffs' asserted harms was "entirely

distinct from the alleged RICO violation"); *DDR Constr. Servs., Inc. v. Siemens Indus., Inc.*, 770

F. Supp. 2d 627, 651 (S.D.N.Y. 2011) (dismissing RICO complaint because plaintiffs pleaded damages caused by acts other than the RICO predicate acts).[3]

Plaintiffs have not pled (and cannot plead) the necessary statutory standing to assert a RICO claim.  Amendment would thus be futile.  This Court should dismiss their claims with prejudice.  *See Hoatson v. N.Y. Archdiocese*, No. 05 Civ. 10467, 2007 WL 431098, at *6 (S.D.N.Y. Feb 8, 2007) (amendment futile when no standing to bring a RICO action).

**B.**     **Plaintiffs Have Failed To Plead A RICO Violation.**

To establish a violation of section 1962(c), plaintiffs must show Sarnoff engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013) (citation omitted).  The elements must be established as to *each individual defendant*.  *Gross v. Waywell*, 628 F. Supp. 2d 475, 495 (S.D.N.Y. 2009) ("[L]umping the defendants into collective allegations results in a failure to demonstrate the elements of § 1962(c) with respect to each defendant individually, as required.").  Plaintiffs have not sufficiently pled any of these elements.

**1.**     **Plaintiffs Have Not Alleged A RICO Enterprise.**

"The heart of any civil RICO claim is the enterprise.  There can be no RICO violation without one."  *BWP Media USA Inc. v. Hollywood Fan Sites, LLC,* 69 F. Supp. 3d 342, 359 (S.D.N.Y. 2014) (citation omitted).  To properly establish the existence of a RICO enterprise, plaintiffs must plead "solid information regarding the 'hierarchy, organization, and activities' of this alleged association-in-fact enterprise," from which this Court "could fairly conclude that its

---

[3]         Even without their admissions, plaintiffs would still lack standing to bring a RICO claim.  The proximate cause test seeks to avoid "the difficulty that can arise when a court attempts to ascertain the damages caused by some remote action."  *Anza*, 547 U.S. at 456-58.  Here, plaintiffs' inability to have a successful career in the entertainment industry could have been caused by innumerable factors unrelated to the alleged RICO activity.  *Id.* (dismissing RICO claim when plaintiffs' purported losses could have been caused "by any number of reasons unconnected to the asserted pattern of fraud").

'members functioned as a unit.'" *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d

159, 174 (2d Cir. 2004) (citation omitted); *see also Jones v. Nat'l Commc'n and Surveillance*

*Networks*, 409 F. Supp. 2d 456, 474 (S.D.N.Y 2006) (Hellerstein, J.) (dismissing complaint with

prejudice when plaintiff failed to plead with specificity "existence of a racketeering enterprise, or

its purported hierarchy, organization, continuing structure, or activities") (citations omitted).

Plaintiffs' vague, conclusory allegations fall short of the required pleading for a RICO enterprise.

First, plaintiffs completely fail to plead the hierarchy, organization, and relationships

between the various alleged enterprise members.  Moreover, absent entirely from plaintiffs'

complaint are any allegations demonstrating where Sarnoff ostensibly fits in this hierarchy or his

relationship with the various alleged members of The Weinstein Sexual Enterprise.  Instead, the

enterprise allegations are boilerplate assertions that indiscriminately include Sarnoff in the

enterprise because he is a defendant in this action:

> "The Weinstein Sexual Enterprise is an association-in-fact enterprise. . .consisting
> of (i) Defendants, including their employees and agents; (ii) the Weinstein
> Participants; (iii) the Intelligence Participants; (iv) the Firm Participants; (v) the
> Journalist Participants; (v) the Film Participants, and other unnamed co-
> conspirators. . ."

Compl. ¶ 194; *see e.g., id.* at ¶¶ 142-147.

As such, these allegations provide no information as to the hierarchy, organization, or

nature of the relationship between Sarnoff and any alleged enterprise members, which is fatal.

