UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOUISETTE GEISS, KATHERINE KENDALL, ZOE BROCK, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA SAGEMILLER, and NANNETTE KLATT, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

THE WEINSTEIN COMPANY HOLDINGS, LLC, MIRAMAX, LLC, MIRAMAX FILM CORP., MIRAMAX FILM NY LLC, HARVEY WEINSTEIN, ROBERT WEINSTEIN, DIRK ZIFF, TIM SARNOFF, MARC LASRY, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, PAUL TUDOR JONES, JEFF SACKMAN, JAMES DOLAN, MIRAMAX DOES 1-10, and JOHN DOES 1-50, inclusive,

        Defendants.

Civil Action No. 1:17-cv-09554-AKH

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
RICHARD KOENIGSBERG'S MOTION TO DISMISS
COUNTS I, II, IV AND XIV OF THE COMPLAINT**

 

**REED SMITH LLP**
John C. Scalzo
Jonathan P. Gordon
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400

*Attorneys for Defendant Richard Koenigsberg*

Defendant Richard Koenigsberg ("Mr. Koenigsberg") respectfully submits this Reply Memorandum of Law in Further Support of his Motion to Dismiss Counts I, II, IV, and XIV of the Complaint (the "Complaint" or "Compl."), dated February 20, 2018.

## PRELIMINARY STATEMENT

Consistent with Your Honor's order directing the parties to consolidate their submissions to avoid burdening the Court with repetitious and duplicative briefing, Mr. Koenigsberg hereby joins in, adopts, and incorporates by reference the arguments set forth in the Outside Directors' Reply Memorandum of Law in Support of their Motions to Dismiss the Complaint (Dkt. No. 112 ("Outside Directors' Reply Mem.")).  Although Mr. Koenigsberg joined the TWC Board prior to the Outside Directors, the arguments set forth in the Outside Directors' Reply regarding the legal deficiencies in the Complaint apply with equal force to Mr. Koenigsberg—who likewise is a former outside director—because the allegations against the Outside Directors are identical those against Mr. Koenigsberg and there are no allegations unique to Mr. Koenigsberg that would support the claims against him for RICO violations, negligent supervision and retention, or ratification.  Even when impermissibly supplemented by Plaintiffs' opposition,[1] the Complaint still fails to plead any of the required elements of those claims, which are, in any event, time-barred as Plaintiffs' claims arise from alleged conduct that occurred between ten and twenty-five years ago and no tolling doctrine applies to remedy the untimeliness.  Accordingly, for the reasons stated in the Outside Directors' Reply, as incorporated herein, and the additional reasons set forth in this abbreviated joinder, the Court should dismiss the claims against Mr. Koenigsberg with prejudice.

---

[1] *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (holding party cannot amend complaint through motion papers) (citing *IIT, an Intern. Inv. Trust v. Cornfeld*, 619 F.2d 909, 914 n. 6 (2d Cir. 1980)).

**ARGUMENT**

**I.      THE COMPLAINT FAILS TO PLEAD A RICO VIOLATION (COUNT I)**

Plaintiffs' RICO claim against Mr. Koenigsberg fails as a matter of law.  *First*, there is no well-pled allegation that Mr. Koenigsberg engaged in a pattern of racketeering activity, or committed even a single predicate act (much less two such acts).  (Outside Directors' Reply Mem. at 5-10.)   Plaintiffs concede, as they must, that Mr. Koenigsberg did *not* engage in sex trafficking or witness tampering (*see* Opp'n at 3, 29 n. 116 & 32 n. 129[2]) and, therefore, are left to rely solely on the predicate acts of mail and wire fraud (*see id.* at 28).  But the Complaint does not allege any specific acts of communication by mail or interstate wires undertaken by Mr. Koenigsberg in furtherance of the alleged fraudulent scheme.  Indeed, none of the communications listed in the Complaint is alleged to have been made by Mr. Koenigsberg. (Compl. ¶ 201.)  Moreover, of the seven alleged instances of mail and wire fraud listed in the Plaintiffs' opposition, only one involves a "TWC Board" communication and that communication is not alleged to be fraudulent or to have been made by Mr. Koenigsberg. (Opp'n at 28 n. 112 (*citing* Compl. ¶¶ 127-133).)  Nor does the Complaint allege, as it must, any facts showing that: (i) Mr. Koenigsberg participated in a scheme to defraud or made any misrepresentations; or (ii) the object of the alleged scheme was to deprive Plaintiffs of money or property.  (*See* Outside Directors' Reply Mem. at 7-10.)

