UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISETTE GEISS, KATHERINE KENDALL, ZOE BROCK, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA SAGEMILLER, and NANNETTE KLATT, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>    - against -<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, MIRAMAX, LLC, MIRAMAX FILM CORP., MIRAMAX FILM NY LLC, HARVEY WEINSTEIN, ROBERT WEINSTEIN, DIRK ZIFF, TIM SARNOFF, MARC LASRY, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, PAUL TUDOR JONES, JEFF SACKMAN, JAMES DOLAN, MIRAMAX DOES 1-10, and JOHN DOES 1 – 50, inclusive,<br><br>       Defendants. | 1:17-cv-09554-AKH |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTIONS OF LANCE MAEROV AND JEFF SACKMAN TO DISMISS COUNTS I, II, IV AND XIV OF THE COMPLAINT**

Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
(212) 859-8000

*Attorneys for Defendants Lance Maerov and Jeff Sackman*

Defendants Lance Maerov and Jeff Sackman respectfully submit this reply memorandum of law in support of their respective motions to dismiss the claims asserted against them in Plaintiffs' complaint, dated December 6, 2017.[1]

## PRELIMINARY STATEMENT

Nothing in Plaintiffs' Opposition provides any basis on which the complaint could be sustained. As detailed in the motions to dismiss filed by Messrs. Maerov and Sackman — both of whom are independent outside directors — the complaint contains no factual allegations supporting any of its claims, fails to plead any of the required elements of those claims, and is also time barred. Recognizing these fatal defects, plaintiffs ignore most of the arguments for dismissal advanced by Messrs. Maerov and Sackman, and instead seek to impermissibly amend their complaint in the Opposition, trying to add vicarious liability claims not pled or found anywhere in the complaint. Ultimately, plaintiffs' inability to plead a viable claim against Messrs. Maerov and Sackman is not surprising given that the alleged assaults by Harvey Weinstein suffered by plaintiffs occurred between 1993 and 2008, *years before* Messrs. Maerov and Sackman joined the TWC Board in 2013 and 2010, respectively.

Consistent with the Court's Order directing the parties to "consolidate their submissions to avoid duplication" — and to avoid burdening the Court with repetitive briefing — Messrs. Maerov and Sackman join in and incorporate by reference (insofar as applicable, and as detailed below) the arguments for dismissal set forth in the Reply Memorandum of Law in Further

---

[1] Citations to "Opp." or to the "Opposition" are to Plaintiffs' Combined Response in Opposition to Defendants' Motions to Dismiss, filed June 1, 2018 (Dkt. No. 108). Citations to paragraphs ("¶") are to paragraphs of the complaint. Citations to "Maerov Br." are to the Memorandum of Law in Support of Defendant Lance Maerov's Motion to Dismiss Counts I, II, IV and XIV of the Complaint filed on March 22, 2018 (Dkt. No. 87) and citations to "Sackman Br." are to the Memorandum of Law in Support of Defendant Jeff Sackman's Motion to Dismiss Counts I, II, IV, and XIV of the Complaint filed on March 26, 2018 (Dkt. No. 90).

Support of the Motions of Defendants James Dolan, Paul Tudor Jones, Marc Lasry, Tim Sarnoff, and Dirk Ziff to Dismiss Counts I, II, IV and XIV of the Complaint, dated June 29, 2018 (Dkt. No. 112) ("Outside Directors Reply").[2] Messrs. Maerov and Sackman submit this abbreviated joinder brief to provide the Court with a short roadmap of the many fatal deficiencies in the complaint and the corresponding sections of the Outside Directors Reply that are incorporated herein.

## ARGUMENT

### I. The RICO Claim Fails (Count I)

Plaintiffs' RICO claim fails for five independent reasons.

*First*, the complaint fails to allege that Messrs. Maerov or Sackman committed any predicate acts. The only predicate acts alleged by plaintiffs to have been committed by Messrs. Maerov or Sackman are mail and wire fraud. *See* Opp. at 28. Yet, plaintiffs fail to allege any facts showing that (i) Messrs. Maerov or Sackman participated in any scheme to defraud or made any misrepresentations, (ii) the object of the alleged scheme was to deprive plaintiffs of money or property, and (iii) any specific acts of communication by mail or interstate wires were undertaken by Messrs. Maerov or Sackman in furtherance of the alleged scheme. *See* Outside Directors Reply at 5-10.

*Second*, the complaint fails to allege a pattern of racketeering by Messrs. Maerov or Sackman, particularly given its failure to even allege a single predicate act (much less two such acts). *See* Outside Directors Reply at 5-10.

