UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISETTE GEISS, KATHERINE KENDALL, ZOE BROCK, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA SAGEMILLER, and NANNETTE KLATT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-vs-<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, MIRAMAX, LLC, MIRAMAX FILM CORP., MIRAMAX FILM NY LLC, HARVEY WEINSTEIN, ROBERT WEINSTEIN, DIRK ZIFF, TIM SARNOFF, MARC LASRY, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, PAUL TUDOR JONES, JEFF SACKMAN, JAMES DOLAN, MIRAMAX DOES 1-10, and JOHN DOES 1-50, inclusive,<br><br>Defendants. | Civil Action No. 1:17-CV-9554 (AKH)<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT ROBERT WEINSTEIN'S REPLY MEMORANDUM OF
LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS
COUNTS I, II, III, IV, XIII, AND XIV OF THE COMPLAINT**

SCHULTE ROTH & ZABEL LLP

Barry A. Bohrer
Gary Stein
Brian T. Kohn
Abigail F. Coster
919 Third Avenue
New York, New York 10022
Telephone (212) 756-2000
Facsimile (212) 593-5955

*Attorneys for Defendant Robert Weinstein*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT...........................................................................................................................2

I.  PLAINTIFFS' OPPOSITION PROVIDES NO BASIS TO SUSTAIN THE RICO CLAIMS AGAINST MR. WEINSTEIN.........................................................................2

    A.  Plaintiffs Fail to Plead that Mr. Weinstein Committed Mail or Wire Fraud ................................................................................................................3

    B.  Plaintiffs Fail to Plead Several Other Required Elements of a RICO Claim Against Mr. Weinstein ...................................................................5

II.  PLAINTIFFS' OPPOSITION PROVIDES NO BASIS TO SUSTAIN THE NEGLIGENT SUPERVISION CLAIM AGAINST MR. WEINSTEIN ...........................6

III. PLAINTIFFS' OPPOSITION PROVIDES NO BASIS TO SUSTAIN THE RATIFICATION CLAIM AGAINST MR. WEINSTEIN ................................................8

IV. PLAINTIFFS DID NOT AND CANNOT ASSERT CLAIMS FOR VICARIOUS LIABILITY AGAINST MR. WEINSTEIN ................................................10

V.  PLAINTIFFS' OPPOSITION FAILS TO SHOW THAT THEIR CLAIMS ARE TIMELY ...............................................................................................................10

CONCLUSION.....................................................................................................................12

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Page(s)**

*Calfo v. Messina*,
   No. 15 Civ. 4010 (LGS), 2016 WL 3661548 (S.D.N.Y. July 5, 2016) ................................... 5

*In re Citigroup, Inc. Sec. Litig.*,
   330 F. Supp. 2d 367 (S.D.N.Y. 2004),
   *aff'd sub nom. Albert Fadem Tr. v. Citigroup, Inc.*,
   165 F. App'x 928 (2d Cir. 2006) ......................................................................................... 5

*Corley v. Jahr*,
   No. 11 Civ. 9044 (RJS) (KNF), 2014 WL 772253 (S.D.N.Y. Feb. 10, 2014) ......................... 6

*DeFalco v. Bernas*,
   244 F.3d 286 (2d Cir. 2001) ................................................................................................. 5

*Feinberg v. Katz*,
   No. 99 CIV 45 (CSH), 2002 WL 1751135 (S.D.N.Y. July 26, 2002) ..................................... 4

*Krystal G. v. Roman Catholic Diocese of Brooklyn*,
   933 N.Y.S.2d 515 (Sup. Ct. Kings Cnty. 2011) ..................................................................... 7

*Productores Asociados De Café Rio Claro, C.A. v. Barnett*,
   No. 98 Civ. 499 (DAB), 1999 WL 287389 (S.D.N.Y. May 7, 1999) ..................................... 5

**Statutes & Rules**

Fed. R. Civ. P. 9(b) ........................................................................................................................ 4

**PRELIMINARY STATEMENT**

In Robert Weinstein's Moving Brief,[1] we demonstrated that the Complaint (i) does not allege that Mr. Weinstein had any dealings with Plaintiffs or had anything to do with Harvey Weinstein's alleged sexual assaults of Plaintiffs; (ii) does not allege that Mr. Weinstein had any involvement with the so-called "Army of Spies" that Plaintiffs allege sought to intimidate or deceive Harvey Weinstein's victims; (iii) contains not a single non-conclusory allegation that Mr. Weinstein participated in, helped facilitate, or knew about Harvey Weinstein's alleged sexual assaults; and (iv) merely lumps Mr. Weinstein together with the other members of TWC's Board of Directors in undifferentiated allegations of purported group wrongdoing.

