

Elior D. Shiloh
77 Water Street, Suite 2100
New York, New York 10005
Elior.Shiloh@lewisbrisbois.com
Direct: 212.232.1362

December 14, 2018                                                                                    File No. 41575.17

**VIA ECF**
Hon. Alvin K. Hellerstein, S.U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 14D
New York, New York 10007

       Re:    <u>Geiss, et al. v. The Weinstein Company Holdings, LLC, et al.,</u>
                 Case No. 17-Civ-09554

Dear Judge Hellerstein:

      Together with Kupferstein Manuel LLP, we are counsel for Defendant Harvey Weinstein. On December 13, 2018, Plaintiffs filed a motion for a Protective Order (Dkt. No. 183). The motion, styled as one brought pursuant to Rule 26(c), *Fed. R. Civ. P*, seeks to compel Mr. Weinstein to produce documents received from the Debtors in the bankruptcy proceeding *In re Weinstein Company Holdings, LLC*, Case No. 18-10601 (MFW) (Bankr. D. Del.) relating to Plaintiffs and putative class members. Second, the motion seeks a protective order restricting all defendants from releasing any of these documents to the media or any third-parties. As set forth below, this motion should be held in abeyance pending a ruling by the Delaware Bankruptcy Court on a pending motion pertaining to the same documents that are the subject of Plaintiffs' motion.

      First, the motion is improper as it seeks to compel discovery that has yet to be requested in a case where discovery has not commenced, and no defendant has answered the Amended Complaint. Second, and most importantly, the Plaintiffs' motion improperly seeks to circumvent the jurisdiction of the Delaware Bankruptcy Court. The documents (e-mails) sought by Plaintiffs were obtained by Mr. Weinstein by Order of the Hon. Mary F. Walrath, U.S.B.J., who presides over the bankruptcy proceeding involving The Weinstein Company and its related entities (the "Debtors"). These documents are property of the Debtors' estates and the Bankruptcy Court exercises exclusive jurisdiction over all of the Debtors' property, including such documents.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY
LOUISIANA • MARYLAND • MASSACHUSETTS • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK
NORTH CAROLINA • OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • WASHINGTON • WEST VIRGINIA
4845-8680-3586.1

Hon. Alvin K. Hellerstein, U.S.D.J.
December 14, 2018
Page 2

The disclosure and use of these documents are governed by the Bankruptcy Court's *Order Authorizing the Protocol for Production of Documents in Response to Harvey Weinstein's Motion Compelling Discovery Under Rule 2004 of the Federal Rules of Bankruptcy Procedure*, entered on June 5, 2018 under which Judge Walrath ordered the Debtors to produce certain emails subject to certain confidentiality restrictions. On December 6, 2018, Mr. Weinstein filed a motion in the Bankruptcy Court requesting the lifting of those confidentiality restrictions and permission for complete access to these documents. Judge Walrath scheduled a hearing on January 8, 2019 to hear that motion. In a transparent attempt to circumvent the Bankruptcy Court's jurisdiction, Plaintiffs have filed the instant motion for a protective order asking this Court to compel Mr. Weinstein to turn over documents which are the property of the Debtors' estates and to issue a ruling on the disclosure of these documents even though that issue is already before the Bankruptcy Court set to be heard on January 8. Notably, Plaintiff Geiss, a member of the creditors' committee in the bankruptcy case, opposed Mr. Weinstein's motion in the Bankruptcy Court. Enclosed herewith is Mr. Weinstein's bankruptcy counsel's letter to Judge Walrath advising her of Plaintiffs' motion in this Court. As set forth in that correspondence, Mr. Weinstein was compelled to bring this filing to the attention of Judge Walrath as it concerns property of the Debtors, potentially violates the automatic stay in place, and represents an attempted end run around Her Honor's forthcoming ruling.

Plaintiffs are attempting to circumvent the Bankruptcy Court as Plaintiff Geiss is a member of the creditors' committee in the bankruptcy and lead Plaintiffs counsel Elizabeth Fegan has been directly involved the various motions concerning these documents in the Bankruptcy Court. As such, they are fully aware that this issue is already before the Bankruptcy Court and that the documents they seek are subject to jurisdiction of the Bankruptcy Court. This motion represents an improper attempt to use this Court to circumvent the jurisdiction of the Bankruptcy Court.

Plaintiffs' motion should be held in abeyance pending the Bankruptcy Court's ruling on Mr. Weinstein's motion. Following said ruling, Plaintiffs' motion may be moot, or the parties can set a briefing schedule to address any issues that are not decided by the Bankruptcy Court. Thank you for your attention to this matter.

