Dec. 17. 2018 4:03PM
Case 1:17-cv-09554-AKH Document 198 Filed 12/17/18 Page 1 of 4
Case 1:17-cv-09554-AKH Document 203 Filed 12/18/18 Page 1 of 4
T 708.628.4949  F 708.628.4950



Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. CITYFRONT PLAZA DRIVE
SUITE 2410
CHICAGO, IL 60611
www.hbsslaw.com
Direct (708) 628-4960
Direct Fax (708) 628-4950
beth@hbsslaw.com

RECEIVED
DEC 17 2018
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

Rejected. Do not accept letter not authorized by FRCP, Local Rules, or my Individual Rules. Proceed by motions under FRCP.
12-18-18
[signature]

December 17, 2018

<u>Via CM/ECF, Facsimile and Hand Delivery</u>

Hon. Alvin K. Hellerstein
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 14D
New York, NY 10007-1312

Honorable Mary F. Walrath
United States Bankruptcy Court for the
District of Delaware
824 North Market Street
5th Floor, Courtroom #4
Wilmington, DE 19801

Re: *Geiss, et al. v. The Weinstein Company Holdings, LLC, et al.*, No. 17-cv-09554 (AKH) (S.D.N.Y.) ("*Geiss*")

*In re The Weinstein Company Holdings LLC, et al.*, Case No. 18-10601 (Bankr. D. Del.) ("Bankruptcy")

Dear Judge Hellerstein and Judge Walrath:

We represent Plaintiffs in *Geiss*, individually and on behalf of a class defined as:

> All women who met with Harvey Weinstein in person (i) to audition for or to discuss involvement in a project to be produced or distributed by either The Weinstein Company Holdings, LLC or its affiliates ("TWC"), or, prior to September 30, 2005, Miramax Film Corp. or its predecessors ("Miramax"), or (ii) in a meeting or event facilitated, hosted, or underwritten by TWC or, prior to September 30, 2005, Miramax.[1]

Each of the *Geiss* Plaintiffs alleges she was sexually assaulted, battered and/or harassed by Defendant Harvey Weinstein.

---

[1] First Amended Complaint, ¶ 729, *Geiss* (Dkt. 140).

SEATTLE  BOSTON  CHICAGO  LOS ANGELES  NEW YORK  PHOENIX  SAN DIEGO  BERKELEY  WASHINGTON, D.C.

010717-11 1086116 V1

Hon. Alvin K. Hellerstein
Hon. Mary Walrath
December 17, 2018
Page 2

We write in response to the letters dated December 14, 2018 from Harvey Weinstein's counsel filed in *Geiss* (*Geiss* Dkt. 192) ("*Geiss* Letter") and in the Bankruptcy (Bankruptcy D.I. 1850) ("Bankruptcy Letter") concerning jurisdiction over emails between Harvey Weinstein and his victims ("Victims' Communications").

The *Geiss* Letter requests that Judge Hellerstein hold Plaintiffs' Motion For Protective Order Regarding Victims' Communications Produced By The Weinstein Company To Harvey Weinstein (*Geiss* Dkt. 187) in abeyance pending a ruling by Judge Walrath on Harvey Weinstein's Motion for an Order Permitting Use of Documents Produced Under 2004 Order (Bankruptcy D.I. 1829). The Bankruptcy Letter questions whether Plaintiffs are attempting to avoid the rulings of the Bankruptcy Court. In fact, both Courts' rulings are logically inter-related, with each having jurisdiction over subsequent steps in a continuum.

First, the *Geiss* Plaintiffs do not seek to circumvent the Bankruptcy Court's jurisdiction with respect to management of the discovery process between Harvey Weinstein and the debtors' estate. Plaintiffs agree that the debtors' production of the Victims' Communications to Weinstein is governed by the Rule 2004 Protocol Order, which required the production be designated "Attorneys' Eyes Only."[2]

Weinstein has now moved the Bankruptcy Court to lift the Attorneys' Eyes Only confidentiality provision of the Protocol Order.[3] Weinstein seeks, in his counsel's words, "to defend himself" in the "dozens of civil matters" pending against him (including in the press).[4] The *Geiss* Plaintiffs are not objecting to an order from Judge Walrath, allowing

---

[2] *See* Protocol Order (Bankruptcy D.I. 976) (Bankr. D. Del.) (permitting only Weinstein, his counsel, counsel for the Debtor, and counsel for the Official Committee of Unsecured Creditors to view these communications). A copy of this Protocol Order is also filed in *Geiss* at Ex. C to Plaintiff's Motion for a Protective Order (*Geiss* Dkt. 183).

[3] Harvey Weinstein's Motion for an Order Permitting Use of Documents Produced Under 2004 Order (D.I. 1829).