*Cont'l Petroleum Corp. v. Corp. Funding Partners, LLC*, No. 11 Civ. 7801, 2012 WL 1231775,

at *6 (S.D.N.Y. Apr. 12, 2012) (dismissing RICO claim for failure to plead with specificity "the

nature of defendants' common interests and the mechanics of the alleged ongoing working

relationship among defendants").

Second, plaintiffs fail to allege the enterprise acted as a functioning unit.  Plaintiffs'

conclusory allegations that "[t]hrough the Weinstein Sexual Enterprise, the Defendants and their

co-conspirators functioned as a continuing unit with the purpose of furthering the illegal scheme

and their common purpose" is plainly insufficient.  Compl. ¶ 200; *see Town of Mamakating, N.Y.*

*v. Lamm*, No. 15-cv-2865, 2015 WL 5311265, at *9 (S.D.N.Y. Sept. 11, 2015) (conclusory

allegations that various individuals and entities have taken acts to further the scheme cannot

show RICO enterprise); *see also Jones*, 409 F. Supp. 2d at 474 (dismissing RICO claims based

on conclusory enterprise allegations).  Moreover, plaintiffs fail to identify any connection

between Sarnoff and non-TWC defendants, or the other non-party members of the enterprise—

*e.g.,* journalists, law firms, film directors, and intelligence agencies.  There is simply no basis

from the actually pled allegations for the Court to infer that the defendants functioned as a

continuing unit with a common purpose.  *Abbott Labs. v. Adelphia Supply USA*, No. 15-CV-

5826, 2017 WL 57802, at *4 (S.D.N.Y. Jan. 4, 2017) ("without factual allegations that the

defendants cooperated to form a continuing unit working toward a common purpose, their mere

independent, uncoordinated participation . . . does not create a RICO enterprise").

Finally, plaintiffs' alleged RICO enterprise is obviously not separate and distinct from the

purported racketeering activity.  *See United States v. Turkette*, 452 U.S. 576, 583 (1981)

(enterprise must be an "entity separate and apart from the pattern of activity in which it

engages").  When determining whether an alleged enterprise is separate and distinct from the

purported racketeering activity, courts "consider whether the enterprise would still exist were the

predicate acts removed from the equation."  *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 349

(S.D.N.Y. 1998) (citation omitted).  Here, no enterprise would exist without the alleged predicate

acts (fraud, witness tampering, and sex trafficking).  In fact, plaintiffs expressly admit as much

by stating, "[t]he Weinstein Sexual Enterprise was created and used as a tool to effectuate Defendants' pattern of racketeering activity."  Compl. ¶ 194.  Plaintiffs' RICO claim thus also fails for this independent reason, and should be dismissed.  *See Hoatson*, 2007 WL 431098, at *3 (dismissing RICO claim with prejudice when defendants associated with each other solely to conduct the alleged RICO activities).

### 2.    Plaintiffs Fail To Allege Sarnoff Committed Any Predicate Acts.

At bare minimum, plaintiffs are required to plead that *each defendant* "personally committed or aided and abetted in the commission of two predicate acts."  *McLaughlin v. Anderson,* 962 F. 2d 187, 192 (2d Cir. 1992).  Further, "[t]he duration, frequency, and substance of the purported racketeering activity are measured independently for each individual defendant."  *Jones*, 409 F. Supp. 2d at 473 (*citing DeFalco v. Bernas*, 244 F. 3d 286, 322 n. 22 (2d Cir. 2001)).  Plaintiffs' conclusory allegation that "RICO Defendants" engaged in three different RICO predicate acts (mail and wire fraud, witness tampering, and sexual trafficking) is deficient.  Compl. ¶¶ 196, 201-205.

As plaintiffs allege these predicate acts were committed through a fraudulent scheme (*see id*. at ¶ 215), their claims sound in fraud and must be pled with particularity under the heightened pleading requirements of Rule 9(b).  Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d  Cir. 2013) (same).  Plaintiffs have not met this heightened standard for any of the predicate acts.