*Second*, the Complaint contains no well-pled allegation regarding the "existence" of a RICO enterprise, or that Mr. Koenigsberg "participated" in the operation of any such enterprise. (Outside Directors' Reply Mem. at 10-12.)  In fact, the Complaint is bereft of any facts alleging (i) the organizational structure of the alleged enterprise, (ii) a membership that functioned as a

---

[2] Citations to "Opp'n" are to Plaintiffs' Combined Response in Opposition to Defendants' Motions to Dismiss, filed June 1, 2018 (Dkt. No. 108).

continuing unit with established duties, (iii) a plausible common purpose among the members, or (iv) an enterprise separate and distinct from the purported racketeering activity.[3] (*Id.*)

## II. THE COMPLAINT FAILS TO PLEAD A RICO CONSPIRACY (COUNT II)

Plaintiffs' claim under 18 U.S.C. § 1962 for conspiracy to violate RICO must be dismissed as against Mr. Koenigsberg because the Complaint does not properly plead any viable substantive RICO violation against Mr. Koenigsberg, nor does it allege that Mr. Koenigsberg agreed with at least one other entity to commit a substantive RICO violation. (Outside Directors' Reply Mem. at 17; *see also* Dkt. No. 56 ("Koenigsberg Mem.") at 14-15.)

## III. PLAINTIFFS LACK STANDING TO PURSUE A CIVIL RICO CLAIM AGAINST MR. KOENIGSBERG (COUNTS I & II)

Plaintiffs' RICO claims against Mr. Koenigsberg (Counts I & II) must be dismissed for two reasons: *First*, the Complaint does not allege a cognizable RICO injury; and, *second*, even if the alleged injuries were cognizable RICO injuries, such injuries are not alleged to have been proximately caused by Mr. Koenigsberg's alleged racketeering activity (which, again, is not alleged in the Complaint). (Outside Directors' Reply Mem. at 12-15.)

## IV. THE COMPLAINT FAILS TO PLEAD A NEGLIGENT SUPERVISION AND RETENTION CLAIM (COUNT IV)

Plaintiffs' negligent supervision and retention claim against Mr. Koenigsberg must be dismissed because the Complaint does not (nor could it) allege that (i) Mr. Koenigsberg and

---

[3] In response to Mr. Koenigsberg's argument that the Complaint's allegations that Boies withheld Weinstein's personnel file from the TWC Board and TWC Board inserted harsh conduct provisions in Weinstein's 2015 employment contract flatly contradicts the allegation of a common purpose among the TWC Board, Boies, and Weinstein (Koenigsberg Mem. at 3, 13-14), Plaintiffs ask the Court to not "weigh [this] competing theor[y]" or choose it "among plausible alternatives." (Opp'n at 21 n. 80.) But Mr. Koenigsberg's argument does not advance a competing theory or plausible alternative to Plaintiffs' allegations. Rather, it simply underscores the point that the Complaint's conclusory allegation that Mr. Koenigsberg and the other directors shared a common purpose of covering up and facilitating Weinstein's misconduct is implausible in light of Plaintiffs' own allegations that Boies concealed that alleged misconduct from them and that they inserted provisions in Weinstein's contract that imposed substantial penalties for any sexual misconduct. (*See also* Outside Directors' Reply Mem. at n. 8 (addressing Plaintiffs' mischaracterization of Mr. Koenigsberg's brief as "admit[ting]" to contacts with Boies).)

Weinstein had an employer-employee relationship; (ii) Mr. Koenigsberg controlled or directed Weinstein's day-to-day actions in running TWC; (iii) Mr. Koenigsberg knew or should have known about Weinstein's propensity for sexual misconduct prior to the occurrence of Plaintiffs' injuries; or (iv) the alleged torts were committed on Mr. Koenigsberg's premises or with his chattels. (Outside Directors' Reply Mem. at 17-24.)

## V. THE COMPLAINT FAILS TO PLEAD A CLAIM FOR RATIFICATION (COUNT XIV)

Plaintiffs' ratification claim against Mr. Koenigsberg must be dismissed because the Complaint fails to allege that (i) there was a principal-agent relationship between Mr. Koenigsberg and Weinstein; (ii) Mr. Koenigsberg knew of Weinstein's tortious conduct; or (iii) Weinstein's alleged tortious conduct was done for Mr. Koenigsberg's benefit. (Outside Directors' Reply Mem. at 24-29.) The Complaint also fails to allege that Mr. Koenigsberg received "money, power, and prestige" from TWC, nor could it, because he was not paid or otherwise compensated for his position on the TWC Board. (*Id.* at 28.)