---

[2] We note that, while we refer herein to the brief filed by Messrs. Dolan, Jones, Lasry, Sarnoff, and Ziff as the "Outside Directors Reply," we use that title only as a matter of convenience. It goes without saying that Messrs. Maerov and Sackman are equally independent "outside directors" who – just like Messrs. Dolan, Jones, Lasry, Sarnoff, and Ziff – did not become outside Board Representatives until several years after the last of plaintiffs' alleged assaults occurred in 2008.

*Third and fourth*, the complaint fails to allege the "existence" of a RICO enterprise, or that Messrs. Maerov or Sackman "participated" in the operation of any such enterprise. The complaint is devoid of any facts alleging (i) the hierarchy, organization and relationships of and among the alleged enterprise members, (ii) the so-called enterprise acted as a functioning unit, (iii) a plausible common purpose among the members, and (iv) the supposed enterprise was separate and distinct from the purported racketeering activity. *See* Outside Directors Reply at 10-12.

*Fifth*, the complaint fails to allege that plaintiffs have standing to pursue a civil RICO claim because it fails to allege that plaintiffs suffered a cognizable RICO injury or that, even if the alleged injuries were cognizable RICO injuries, the injuries were proximately caused by Messrs. Maerov's or Sackman's (non-existent) alleged racketeering activity. *See* Outside Directors Reply at 12-17.

## II.     The RICO Conspiracy Claim Fails (Count II)

No claim under 18 U.S.C. § 1962 for conspiracy to violate RICO can succeed against Messrs. Maerov or Sackman because the complaint does not properly plead a substantive RICO violation and because the complaint does not allege that Messrs. Maerov or Sackman agreed with at least one other entity to commit a RICO offense. *See* Maerov Br. at 14-15, Sackman Br. at 14-15, Outside Directors Reply at 17.

## III.     The Negligent Supervision and Retention Claim Fails (Count IV)

The complaint does not allege any of the elements necessary to state a claim for negligent supervision and retention, including any duty of care or proximate causation. As Board Representatives, Messrs. Maerov and Sackman did not owe the plaintiffs a duty of care. *See* Maerov Br. at 19-20, Sackman Br. at 19-20. Neither Mr. Maerov's nor Mr. Sackman's alleged

3

negligent supervision and retention could have caused the plaintiffs' 2008 assaults because Messrs. Maerov and Sackman did not become Board Representatives until after the alleged assaults (in 2013 and 2010, respectively). *See* Maerov Br. at 24, Sackman Br. at 23 n.9.[3] Although Messrs. Maerov and Sackman raised duty and causation in their respective motions to dismiss (*see* Maerov Br. at 19-20 and 24-25 and Sackman Br. at 19-20 and 13 n.9), the plaintiffs fail to address both duty and causation in their Opposition and thus concede the point. *See* Opp. at 43-45.

The complaint also fails to allege the remaining elements required to state a claim for negligent supervision and retention: (i) an employee-employer relationship between Messrs. Maerov or Sackman and Harvey Weinstein; (ii) that either Messrs. Maerov or Sackman knew or should have known of Harvey Weinstein's propensity for sexual misconduct;[4] and (iii) that the plaintiffs' injuries occurred on TWC's premises or used TWC's chattels. *See* Outside Directors Reply at 17-24.

## IV. The Ratification Claim Fails (Count XIV)

The complaint fails to allege ratification against Messrs. Maerov and Sackman. As an initial matter, it lacks allegations of a principal-agent relationship between Harvey Weinstein and Messrs. Maerov or Sackman, which requires: (i) a manifestation by the principal that the agent shall act for the principal; (ii) acceptance of the undertaking by the agent; and (iii) an

---

[3] *See also* complaint in *Dulany, et al. v. Miramax film NY, LLC, et al.*, No. 1:18-cv-4857 (S.D.N.Y. June 1, 2018) at ¶ 27 (alleging that Mr. Sackman joined the Board in September 2010). Plaintiffs contend that, even though Mr. Maerov did not become a TWC Board Representative until 2013, he should nonetheless be liable because he was a "non-voting Board Observer" prior to 2013 and that it is a "factual" question as to whether Mr. Maerov exercised control over Harvey Weinstein as a non-voting Board Observer. Opp. at 43 n. 182. Plaintiffs do not cite a single case for the remarkable proposition that a non-voting Board Observer could somehow be liable for the sexual misconduct of the corporation's employee.