In their Opposition Brief ("Opposition" or "Opp."), Plaintiffs dispute none of this. They make no argument that Mr. Weinstein is differently situated for purposes of this motion from the other individual TWC directors named as Defendants. To the contrary, Plaintiffs include Mr. Weinstein as part of the group of Defendants it refers to, throughout their Opposition, as "the Directors"—a group they distinguish from the other moving Defendants (Harvey Weinstein, Miramax, and TWC). (*See*, *e.g.*, Opp. 3, 10, 18, 21-22, 28, 39-45.) It is clear, therefore, that if Plaintiffs have failed to state a viable claim against the Directors as a group, then their claims against Mr. Weinstein must likewise be dismissed.

Accordingly, and to adhere to this Court's mandate to avoid duplicative briefing, Mr. Weinstein relies on and incorporates by reference herein the arguments made in the reply briefs being filed contemporaneously herewith on behalf of the other Directors. This includes, in particular, the Outside Directors' Reply Brief ("Outside Dir. Reply"), which comprehensively

---

[1] Unless otherwise noted, abbreviations and capitalized terms used herein conform to those used in Mr. Weinstein's Moving Brief ("Mov. Br.").

addresses—and refutes—the arguments made in the Opposition.[2] We submit additional arguments below only to address arguments specific to Mr. Weinstein or to reply to arguments in the Opposition made in response to Mr. Weinstein's Moving Brief.

As is readily apparent from the Opposition itself—which concedes various of Plaintiffs' pleading deficiencies, ignores others, and improperly relies on new allegations and claims found nowhere in the Complaint itself—the allegations in the Complaint are not remotely sufficient to state a viable RICO or state law claim against Mr. Weinstein. Moreover, Plaintiffs have failed to rebut Mr. Weinstein's showing that each of their causes of action are barred by the applicable statute of limitations. Accordingly, the claims against Mr. Weinstein should be dismissed.

## ARGUMENT

### I. PLAINTIFFS' OPPOSITION PROVIDES NO BASIS TO SUSTAIN THE RICO CLAIMS AGAINST MR. WEINSTEIN

As set forth in our Moving Brief, the Complaint is barren of any factual allegations giving rise to a plausible inference that Mr. Weinstein participated in any racketeering activity or in the racketeering enterprise alleged by Plaintiffs. As we noted, the actual allegations of RICO wrongdoing focus on (i) Harvey Weinstein's alleged sexual misconduct and (ii) the actions of his so-called "Army of Spies," and there is nothing in the Complaint indicating Mr. Weinstein had any part in either of these activities. (*See* Mov. Br. 14-15, 18 & n.14.)

The Opposition only serves to confirm that Plaintiffs have failed to plead a RICO claim against Mr. Weinstein. Plaintiffs now concede that they cannot charge Mr. Weinstein with participating in a sex trafficking venture or with witness tampering, two of the three categories of predicate acts alleged against him in the Complaint. Rather, the Opposition accuses Mr.

---

[2] Mr. Weinstein also relies on and incorporates by reference the arguments, to the extent applicable to him, in the reply briefs filed by the other Directors, Richard Koenigsberg, Lance Maerov, and Jeff Sackman, as well as by Miramax ("Miramax Reply").

Weinstein (and the other Directors) only of purported violations of the mail and wire fraud statutes. (Opp. 3, 29 n.116, 32 n.129.) But Plaintiffs' paper-thin "fraud" allegations against Mr. Weinstein are patently deficient on their face, and the Opposition also fails to explain how the Complaint properly alleges any of the other elements of a RICO violation against Mr. Weinstein.