Respectfully,

*Elior D. Shiloh*

Elior D. Shiloh of
LEWIS BRISBOIS BISGAARD & SMITH LLP

EDS
Enclosures
cc:   All counsel of record (via ECF)
      Hon. Mary F. Walrath, U.S.B.J. (via ECF & Hand Delivery)



600 N. King Street • Suite 400
P.O. Box 25130 • Wilmington, DE 19899
Zip Code For Deliveries 19801

(302) 429-4261
Email: scousins@bayardlaw.com

December 14, 2018

<u>Via CM/ECF and Hand Delivery</u>

Honorable Mary F. Walrath
United States Bankruptcy Court for the District of Delaware
824 North Market Street
5th Floor, Courtroom #4
Wilmington, DE 19801

**Re:** *In re The Weinstein Company Holdings LLC, et al.*, Case No. 18-10601—
Harvey Weinstein's Motion for an Order Permitting Use of Documents
Produced Under 2004 Order [D.I. 1829]

Dear Judge Walrath:

This firm represents Harvey Weinstein in connection with the above-referenced bankruptcy cases. We write to inform the Court of a recent filing made in the civil action captioned *Louisette Geiss v. The Weinstein Company Holdings LLC*, *et al.*, Case No. 1:17-cv-09554 (the "**Geiss Action**"), pending in the U.S. District Court for the Southern District of New York (the "**S.D.N.Y.**").

As this Court is aware, on December 6, 2018, Mr. Weinstein filed his *Motion for an Order Permitting Use of Documents Produced Under 2004 Order* [D.I. 1829] (the "**Motion**"), by which he sought permission to use the e-mails produced by the Debtors under previous orders of this Court in connection with the defense of certain pending civil litigation and insurance coverage actions. On the same date, Mr. Weinstein also filed a motion (the "**Motion to Shorten**") asking that the Court expedited consideration of his Motion and set it for hearing at the already scheduled December 17, 2018 omnibus hearing. The next morning, counsel to the Official Committee of Unsecured Creditors contacted chambers by e-mail—without copying Mr. Weinstein's counsel—and indicated that "the Committee and/or certain of its members will be filing an objection to [the Motion to Shorten]." At 5:00 p.m. on December 10, 2018, counsel to Louisette Geiss (plaintiff in the Geiss Action) filed an objection (the "**Geiss Objection**") to the Motion to Shorten, to which Mr. Weinstein replied the same night. The Geiss Objection raised only issues with the expedited timing requested by the Motion to Shorten and did not even allude to a substantive, legal basis on which Ms. Geiss objects to the relief sought by the Motion. On December 12, 2018, this Court entered an order denying the Motion to Shorten and setting a hearing on the Motion for January 8, 2019.

{BAY:03412513v1}

December 14, 2018
Page 2

As the Court is likely aware, in the months leading up to Mr. Weinstein's filing of the Motion and the Motion to Shorten, Ms. Geiss (through her counsel) has been actively involved in the negotiations and hearings regarding Mr. Weinstein's use of the e-mails produced to him by the Debtors. Ms. Geiss's counsel appeared and argued at the telephonic hearing held on August 2, 2018, at which the Court permitted Mr. Weinstein to use certain e-mails in defense of the criminal charges against him. She again appeared and argued at the telephonic hearing held on November 27, 2018, at which the Court granted Mr. Weinstein further use of all the e-mails produced to him in connection with his defense of the criminal charges brought against him. Prior and subsequent to the November 27 hearing, Ms. Geiss's counsel was included in Mr. Weinstein's efforts to confer and reach a consensual agreement and order permitting the use of the e-mails produced by the Debtors. At each juncture, Ms. Geiss's position has only been to insist that the Court prevent Mr. Weinstein from using exculpatory evidence to defend himself from the civil and criminal allegations levied against him. At no point has Ms. Geiss cited or asserted any privilege or other legal principal on which this Court, or any other, could restrict the use of the e-mails. Her goal is simply to prevent Mr. Weinstein from introducing evidence that would undermine her claims.

Subsequently—and notwithstanding the pendency of the Motion before this Court—on December 12, 2018, Ms. Geiss's counsel filed *Plaintiffs' Motion for Protective Order Regarding Victims' Communications Produced by the Weinstein Company to Harvey Weinstein* (the "**Motion for Protective Order**") in the S.D.N.Y.[1] By the Motion for Protective Order, Ms. Geiss asks the S.D.N.Y. to (i) order Mr. Weinstein to "produce all documents he received from Debtor[sic] relating to Plaintiffs and class members to [Ms. Geiss's counsel" and (i) enter a "protective order" restricting Mr. Weinstein's use of materials produced to him under his Court's previous orders.

Mr. Weinstein believes that the filing of the Motion for Protective Order prior to this Court's adjudication of the Motion raises a number of troubling issues, including, without limitation: (i) whether this Court has jurisdiction over e-mails stored on the Debtors' severs, which this Debtors have argued are property of their estates; (ii) whether Ms. Geiss has violated the automatic stay by seeking an order in a different court restricting the use of such estate property; (iii) whether, by filing the Motion to for Protective Order in the S.D.N.Y. instead of this Court, Ms. Geiss is attempting to make an end run around this Court's ruling on the Motion; and (iv) whether the S.D.N.Y. has jurisdiction to issue a ruling affecting the property of the Debtors' estates.

---

[1] A copy of the Motion for Protective Order, and the memorandum of law and declaration in support thereof are attached to this letter as <u>Exhibit A</u>.

{BAY:03412513v1}                           2

December 14, 2018
Page 3

Should the Court have any questions or concerns, undersigned counsel to Mr. Weinstein is available at the Court's convenience, including at the omnibus hearing currently scheduled to go forward on October 17, 2018 at 10:30 a.m.

                                         Very truly yours,

                                         */s/ Scott D. Cousins*

                                         Scott D. Cousins