[4] *See* Transcript of Nov. 26, 2018 Hearing, at 11, 34, 37, *In re: Weinstein Company Holdings, LLC*, No. 18-10601 (MFW) (Bankr. D. Del.), at 34. A copy of the transcript is also filed in *Geiss* at Ex. E to Plaintiff's Motion for a Protective Order (Dkt. 183). *See also* Declaration of Elizabeth Fegan in Support of Plaintiffs' Motion for a Protective Order, *Geiss* (*Geiss* Dkt. 185) (Weinstein's counsel advised Plaintiffs' counsel he would share victims' emails with the press); Gene Maddaus, Weinstein Attorney: 'Many of These Women Have Lied," VARIETY (Dec. 12, 2018), available at https://variety.com/2018/biz/news/brafman-weinstein-response-publicity-1203088094/ (last accessed December 17, 2018) (on December 12, 2018, the day before Plaintiffs filed their motion, Weinstein's counsel reportedly filed a letter with the criminal court referencing Victim's Communications and insisting on Weinstein's right to try his cases in the press).

010717-11 1086116 V1

Hon. Alvin K. Hellerstein
Hon. Mary Walrath
December 17, 2018
Page 3

Weinstein's use of the Victims' Communications to defend himself in either the civil or criminal cases.

Rather, Plaintiffs are seeking Judge Hellerstein's intervention to manage the manner in which Weinstein may defend himself in the *Geiss* matter in accordance with the Federal Rules of Civil Procedure. To that end, Judge Hellerstein has jurisdiction to determine the timing of Weinstein's production of Victims' Communications to Plaintiffs, as well as whether or to what extent such productions may be marked confidential by Plaintiffs. Managing the *Geiss* docket and discovery between non-debtor parties (here, Plaintiffs and Defendant Harvey Weinstein) does not impinge on the Bankruptcy Court's jurisdiction; in fact, it is consistent with precedent which frowns on the use of Rule 2004 discovery in pending civil litigation to gain an advantage by bypassing the procedural safeguards in the Federal Rules of Civil Procedure.[5]

Plaintiffs have thus moved contemporaneously for a Protective Order before Judge Hellerstein to preclude Weinstein from disclosing Victims' Communications in the civil litigation until: (i) a procedure is in place for the Victims' Communications to be produced to Plaintiffs' counsel, and (ii) Plaintiffs' counsel has a reasonable time to review and request appropriate confidentiality protections before Judge Hellerstein, *if warranted*. However, any order in *Geiss* is logically applicable only once Judge Walrath rules that Weinstein may use the Victims' Communications to defend himself in the civil actions.

Taking action in both courts simultaneously was necessary given Weinstein's stated intention to use the Victims' Communications in both the press and in the civil actions *before they have even been produced to Plaintiffs' counsel*.[6] While Judge Walrath has jurisdiction to allow Weinstein to use documents from the debtor outside the bankruptcy process, Judge Hellerstein has jurisdiction to manage the way in which the

---

[5] *See, e.g., In re Blinder, Robinson & Co.*, 127 B.R. 267, 274 (D. Colo. 1991), *aff'd on other grounds sub nom. Secs. Inv. Protection Corp. v. Blinder, Robinson & Co.*, 962 F.2d 960 (10th Cir. 1992); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28-29 (Bankr. N.D.N.Y. 1996); *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988); *In re Silverman*, 36 B.R. 254, 259 (Bankr. S.D.N.Y. 1984); *In re GHR Energy Corp.*, 35 B.R. 534, 538 (Bankr. D. Mass. 1983).

[6] *See* Transcript of Nov. 26, 2018 Hearing, *In re: Weinstein Company Holdings, LLC*, No. 18-10601 (MFW), at 11, 34, 37.

010717-11 1086116 V1

Hon. Alvin K. Hellerstein
Hon. Mary Walrath
December 17, 2018
Page 4

documents relating to Plaintiffs and the class may actually be used in the civil litigation pursuant to the Federal Rules of Civil Procedure.[7]

We welcome the Courts' guidance on next steps and appreciate your respective consideration of these matters.

Respectfully,

HAGENS BERMAN SOBOL SHAPIRO LLP

*Elizabeth A. Fegan*

Elizabeth A. Fegan

BF:eb

---

[7] *See In re GHR Energy Corp.*, 35 B.R. 534, 538 (Bankr. D. Mass. 1983) ("While it is obvious that particular rights of a creditor are affected when one of its debtors files for protection under the Bankruptcy Code, it cannot be said that a creditor necessarily loses the protections afforded by the Federal Rules of Civil Procedure especially in the context of an action arising under non-bankruptcy law")(citations omitted).