First, plaintiffs wholly fail to plead that Sarnoff committed mail or wire fraud.  In order to state a claim for mail and wire fraud, plaintiffs must allege:  "(1) a scheme to defraud, (2) money or property (as the object of the scheme), and (3) use of the mail (or wires) to further the scheme." *Fountain v. United States,* 357 F.3d 250, 255 (2d Cir. 2004).  To that end, when

multiple defendants are charged with fraud, the complaint must "particularize and prove each defendant's participation in the fraud." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Archway, Ins. Servs., LLC*, No. 11 CIV 1134, 2012 WL 1142285, at *5 (S.D.N.Y. Mar. 23, 2012); *see also DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."). Further, in order to state a claim for wire and mail fraud, a plaintiff is required "to adequately specify the statements it claims were false or misleading, give particulars as to the respect in which the plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *In re Bank of N.Y. Mellon Corp. Forex Transactions Litig.*, 991 F. Supp. 2d 479, 492 (S.D.N.Y.2014) (internal quotation marks omitted).

Plaintiffs have not met any of these requirements, as they fail to allege a single particularized act that Sarnoff allegedly took to commit mail or wire fraud. Instead, plaintiffs again resort to grouping Sarnoff with the fourteen other defendants collectively, alleging:

> "The RICO Defendants used the mails and wires for the transmission, delivery, or shipment of the following [mails and wires]"

Compl. ¶ 201. This type of "blunderbuss and conclusory pleading style" cannot state a claim for wire or mail fraud against Sarnoff. *DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 326 (E.D.N.Y. 2009); *see also Hoatson*, 2007 WL 431098, at *5 ("bare allegation that defendants took numerous predicate acts . . . falls well short of pleading with particularity and is insufficient to ground a predicate act for a RICO claim").

Second, plaintiffs have not sufficiently pled the remaining two predicate acts, witness tampering and sex trafficking. The entirety of plaintiffs' allegations as to these predicate acts are once again contained in an improper boilerplate allegation against all defendants:

> "Defendants' . . . racketeering activity . . . includes multiple instances of tampering with a witness or victim in violation of 18 U.S.C. § 1512, and multiple instances obtaining a victim for the purpose of committing or attempting to commit aggravated sexual abuse in violation of 18 U.S.C. §§ 1590 and 1591 as described above."

Compl. ¶ 196.  That allegation does not allege any of the elements of witness tampering, as it does not allege Sarnoff knowingly used intimidation, threats, or corruptly persuaded anyone to influence, delay, or prevent their testimony in an official proceeding.  *See* 18 U.S.C. § 1512. Moreover, plaintiffs utterly fail to identify any federal proceeding where witness tampering could have even occurred.  *See Miller v. Carpinello*, No. 06 CV 12940, 2007 WL 4207282, at *7 & n.6 (S.D.N.Y. Nov. 20, 2007) (dismissing RICO claim with prejudice when plaintiff failed to allege pending federal proceeding or that defendants hindered communication of information to law enforcement or federal judge relating to federal offense).

Further, this conclusory allegation does not allege any of the elements of 18 U.S.C. sections 1590 and 1591, as it does not allege Sarnoff knowingly recruited, harbored, transported, provided, or obtained by any means, any person to commit aggravated sexual abuse.[4]  *See* 18 U.S.C. §§ 1590, 1591.  Accordingly, plaintiffs have failed to plead that Sarnoff committed any RICO predicate acts, and therefore fail to state a RICO claim.

### 3.    Plaintiffs Fail To Allege A Pattern Of Racketeering.

Because plaintiffs have not alleged that Sarnoff committed a single predicate act, they necessarily cannot establish a pattern of racketeering activity.  To establish a "pattern of racketeering activity," plaintiffs must sufficiently allege "at least two acts of racketeering activity

---

[4]        In addition, 18 U.S.C. sections 1590 and 1591 could not have been a RICO predicate act here, as plaintiffs indicate sexual trafficking was not one of the purposes of the alleged RICO enterprise.  Compl. ¶ 195 ("The Weinstein Sexual Enterprise…[had] the common purpose of: (i)  harassing, threatening, extorting, and misleading Harvey Weinstein's victims and the media to prevent the reporting, disclosure, or prosecution of his sexual misconduct, and (ii) destroying, mutilating, or concealing records, documents, or other evidence to prevent the use of such evidence to report (or prosecute) his sexual offenses.").