## VI. PLAINTIFFS' CLAIMS AGAINST MR. KOENIGSBERG ARE TIME-BARRED

Each of the claims asserted against Mr. Koenigsberg should be dismissed because they are barred by the applicable statutes of limitations and none of those claims are saved by equitable tolling principles. (*See* Outside Directors' Reply Mem. at 31-41.)

The RICO claims against Mr. Koenigsberg (Counts I & II) are subject to a four-year statute of limitations that began to run when each of the Plaintiffs discovered or should have discovered her alleged RICO injury. (*See id.* at 32-35.) The Complaint's allegations make clear that each of the Plaintiffs discovered or should have discovered her alleged RICO injury by no later than 2008. (*Id.*) Because Plaintiffs did not file the Complaint until December 2017, more than four years after the statute began to run, their RICO claims are time-barred. (*Id.*)

Ms. Geiss's and Ms. Thomas's state law claims of negligent supervision and retention (Count IV) and ratification (Count XIV) are similarly untimely. Mr. Koenigsberg established in his opening memorandum that the relevant statutes of limitations have run on those claims. (Koenigsberg Mem. at 7.) Plaintiffs' opposition does not address—and therefore concedes—that their state law claims are time-barred absent equitable tolling. (*See* Outside Directors Reply Mem. at 32 n. 27.) No equitable tolling principle, however, applies to any of Plaintiffs' claims.

First, equitable estoppel does not apply because Plaintiffs do not (and cannot) identify a single representation or omission by Mr. Koenigsberg—let alone a fraudulent one—that prevented Plaintiffs from filing a timely lawsuit, nor do they allege that Mr. Koenigsberg owed Plaintiffs any duty of disclosure or identify what role, if any, he allegedly played in negotiating the employment contracts. (*Id.* at 35-28.) Second, equitable tolling does not apply because neither the Complaint nor Plaintiffs' opposition offers any non-conclusory allegations tying Mr. Koenigsberg to the alleged campaign by Black Cube to prevent the reporting of accusations against Weinstein. (*Id.* at 39.) Finally, the statute of limitations cannot be tolled under the doctrine of duress because duress is not an element of the claims and the Complaint does not (and cannot) identify any threats made by Mr. Koenigsberg that were aimed at preventing Plaintiffs from filing a civil lawsuit. (*Id.* at 39-41.) In fact, the Complaint does not, nor could it, allege any communications whatsoever between Mr. Koenigsberg and any of Plaintiffs. (*Id.*)

### VII.   THE COMPLAINT DOES NOT ASSERT A VICARIOUS LIABILITY CLAIM AGAINST MR. KOENIGSBERG

Apparently recognizing the fatal defects of their other claims, Plaintiffs' opposition asserts for the first time that Mr. Koenigsberg and the other directors are vicariously liable for Weinstein's conduct. (Opp'n at 39, 45-47.) Yet, there is no claim for vicarious liability against Mr. Koenigsberg in the Complaint. (*See* Outside Directors' Reply Mem. at 29.) Moreover,

even if such a claim were raised in the Complaint, it would still fail as a matter of law because Mr. Koenigsberg did not employ Weinstein, and because Weinstein's tortious conduct was not undertaken in furtherance of his employer's interests or within the scope of his duties to the employer.  (*See id.* at 29-31.)

## VIII. PLAINTIFFS' CLASS CLAIMS SHOULD BE DISMISSED

Because the claims alleged by each of the individually named plaintiffs against Mr. Koenigsberg fail, the Court must also dismiss the related class claims.  (*See id.* at 41.)

## IX. THE COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT SEEK RELIEF FROM MR. KOENIGSBERG

The Complaint must be dismissed because it does not seek relief from Mr. Koenigsberg.  (*See id.* at 42; *see also* Koenigsberg Mem. at 19-20.)

## CONCLUSION

For the reasons discussed in Mr. Koenigsberg's opening brief and above, and those incorporated by reference in the Outside Directors' Reply Memorandum, the Court should dismiss the Complaint against Mr. Koenigsberg with prejudice.

Dated:  June 29, 2018
New York, New York

Respectfully submitted,

**REED SMITH LLP**

By:  /s/ John C. Scalzo
John C. Scalzo
Jonathan P. Gordon
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 521-5400

*Attorneys for Defendant Richard Koenigsberg*