[4] Plaintiffs contend that Mr. Maerov had knowledge of Harvey Weinstein's alleged misconduct because he requested to see Weinstein's personnel file. ¶¶ 129-130. This allegation adds nothing. First, merely asking to see a file plainly does not mean that one knows what the file contains. Second, plaintiffs themselves admit that Harvey Weinstein's attorney "withheld the file" from Mr. Maerov and the Board. *Id.* at ¶ 129.

understanding between the parties that the principal is to be in control of the undertaking.  *See* Maerov Br. at 25-27, Sackman Br. at 23-25.

Ratification also requires allegations that (i) the agent's acts were committed on behalf of the principal and (ii) the principal had full knowledge of the material facts.  *See* Outside Directors Reply at 24-29.  Here the complaint lacks any allegations suggesting that Harvey Weinstein's alleged acts were committed *on behalf of* Messrs. Maerov or Sackman, or that Messrs. Maerov and Sackman had full knowledge of Harvey Weinstein's conduct.  *See* Outside Directors Reply at 24-29.

V.     **Plaintiffs' Claims Are Time Barred**

Each of the claims asserted against Messrs. Maerov or Sackman are barred by the applicable statutes of limitations.  The RICO claims (Counts I & II) are subject to a four-year statute of limitations that began when each of the plaintiffs discovered or should have discovered her alleged RICO injury.  *See* Outside Directors Reply at 32-35.  Because the latest-alleged RICO injury occurred (and was discovered) by no later than 2008, the RICO claims must be dismissed as the complaint was first filed in December 2017, more than four years after the statute began to run.  *Id.*  The state law claims of negligent supervision and retention and ratification must also be dismissed as time-barred.  Both Messrs. Maerov and Sackman established in their opening briefs that the negligent supervision and retention claim and the ratification claim are governed by a three-year and six-year statute of limitations, respectively. *See* Maerov Br. at 28, Sackman Br. at 26-27.  As the plaintiffs ignore this argument in their Opposition, they have tacitly conceded that, assuming no tolling doctrine applies, their state law claims are time-barred.  *See* Outside Directors Reply at 32, n.27.

5

No equitable tolling principle applies to any of plaintiffs' claims. First, equitable estoppel is inapplicable, as the complaint lacks any allegations that either Messrs. Maerov or Sackman used deception, concealment, or threats to prevent the plaintiffs from filing a lawsuit. *See* Outside Directors Reply at 35-38. Second, equitable tolling does not apply because plaintiffs fail to offer any factual allegations suggesting that Messrs. Maerov or Sackman concealed any material facts from them. *See id.* at 39. Finally, the doctrine of duress tolling does not apply because plaintiffs do not identify any threats made by Messrs. Maerov or Sackman, much less threats aimed at preventing plaintiffs from filing a lawsuit. *See id.* at 39-41.

## VI. The Complaint Does Not Allege Vicarious Liability

The complaint does not assert any claims against Messrs. Maerov or Sackman for vicarious liability. Nevertheless, plaintiffs' Opposition inexplicably pretends that the complaint asserts such claims. Opp. at 39, 45-47. Even if the complaint had asserted vicarious liability claims against Messrs. Maerov or Sackman, those newly-minted claims would fail because Messrs. Maerov or Sackman did not employ Harvey Weinstein, and because Harvey Weinstein's tortious conduct was not undertaken in furtherance of his employer's interests and was not within the scope of his duties to the employer. *See id.* at 29-31.

## VII. Plaintiffs' Class Claims Should Be Dismissed

Because the claims alleged by the individually named plaintiffs against Messrs. Maerov and Sackman fail, the Court must also dismiss the related class claims. *See* Outside Directors Reply at 41.

## VIII. The Complaint's Prayer for Relief Mandates Dismissal

The complaint does not seek relief from Messrs. Maerov or Sackman, and thus should be dismissed. *See* Outside Directors Reply at 42.

## **CONCLUSION**

For the reasons discussed in Messrs. Maerov and Sackman's opening briefs and herein, the claims against them should be dismissed with prejudice.

Dated:  June 29, 2018
         New York, New York

                                     Respectfully submitted,

                                     FRIED, FRANK, HARRIS, SHRIVER
                                        & JACOBSON LLP

                                    By:  */s/ Israel David*
                                                  Israel David

Israel David
Anne S. Aufhauser *(not admitted in SDNY)*
One New York Plaza
New York, New York 10004
Telephone:  (212) 859-8000
israel.david@friedfrank.com
anne.aufhauser@friedfrank.com


FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP

James D. Wareham *(not admitted in SDNY)*
801 17th Street, NW
Washington, DC 20006
Telephone:  (202) 639-7000
james.wareham@friedfrank.com

*Attorneys for Defendants Lance Maerov and Jeff Sackman*

7

16689453