### A. Plaintiffs Fail to Plead that Mr. Weinstein Committed Mail or Wire Fraud

On pages 26-27 of the Opposition, Plaintiffs provide their explanation of the "scheme to defraud" alleged in the Complaint. Plaintiffs claim that victims were deceived into meeting with Harvey Weinstein under false pretenses, that victims were blacklisted, and that victims were tricked into turning over evidence by the supposed "Army of Spies." What is most notable about Plaintiffs' explanation of the purported fraud is that it contains *no mention* of Mr. Weinstein or any of the Directors. Nor could it, because there is not a single allegation in the Complaint that Mr. Weinstein or any of the other Directors participated in any of these activities.

Plaintiffs refer to the Directors in the context of their fraud allegations *only* in one of seven bullets in the Opposition listing alleged uses of the mails or wires in support of the supposed fraudulent scheme. Plaintiffs argue there that "the Directors" used the mails and wires to negotiate Harvey Weinstein's employment contracts with clauses purportedly addressing his sexual assaults, to correspond with TWC and Harvey Weinstein's lawyer about Harvey Weinstein's personnel file, to discuss complaints against Harvey Weinstein, and to negotiate non-disclosure agreements with his victims and TWC employees. (Opp. 28.)[3] *None* of these alleged actions bears any relationship to Plaintiff's own description of the scheme to defraud on pages 26-27 of the Opposition. And, as our Moving Brief and the Outside Directors' Reply Brief

---

[3] As to the six other categories of purportedly fraudulent uses of the mails and wires set forth in the Opposition, Plaintiffs do not contend that Mr. Weinstein was involved with any of them. And although some of these acts purportedly involved "Miramax" and "TWC," or their "employees" and "executives," not a single of the underlying allegations cited in support reference Mr. Weinstein. (Opp. 27-29 & nn.107-113; *see also* Mov. Br. 15.)

3

make clear, Plaintiffs' arguments fail to set forth a legally sufficient claim of fraud against Mr. Weinstein for a myriad of reasons:

*First*, Plaintiffs do not allege that Mr. Weinstein (or any other Director) made a misrepresentation (material or otherwise) to anyone, let alone to any Plaintiff.  *Second*, Plaintiffs do not allege that Mr. Weinstein was under a duty to disclose Harvey Weinstein's alleged sexual misconduct either to Plaintiffs or to the public.  *Third*, Plaintiffs do not allege that Mr. Weinstein acted with fraudulent intent, *i.e.*, with the intent to deprive Plaintiffs of any property interest.  *Fourth*, Plaintiffs do not allege any use of the mails or wire communication by Mr. Weinstein in furtherance of any fraud.  *Fifth*, fraud allegations in a civil RICO complaint must satisfy the heightened pleading requirements of Rule 9(b), and the Complaint's group pleading approach contains no particularized allegations as to Mr. Weinstein's purported knowledge of or participation in the alleged fraud.  (*See* Mov. Br. 15; Outside Dir. Reply 5-10.)[4]

In our Moving Brief, we explained that, under settled law, Plaintiffs cannot cure their failure to plead facts suggesting that Mr. Weinstein participated in any fraudulent scheme by relying upon his status as Harvey Weinstein's brother and former business partner.  (Mov. Br. 16 (citing *Feinberg v. Katz*, No. 99 CIV 45 (CSH), 2002 WL 1751135, at *15 (S.D.N.Y. July 26, 2002).)  In their Opposition, Plaintiffs do not contend otherwise and, indeed, tacitly concede that they cannot state a claim against Mr. Weinstein based on his familial relationship.  (Opp. 22 n.83.)  Nevertheless, seeking to replace one form of impermissible status-based allegation with another, Plaintiffs suggest that they can state a claim against Mr. Weinstein by alleging that he was "an officer and director at both Miramax and TWC." (*Id.*)

---

[4] While the Outside Directors' Reply Brief focuses on the period from 2013 to 2017 during which they served on the TWC Board, the Complaint contains no factual allegations concerning Mr. Weinstein relating to prior years that are different in kind from the allegations relating to the 2013-2017 period.  Thus, the Outside Directors' arguments apply equally to Mr. Weinstein.