committed in a 10 year period." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999) (quoting 18 U.S.C. § 1961(5)). "In determining the duration of a pattern of racketeering activity, courts focus solely on the predicate acts of racketeering *each defendant* is alleged to have committed." *Int'l Broth. of Teamsters v. Carey*, 163 F. Supp. 2d 271, 280-81 (S.D.N.Y. 2001) (emphasis added). Plaintiffs failed to plead that Sarnoff committed a single RICO predicate act, let alone two related acts in a 10-year period.[5] Accordingly, plaintiffs have not pled Sarnoff engaged in a "pattern of racketeering activity," and their RICO claim should be dismissed on this basis. *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 430 (S.D.N.Y. 2007).[6]

## VI.   PLAINTIFFS HAVE NOT PLED A RICO CONSPIRACY CLAIM AGAINST SARNOFF.

It is axiomatic: there cannot be a RICO conspiracy without a substantive RICO violation. *First Capital Asset Mgmt.*, 385 F.3d at 182 (upholding dismissal of RICO conspiracy claim because plaintiff failed properly to allege substantive RICO violation). Plaintiffs' absolute failure to plead that Sarnoff committed any RICO violation automatically defeats their RICO conspiracy claim.

Separately, plaintiffs' RICO conspiracy claim also fails because plaintiffs have not pled Sarnoff specifically entered into an agreement to facilitate the goals of the purported conspiracy. *Allen v. New World Coffee, Inc.*, No. 00 CIV 2610, 2001 WL 293683, at *9 (S.D.N.Y. March 27, 2001) (plaintiffs' RICO conspiracy allegations insufficient to state claim under Section 1962(d)

---

[5]   Moreover, the only RICO activity identified in the complaint occurred over a single year, October 2016 to September 2017 (Compl. ¶¶ 148-167), which is an insufficient period to establish a pattern. *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.,* 303 F. Supp. 2d 432, 448 (S.D.N.Y. 2004) ("The Second Circuit has never held a period of less than two years to constitute a 'substantial period of time' for purpose of closed end continuity.").

[6]   Separately, plaintiffs' RICO claims are also barred by the statute of limitations, as the alleged conduct occurred between 1993 and 2008. Thus, the statute of limitations for plaintiffs' RICO claims expired by 2012. *Koch v. Christie's Intern. PLC,* 699 F.3d 141, 148 (2d Cir. 2012) (RICO claims have a four-year statute of limitations).

because they were "devoid of factual assertions concerning the nature of the agreement and

unspecific as to time period during which the conspiracy took place"); *Nasik Breeding &*

*Research Farm Ltd. v. Merck & Co. Inc.*, 165 F. Supp. 2d 514, 541 (S.D.N.Y. 2011) (dismissing

RICO conspiracy claim when plaintiff's "allegations, devoid of factual assertions concerning the

existence and nature of an agreement and unspecific as to the participants therein, are insufficient

to state a claim under Section 1962(d)").  Yet again, plaintiffs' sole allegation of the alleged

agreement is boilerplate:

> "The nature of the above-described Defendants' co-conspirators' acts in furtherance of
> the conspiracy gives rise to an inference that they not only agreed to . . . [a] violation of
> RICO . . . but also were aware that their ongoing fraudulent acts have been and are part of
> an overall pattern of racketeering activity."

Compl. ¶ 216.  Such bare and conclusory allegations are insufficient to withstand a motion to

dismiss, as a "plaintiff must plead facts sufficient to show that *each defendant* knowingly agreed

to participate in the conspiracy."  *Allen*, 2001 WL 293683, at *9 (quoting *Colony at Holbrook,*

*Inc. v. Strata G.C., Inc.,* 928 F. Supp. 1224, 1238 (E.D.N.Y. 1996)) (emphasis added).  Plaintiffs'

RICO conspiracy claims also should be dismissed with prejudice.