Plaintiffs are simply wrong. The law in this Circuit is firmly established that a defendant's status as an officer or director is *not* sufficient to sustain an accusation of fraud. *See, e.g., Calfo v. Messina*, No. 15 Civ. 4010 (LGS), 2016 WL 3661548, at *11 (S.D.N.Y. July 5, 2016) (rejecting plaintiffs' argument that defendants must have known of alleged fraud because they served as officers and directors; "without more [such allegations] are insufficient"); *In re Citigroup, Inc. Sec. Litig.*, 330 F. Supp. 2d 367, 381 (S.D.N.Y. 2004) (rejecting plaintiffs' argument that fraudulent intent can be inferred from defendants' "high ranking positions" within company), *aff'd sub nom. Albert Fadem Tr. v. Citigroup, Inc.*, 165 F. App'x 928 (2d Cir. 2006); *Productores Asociados De Café Rio Claro, C.A. v. Barnett*, No. 98 Civ. 499 (DAB), 1999 WL 287389, at *3 (S.D.N.Y. May 7, 1999) ("Plaintiffs cannot link Defendants to any misrepresentations by Machado by stating only that Defendants were officers and shareholders of Machado, absent allegations of personal knowledge or participation in the fraud.").[5]

Because a civil RICO complaint must adequately allege that *each* defendant committed at least two predicate acts of racketeering, *see*, *e.g.*, *DeFalco v. Bernas*, 244 F.3d 286, 305-06 (2d Cir. 2001), and the Complaint here does not sufficiently allege that Mr. Weinstein committed any predicate acts, the RICO claims against him must be dismissed for this reason alone.

### B. Plaintiffs Fail to Plead Several Other Required Elements of a RICO Claim Against Mr. Weinstein

As set forth in Mr. Weinstein's Moving Brief, the RICO claims against Mr. Weinstein are also deficient because Plaintiffs do not plead facts giving rise to a plausible inference that: (i) a

---

[5] The cases cited by Plaintiffs are not to the contrary. They merely recognize that the element of *scienter* may be properly pled (typically in a securities fraud case) where the complaint alleges particular *facts* giving rise to a strong inference that corporate officers or directors must have been aware about an alleged fraud involving an important aspect of the company's business. (*See* Opp. 22 n.83.) Plaintiffs here have pled no such facts as to Mr. Weinstein. Indeed, the scheme alleged by Plaintiffs relates to Harvey Weinstein's personal sexual activities, not the business of TWC or Miramax. In any event, as noted above, Plaintiffs' fraud claim suffers from a host of defects separate and apart from their failure to adequately plead *scienter*.

RICO enterprise existed; (ii) Mr. Weinstein participated in the operation of any RICO enterprise; (iii) Plaintiffs suffered injury to their business or property recoverable under RICO; or (iv) Mr. Weinstein was the cause of any of Plaintiffs' injuries. (Mov. Br. 17-20.) The Outside Directors' Reply Brief addresses Plaintiffs' responses in their Opposition on each of these points. Those arguments apply equally to Mr. Weinstein. (*See* Outside Dir. Reply 10-15; *see also* Miramax Reply 11-21.) And, because Plaintiffs' RICO conspiracy claim necessarily fails in the absence of a properly pled substantive violation, both RICO counts against Mr. Weinstein must be dismissed. (*See* Mov. Br. 20; Outside Dir. Reply 17; Miramax Reply 25.)

## II.   PLAINTIFFS' OPPOSITION PROVIDES NO BASIS TO SUSTAIN THE NEGLIGENT SUPERVISION CLAIMS AGAINST MR. WEINSTEIN

By failing to respond to the arguments Mr. Weinstein made in his Moving Brief as to why the Complaint does not state a claim for negligent supervision or retention against him, the Opposition further highlights why these claims should be dismissed. Because Mr. Weinstein adopts and incorporates herein the arguments made with respect to these claims in the Outside Directors' Reply Brief, we set forth below only those arguments specific to Mr. Weinstein.

First, the Opposition simply ignores Mr. Weinstein's argument that a defendant can be liable for negligent supervision only if he owed the plaintiff a "legall[y] … cognizable duty of care." (Mov. Br. 20-21 (citing *Corley v. Jahr*, No. 11 Civ. 9044 (RJS) (KNF), 2014 WL 772253, at *7 (S.D.N.Y. Feb. 10, 2014).) Plaintiffs presumably failed to respond to this point because the Complaint does not contain a single allegation even suggesting Mr. Weinstein owed them any duty, and because New York law does not impose a duty of care on officers or directors of a company to third parties with respect to acts of nonfeasance relating to duties owed to the company. (Mov. Br. 21.) Plaintiffs' silence is deafening—absent adequate allegations that Mr. Weinstein owed them a duty of care, the negligent supervision claims against him must be

6

dismissed.