## VII.   PLAINTIFFS GEISS AND THOMAS' STATE LAW CLAIMS FAIL AS A MATTER OF LAW.

Only plaintiffs Geiss and Thomas bring state law claims against Sarnoff—for negligent

supervision and retention and ratification.  These claims are similarly deficient.  The claims are

time-barred and should be dismissed with prejudice.  Moreover, plaintiffs once again fail to

adequately plead these claims as to Sarnoff, as their allegations consist of mere legal conclusions

and lack sufficient facts to state a claim.

15

A.      **Plaintiffs Geiss and Thomas' Claims Are Time-Barred**.

Plaintiffs' state law claims fall well outside the relevant one and three year statutes of limitations periods.[7]  Plaintiffs' negligent supervision and ratification claims are premised on Harvey Weinstein's alleged misconduct in 2008.  Compl.  ¶¶ 96-114.  The statute of limitations period for all claims expired in 2011—six years before plaintiffs filed this complaint on December 6, 2017.[8]  As such, their claims are time-barred and should be dismissed with prejudice.  *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 434, 452 (S.D.N.Y. 2014) (granting motion to dismiss with prejudice when dates in complaint showed action was time-barred).

Recognizing the statutes of limitations bar their state law claims, plaintiffs assert the limitations period is tolled by the continuing violation doctrine, equitable estoppel, and duress.  Compl. at p. 47, heading F.  Yet, none of these tolling doctrines can resurrect their claims.

First, the continuing violation doctrine cannot toll the statute of limitations for plaintiffs' negligent supervision and retention claim because plaintiffs have not specifically pled any facts constituting a "continuing violation."  *See Deras v. Metro.Transp. Auth.*, No. 11-CV-5912, 2013 WL 1193000, at *7 (E.D.N.Y. Mar. 22, 2013) (dismissing claims as time-barred, as conclusory allegations insufficient to raise continuing violations doctrine to toll limitations period).  Plaintiffs' "conclusory allegation[s] that the acts amounted to a continuing violation are an insufficient substitute for an explanation of how these distinct acts are related."  *Madera v. Metro. Life Ins. Co.*, No. 99-CV-4005, 2002 WL 1453827, at *4 (S.D.N.Y. July 3, 2002).

---

[7]      The statute of limitations period for negligent supervision and retention is three years.  N.Y. CPLR § 214(5).  Plaintiffs' ratification claim is based on the following torts:  assault, civil battery, and intentional infliction of emotional distress, all of which must be commenced within one year, and negligent infliction of emotional distress, which must be commenced within three years.  N.Y. CPLR §§ 214, 215.

[8]      There are no allegations Sarnoff was even a director at TWC before the statute of limitations expired.

Further, the continuing violation doctrine simply does not apply to any of the tortious acts plaintiffs allege Sarnoff ratified—assault, battery, and intentional or negligent infliction of emotional distress—because these are discrete tortious acts. *See, e.g.*, *Lettis v. U.S. Postal Serv.*, 39 F. Supp. 2d 181, 204 (E.D.N.Y. 1998) (holding claims for assault and battery not subject to continuing violation doctrine); *Santan-Morris v. N.Y. Univ. Med. Ctr.*, No. 96 Civ. 0621, 1996 U.S. Dist. LEXIS 18237, at *12 (S.D.N.Y. Dec. 9, 1996) (rejecting application of continuing violation doctrine to intentional infliction of emotional distress claim); *Jaeger v. Cellco P'ship*, 936 F. Supp. 2d 87, 100 n.10 (D. Conn. 2013), aff'd, 542 F. App'x 78 (2d Cir. 2013) (concluding continuing violation doctrine did not apply to negligent infliction of emotional distress claim).

Second, equitable estoppel only applies when plaintiffs "show that *the defendant* 'wrongfully induced the plaintiff to refrain from timely commencing an action by deception, concealment, threats or other misconduct.'" *Overall v. Estate of Klotz*, 52 F.3d 398, 404 (2d Cir. 1995) (emphasis added) (citations omitted); *see also Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000) ("The doctrine [of equitable estoppel] only applies when the defendant 'has taken active steps to prevent the plaintiff from suing in time.'") (citations omitted).  The complaint is devoid of any allegations that Sarnoff took a specific, actual action to prevent plaintiffs Geiss and Thomas from filing a lawsuit.  Accordingly, equitable estoppel cannot toll the statutes of limitations.