Similarly, Plaintiffs readily agree that negligent supervision claims require "an employer-employee relationship" (Opp. 43), but then promptly concede Mr. Weinstein's argument that the Complaint does not allege such a relationship. (*See* Mov. Br. 22.) Plaintiffs argue only that they "have clearly alleged an employer-employee relationship between *Miramax* and [Harvey] Weinstein from the company's inception to 2005 and between *TWC* and [Harvey] Weinstein from 2005 to October 2017." (Opp. 43 (emphasis added).) Moreover, the Opposition does not respond to Mr. Weinstein's argument that his role as an executive or director at Miramax and TWC does not transform him into Harvey Weinstein's employer. (Mov. Br. 22.) Indeed, the Opposition does not direct the Court to *any* allegations in the Complaint suggesting that Mr. Weinstein supervised Harvey Weinstein (or, for that matter, any other hallmark of an employee-employer relationship between them).[6]

Nor does the Opposition respond substantively to Mr. Weinstein's arguments as to why the Complaint fails to allege facts showing that he knew or should have known about Harvey Weinstein's propensity for sexual misconduct. (*See* Mov. Br. 22-25.) Plaintiffs do not point to a single non-conclusory allegation in the Complaint suggesting that Mr. Weinstein had such knowledge, and, as set forth in the Outside Directors' Reply Brief, Plaintiffs' reliance on generalized and conclusory allegations of "the Directors'" purported knowledge is insufficient to satisfy Plaintiffs' pleading burden. (*See* Outside Dir. Reply 21-23.) Moreover, the Opposition concedes that Mr. Weinstein's fraternal relationship with Harvey Weinstein is insufficient to adequately plead Mr. Weinstein's knowledge of his brother's alleged misconduct. (Opp. 22

---

[6] Citing *Krystal G. v. Roman Catholic Diocese of Brooklyn*, 933 N.Y.S.2d 515 (Sup. Ct. Kings Cnty. 2011), Plaintiffs suggest in a footnote that an employee-employer relationship is not required under New York law. (Opp. 44 n.186.) As set forth in the Outside Directors' Reply Brief, that case is an outlier that conflicts with binding Second Circuit precedent and is, in any event, distinguishable in that the defendant there (unlike Mr. Weinstein here) was the direct supervisor and superior of the alleged tortfeasor. (*See* Outside Dir. Reply 19-20.)

7

n.83; *see also* Mov. Br. 23.) And with respect to Mr. Weinstein's point regarding the insufficiency of the Complaint's speculative allegations regarding office gossip, or about what other TWC or Miramax employees may have known (Mov. 24-25; *see also* Miramax Br. 29 n.29), the Opposition merely regurgitates those allegations without explaining how they satisfy Plaintiffs' burden. (Opp. 43 & nn. 179, 181.)[7]

Finally, the Opposition does not direct the Court to any allegations in the Complaint that any tort or injury occurred on premises owned or controlled by Mr. Weinstein or using property belonging to him, as is necessary to survive this motion. (*See* Mov. Br. 25-27.) In fact, Plaintiffs appear to concede this point in their Opposition, where they assert only that Plaintiffs have alleged that "the torts were committed on either Miramax's or TWC's premises (offices and company-funded hotel rooms) or with their personnel and chattels." (Opp. 44.)[8]

### III.   PLAINTIFFS' OPPOSITION PROVIDES NO BASIS TO SUSTAIN THE RATIFICATION CLAIMS AGAINST MR. WEINSTEIN

Plaintiffs' principal response to Mr. Weinstein's showing that the Complaint fails to sufficiently plead the three required elements for a ratification claim is to argue that they need only plead one of those elements—knowledge of the conduct in question—coupled with a failure to stop it. (Opp. 40-41.) As set forth in the Outside Directors' Reply Brief, that is not a legally viable basis for stating a claim for ratification, particularly against an individual officer or