Third, duress only tolls limitations periods when duress is "an element of the cause of action asserted." *Overall*, 52 F.3d at 404.  Since duress is not an express element of any state law claims asserted against Sarnoff, it is inapplicable and cannot toll the limitations periods.[9]

---

[9]     Additionally, plaintiffs' anticipated duress cannot toll the statute of limitations. *Jastrzebski v. New York*, 423 F. Supp. 669, 674 (S.D.N.Y. 1976) ("[T]he mere fact that the plaintiffs anticipated duress does not establish it as a legal defense.").

Because the statutes of limitations on plaintiffs Geiss and Thomas' state law claims expired by 2011 (some earlier), and their claims cannot be tolled by the alleged tolling doctrines, these claims should be dismissed with prejudice. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131-32 (2d Cir. 1993); *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 509-10 (S.D.N.Y. 2015) (denying leave to amend because "better pleading will not cure" claims barred by the statute of limitations).

### B.   Plaintiffs' Negligent Supervision And Retention Claim Fails As A Matter Of Law.

In addition to alleging each of the necessary elements of negligence (including a duty), to establish a claim for negligent supervision and retention, "a plaintiff must also show: (1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels." *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014) (internal citations omitted); *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (same). Plaintiffs have not adequately pled a negligent supervision and retention claim, as they have not alleged that Sarnoff was on the board when Harvey Weinstein's alleged misconduct occurred and that conduct was well beyond the scope of any purported duty to supervise.[10]

### 1.   Sarnoff Did Not Have A Duty To Supervise.

Plaintiffs' claim fails from the outset because they have not alleged Sarnoff had a duty to supervise Harvey Weinstein in 2008, when the alleged assaults occurred. Compl. ¶¶ 96-114,

---

[10]   In the event the Court concludes Harvey Weinstein was somehow acting within his scope of employment when the tortious conduct occurred, plaintiffs' negligent supervision and retention claim must be dismissed. *See Barnville v. Mimosa Cafe*, No. 1:14-CV-518-GHW, 2014 WL 3582878, at *2 (S.D.N.Y. July 10, 2014) ("Under New York law, where an employee acts within the scope of his or her employment, the employer cannot be held liable for a claim of negligent hiring, retention, or training.").

225-230.  Here, Sarnoff's purported duty is predicated on his directorship on the TWC Board.

*See* Compl. ¶ 25 ("Tim Sarnoff was a director of TWC until October 2017"); *id.* ¶ 230 ("TWC

and its Board of Directors' negligence in supervising and or retaining Weinstein was a

substantial factor in causing harm to Plaintiffs.").  Plaintiffs, however, have conspicuously failed

to allege Sarnoff was a TWC Board member in 2008 when the assaults occurred, and therefore

failed to plead facts sufficient to establish Sarnoff was in a position to be remotely aware of,

*much less supervise*, Harvey Weinstein's behavior.  Having failed to plead that Sarnoff had any

supervisory duty, plaintiffs have not stated a negligent supervision and retention claim.

### 2.    Plaintiffs Fail To Allege Sarnoff Was In An Employer/Employee Relationship With Harvey Weinstein.

Failure to plead that a defendant employed the alleged tortfeasor is fatal to a claim for

negligent supervision and retention.  *Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251,

263 (E.D.N.Y. 2014) (dismissing complaint when no indication alleged tortfeasors were

employed by either defendants, as opposed to by a third party).  Plaintiffs have not alleged a

single allegation indicating Sarnoff somehow employed Harvey Weinstein.  Rather, they

expressly allege, "*TWC* employed Weinstein and Weinstein was an executive and/or director of

TWC" at "all times material."  Compl. ¶ 226 (emphasis added).  For this reason alone, plaintiffs'

negligent retention and supervision claim fails.  *Ahluwalia*, 63 F. Supp. 3d at 263.