---

[7] Instead, the Opposition largely seeks to rely on the 2015 renegotiation of Harvey Weinstein's employment contract, which Plaintiffs argue demonstrates that "[k]nowledge of [Harvey] Weinstein's behavior went all the way up to the Directors." (Opp. 43.) Although Mr. Weinstein addressed these allegations in his Moving Brief (Mov. Br. 25), Plaintiffs ignore his arguments and, instead, double down on this spurious claim. The Opposition argues only that the Directors (including Mr. Weinstein) "knew of settlements with victims *during* [the] contract negotiations" in 2015 (Opp. 44 (emphasis added) (citing ¶ 130)), not at any time before then. This distinction is critical given that Plaintiffs all allege that their assaults occurred many years *before* those negotiations. What is more, knowledge of "settlements" would not have put Mr. Weinstein on notice of the type of assaultive sexual behavior alleged here. (*See* Mov. Br. 23; Outside Dir. Reply 21 n.18.)

[8] In any event, for the reasons set forth in our Moving Brief and the briefs filed by co-defendants, Plaintiffs' assertion that the alleged torts were committed on either Miramax's or TWC's premises or with their personnel or chattels is inconsistent with the Complaint's allegations and insufficient as a matter of law. (*See* Mov. Br. 26 & n.18; Miramax Reply 29-30; Outside Dir. Reply 24 n.21.)

8

director such as Mr. Weinstein. (Outside Dir. Reply 24-25 & n.21.) The Opposition's virtual silence on the two other elements—a principal-agent relationship and acceptance by the principal of the benefits of the agent's acts—confirms that Plaintiffs' claims for ratification against Mr. Weinstein must fail.

First, the Opposition makes no attempt to respond to Mr. Weinstein's argument that the Complaint does not plead any facts to support its conclusory assertions that Harvey Weinstein was acting as Mr. Weinstein's agent. (*See* Mov. Br. 27.) Without any supporting facts alleged in the Complaint, Plaintiffs' argument that the principal-agent relationship is an "issue of fact" is simply an impermissible attempt to evade this pleading requirement altogether. (*See* Outside Dir. Reply 26-27 & n.23.)

Second, the Opposition's baseless argument that "Defendants" generally gained "money, power and prestige" from allegedly ratifying Harvey Weinstein's sexual misconduct (Opp. 42; *see also id.* at 16) is patently insufficient to support any inference that Mr. Weinstein accepted the "benefits" of Harvey Weinstein's misconduct. Unsurprisingly, Plaintiffs again do not point to a single allegation in the Complaint even making that conclusory assertion, let alone to facts that could lead to a plausible inference that Harvey Weinstein's alleged assaults somehow inured to the financial benefit of Miramax or TWC and, thus, to Mr. Weinstein. (*See* Mov. Br. 29; Miramax Reply 30; Outside Dir. Reply 27-28.)

As for the knowledge element, the Opposition once again ignores the arguments made in Mr. Weinstein's Moving Brief explaining that, to plead a ratification claim under New York law, a plaintiff must allege the purported principal's "full knowledge" of the material facts. (Mov. Br. 27-28.) Plaintiffs do not dispute that requirement, yet fail to point to any factual allegations satisfying it. Instead, the Opposition references allegations about other Miramax and TWC

9

employees (Opp. 41) and allegations about the TWC Board's approval of Harvey Weinstein's employment contracts (*id.* 41-42 & nn. 169, 175)—none of which give rise to a plausible inference that Mr. Weinstein had any knowledge of Harvey Weinstein's sexual assaults, much less full knowledge. (*See* Mov. Br. 28; Outside Dir. Reply 25-26, 28-29; *see also supra* nn. 4, 7.)

### IV. PLAINTIFFS DID NOT AND CANNOT ASSERT CLAIMS FOR VICARIOUS LIABILITY AGAINST MR. WEINSTEIN

Apparently recognizing the fatal defects in their existing claims, the Opposition for the first time asserts that Mr. Weinstein and the other Directors are "vicariously liable" for the purported torts of Harvey Weinstein. (Opp. 39, 45-47.) But in the Complaint, Plaintiffs did not bring any claims against Mr. Weinstein under a vicarious liability theory, and any attempt to amend the pleadings through their Opposition is impermissible. (*See* Outside Dir. Reply 29.)[9] In any case, even if Plaintiffs had brought vicarious liability claims against Mr. Weinstein, any such claim would fail as a matter of law for the reasons set forth in the Outside Directors' Reply Brief. (Outside Dir. Reply 29-31.)