Moreover, plaintiffs' failure to allege that Sarnoff was a TWC Board member in 2008

when Harvey Weinstein allegedly assaulted plaintiffs Geiss and Thomas is likewise fatal.  *Id.* at

¶¶ 96-114.  As such, plaintiffs failed to allege Sarnoff employed Harvey Weinstein (even

indirectly) at the time of the alleged assaults, and thus cannot state a claim for negligent

supervision and retention.

**3.** **Plaintiffs Do Not Adequately Allege Sarnoff Knew Or Should Have Known Of Harvey Weinstein's Alleged Propensity For Sexual Misconduct.**

Plaintiffs allege in conclusory fashion that "Sarnoff knew of Weinstein's pattern and practice of predatory sexual conduct toward women from both his personal relationship with Weinstein and his position as a director of TWC." Compl. ¶ 25. This allegation, unsupported by any specific facts as to when, how, or what knowledge Sarnoff acquired, cannot demonstrate that Sarnoff had actual or constructive knowledge of Harvey Weinstein's alleged propensity for sexual misconduct. *See Cort v. Marshall's Dep't Store*, No. 14-CV-7385, 2015 WL 9582426, at *5 (E.D.N.Y. Dec. 29, 2015) ("A conclusory allegation is not enough to state a claim for negligent hiring, retention, supervision, or training."); *see also Lawton v. Town of Orchard Park*, No. 14-CV-867S, 2017 WL 3582473, at *13 (W.D.N.Y. Aug. 18, 2017) (dismissing plaintiff's claim because she did "not allege any facts indicating [defendant] knew or should have known of the individual defendants' propensity for injurious conduct"). Plaintiffs' negligent supervision and retention claim fails for this additional reason.

**4.** **Plaintiffs Fail To Allege Any Tortious Act Occurred On Sarnoff's Premises Or With His Chattels.**

To state a claim for negligent supervision and retention, plaintiffs must plead that the tortious conduct was committed on Sarnoff's premises or with Sarnoff's chattels. *Alsaud*, 12 F. Supp. 3d at 680; *Ehrens*, 385 F. 3d at 235. They allege neither. Instead, plaintiffs explicitly allege plaintiff Thomas was sexually harassed at *Harvey Weinstein's house* and plaintiff Geiss was sexually harassed at a *hotel in Park City, Utah*. Compl. ¶¶ 96, 106 (emphasis added). Plaintiffs' express admission that the tortious conduct did not occur on Sarnoff's premises or with his chattels likewise requires dismissal of their claim. *See Alsaud*, 12 F. Supp. 3d at 681 (dismissing plaintiff's negligent supervision and retention claim because sexual misconduct did

20

not occur "anywhere near [defendant's] premises or with its chattels as alleged by Plaintiff . . . [rather] the sexual assault occurred at the Plaza Hotel"); *see also Haybeck v. Prodigy Servs. Co.*, 944 F. Supp. 326, 332 (S.D.N.Y. 1996) (dismissing complaint when conduct complained of unquestionably took place outside employer's premises and without employer's chattels).

### C.   Plaintiffs' Ratification Claim Also Fails As A Matter Of Law.

Under New York law, Sarnoff can be liable on a ratification theory *only* if he "affirms or ratifies an act done by one *who purports to be acting for the ratifier*." *Precedo Capital Grp. Inc. v. Twitter Inc.*, 33 F. Supp. 3d 245, 254 (S.D.N.Y. 2014) (granting motion to dismiss when conduct did not give rise to plausible inference of an agency relationship) (emphasis added); *see also Holm v. C.M.P. Sheet Metal, Inc.*, 89 A.D.2d 229, 232 (N.Y. App. Div. 1982) ("The law is clear that only an act done on another's behalf may be ratified."). A principal can only ratify the acts of its agent when it has "full and complete knowledge of the material facts" regarding its agent's acts. *Davis v. Carroll*, 937 F. Supp. 2d 390, 427 (S.D.N.Y. 2013). Plaintiffs fail to allege Sarnoff ratified any alleged acts of Harvey Weinstein.