### V. PLAINTIFFS' OPPOSITION FAILS TO SHOW THAT THEIR CLAIMS ARE TIMELY

For the reasons set forth in Mr. Weinstein's Moving Brief, all of Plaintiffs' causes of action are time-barred as a matter of law. Plaintiffs' RICO claims are subject to a four-year limitations period running from the time each Plaintiff learned of the purported loss to her business or property, which the pleaded facts make clear occurred for each Plaintiff shortly after her purported encounter with Harvey Weinstein, and certainly prior to December 2013. (Mov.

---

[9] Mr. Weinstein pointed out in his Moving Brief that in the Complaint, Plaintiffs errantly included Mr. Weinstein's name in their Prayer for Relief on all fourteen counts, despite naming Mr. Weinstein in only six counts (not including Counts V – XII, which contain vicarious liability claims against other Defendants). (*See* Mov. Br. 4 n.3.) Plaintiffs' silence in response confirms that the Complaint does not, in fact, allege any vicarious liability claims against Mr. Weinstein.

10

Br. 5 n.6.) Plaintiffs' state law claims are also untimely (Mov. Br. 5 & nn. 6-7), as the Opposition effectively concedes. (*See* Outside Dir. Reply 32 n.28.)

Plaintiffs' contentions in their Opposition that they could not have discovered their alleged RICO injury until recently (Opp. 12-13, 47-48), or that they are entitled to tolling of the relevant limitations periods for both their RICO and state law claims (*id.* at 49-57), are refuted by the arguments in the Outside Directors' Reply Brief, which Mr. Weinstein incorporates. (*See* Outside Dir. Reply 32-41.) Among other things, and as also explained in our Moving Brief, to be entitled to tolling under equitable principles, a plaintiff must identify a specific misrepresentation or fraudulent omission that the specific defendant directed to her. (Mov. Br. 6, 8; *see also* Outside Dir. Reply 35 n.33; *see also id.* at 37-38 & n.34.) Similarly, to establish entitlement to tolling under a duress theory, a plaintiff must identify threats made to her by the specific defendant. (Mov. Br. 9; Outside Dir. Reply 40.)

The Opposition does not dispute this principle of law, yet does not even attempt to identify any misrepresentations or threats that Mr. Weinstein directed at *anyone* (much less at any of the named Plaintiffs), or to identify any fiduciary duty that Mr. Weinstein owed them at any time. (*See* Mov. Br. 7 n.9.) Allegations concerning threats or phone calls from other individuals, or from a nebulous "shadowy network" or "Army of Spies," are patently insufficient to toll the statute of limitations as to Mr. Weinstein.[10] Accordingly, Plaintiffs have not pled an

---

[10] Indeed, Plaintiffs have dropped their witness tampering claims against Mr. Weinstein, underscoring that Plaintiffs' attempts to establish entitlement to tolling—which focus on action directed at victims by people such as journalists at *The Observer* and the "intelligence firm Black Cube" (Opp. 56; *see also generally id.* at 11-12, 50-54)—must fail against Mr. Weinstein.

11

entitlement to toll any of their claims against Mr. Weinstein, an additional, fundamental reason requiring dismissal of all counts against him.[11]

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in Mr. Weinstein's Moving Brief, the Court should dismiss Counts I, II, III, IV, XIII, and XIV of the Complaint as against Mr. Weinstein in their entirety and with prejudice.

Dated: New York, New York
      June 29, 2018                      SCHULTE ROTH & ZABEL LLP

                                          By:   /s/ Gary Stein
                                                 Barry A. Bohrer
                                                 Gary Stein
                                                 Brian T. Kohn
                                                 Abigail F. Koster

                                                 919 Third Avenue
                                                 New York, NY  10022
                                                 Telephone: 212.756.2000
                                                 Facsimile: 212.593.5955
                                                 E-mail: barry.bohrer@srz.com
                                                                        gary.stein@srz.com
                                                                        brian.kohn@srz.com
                                                                        abigail.coster@srz.com

                                               *Attorneys for Defendant Robert Weinstein*

---

[11] For the reasons set forth in Sections VII and IX of the Outside Directors' Reply Brief, which Mr. Weinstein adopts and incorporates, the Court also should dismiss the class claims, and deny Plaintiffs leave to amend the Complaint. (*See* Outside Dir. Reply 41-43; *see also* Mov. Br. 29.)