First, plaintiffs fail to allege that any of Harvey Weinstein's alleged acts were somehow committed on behalf of Sarnoff. *See Precedo*, 33 F. Supp. 3d at 254; *Carte Blanche (Singapore) PTE., Ltd. v. Diners Club Intern., Inc.*, 758 F. Supp. 908, 921 (S.D.N.Y. 1991) (act can only be ratified where alleged agent "purports to be acting for the ratifier"); RESTATEMENT (SECOND) OF AGENCY §§ 82, 83, 85.

Second, plaintiffs fail to plead any facts demonstrating Sarnoff had "full knowledge of the material facts." *See Holm*, 89 A.D.2d at 233 (refusing to find ratification where there was no evidence that [principal] had requisite knowledge of material facts relating to the transaction). Instead, plaintiffs assert "TWC's Board of Directors had investigated or knew of the acts and omissions of Weinstein . . . and refused to take any action to stop him." Compl. ¶ 298. That is

21

plainly insufficient, as plaintiffs have not alleged Sarnoff was a member of the Board when that investigation took place. *Id*. at ¶ 25. Moreover, as discussed at length, such conclusory allegations grouping defendants together do not meet the basic pleading requirements under the federal rules. *Supra* at Part IV. In the absence of any allegations explaining how or when Sarnoff supposedly obtained this knowledge, plaintiffs have not pled that Sarnoff ratified Harvey Weinstein's alleged conduct. *See Holm*, 89 A.D.2d at 233 ("The act of ratification, whether express or implied, must be performed with full knowledge of material facts . . . "). Plaintiffs' claim should be dismissed because they have not alleged Harvey Weinstein was acting on behalf of Sarnoff and that Sarnoff ratified this conduct with full knowledge of the material facts. *Id.*

Additionally, plaintiffs' ratification claim fails because they have not pled a principal-agency relationship between Harvey Weinstein and Sarnoff. To allege a principal-agent relationship, plaintiffs must plead: (1) a manifestation by the principal that the agent shall act for him; (2) acceptance of the undertaking by the agent; and (3) an understanding between the parties that the principal is to be in control of the undertaking. *Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1546 (S.D.N.Y. 1991). Plaintiffs have not adequately pled any of these elements.

The sole allegation regarding the existence of an agency relationship between Harvey Weinstein and Sarnoff is the conclusory statement that "[a]t the time of the acts alleged . . . , there was an actual or assumed agency relationship between . . . Weinstein and TWC's Board of Directors." Compl. ¶ 297. This "naked assertion[] devoid of further factual enhancement" is insufficient to show the required elements of agency. *See Ashcroft*, 556 U.S. at 681; *see also Bigio v. Coca-Cola Co.*, 675 F. 3d 163, 175-76 (2d Cir. 2012) (assertion of agency relationship insufficient to allege agency relationship in the absence of supporting factual allegations).

Because plaintiffs fail to plead the existence of an agency relationship between Sarnoff and Harvey Weinstein, their ratification claim should be dismissed for this additional reason.[11]

## VIII.   <u>CONCLUSION</u>.

For the reasons stated above, Sarnoff respectfully requests that the Court dismiss plaintiffs' complaint against him in its entirety with prejudice.

Dated:  February 20, 2018        Respectfully submitted,
       Los Angeles, California

                                      LATHAM & WATKINS LLP

                                      By:    <u>/s/ Marvin S. Putnam</u>
                                              Marvin S. Putnam
                                              Laura R. Washington (*pro hac vice* pending)
                                                  10250 Constellation Blvd, Suite 1100
                                                Los Angeles, California 90067
                                                Telephone: 424.653.5500
                                                Email: marvin.putnam@lw.com
                                                              laura.washington@lw.com

                                        *Attorneys for Defendant Tim Sarnoff*

---

[11]      In their complaint, plaintiffs fail to seek any relief against Sarnoff.  *See* Compl., Prayer for Relief at 75-76.  This omission requires dismissal of the claims against Sarnoff.  *See* Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain a demand for the relief sought, which may include relief in the alternative or different types of relief.").