UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUISETTE GEISS, et al., individually and on behalf of all other similarly situated,

                Plaintiffs,

v.

THE WEINSTEIN COMPANY HOLDINGS, LLC, et al.,

                Defendants.

17 Civ. 9554 (AKH) (BCM)

# MEMORANDUM OF LAW ON BEHALF OF DEFENDANT DAVID GLASSER IN SUPPORT OF THE MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT AS TO HIM

SCHLAM STONE & DOLAN LLP
26 Broadway
New York, NY 10004

*Attorneys for Defendant David Glasser*

**TABLE OF CONTENTS**

Allegations Against Mr. Glasser ..................................................................................................1

ARGUMENT ..................................................................................................................................2

1.  STATUTE OF LIMITATIONS ..........................................................................................2

2.  RICO and RICO CONSPIRACY ......................................................................................3

3.  SEX TRAFFICKING .........................................................................................................3

4.  NEGLIGENT SUPERVISION AND RETENTION .........................................................3

5.  RATIFICATION ................................................................................................................4

6.  THE VICARIOUS LIABILITY CLAIMS ........................................................................4

CONCLUSION ...............................................................................................................................5

This supplemental memorandum is submitted, with leave of Court, on behalf of Defendant David Glasser in support of the motion to dismiss the First Amended Complaint (FAC, cited below as "¶ __") as to him. Mr. Glasser joins the motion to dismiss by his co-defendants, filed December 17, 2018 (the "Motion"), and adopts the arguments in that Motion, all of which apply to him. Below, we point out why some arguments apply with special force to Mr. Glasser.

**Allegations Against Mr. Glasser**

As it relates specifically to Mr. Glasser, the FAC (i) lists his employment with TWC (beginning in 2008), and his status as an officer of TWC (beginning in 2011) (¶¶ 51, 614); (ii) alleges that he "knew of should have known" about Weinstein's allegedly predatory conduct towards "women in the Class" (¶¶ 614-621); and (iii) alleges that he "engaged in steps to cover up the behavior," meaning Weinstein's allegedly predatory conduct (¶ 622), and "took affirmative actions to conceal his knowledge and facilitation of Weinstein's pattern" of abusive conduct (¶ 684). Mr. Glasser "covered up" and "concealed" his alleged knowledge of Weinstein's predatory conduct by "sharing complaints directly with Harvey Weinstein, failing to document complaints, hiding complaints, and facilitating payments to victims." (¶ 622, similarly ¶ 684). Importantly, there are no allegations that Mr. Glasser ever interacted with the individual Plaintiffs or knew about the individual Plaintiffs' alleged interactions with Weinstein. In total, 13 of the 921 paragraphs in the FAC mention Mr. Glasser.

Mr. Glasser is not personally named in any of the counts, nor is there any allegation specific to him in any of them. There is no allegation that he personally committed any predicate RICO act, or that any act or omission by him proximately caused Plaintiffs to suffer any damage. Rather, he is lumped together with the "TWC Officers," defined in the unnumbered, opening

1

paragraph of the FAC as "collectively … **Harvey Weinstein**, Robert Weinstein, [Irwin] Reiter, [David] Glasser, [Frank] Gill, and [Barbara] Schneeweiss" (emphasis added). In total, 11 causes of action are brought against the "TWC Officers," including RICO, sex trafficking and state law claims. *See* the headings preceding Count II (sex trafficking, ¶ 752), Count IV (negligent supervision and retention, ¶ 768), Count V (RICO, ¶ 774), Count VI (RICO conspiracy, ¶ 833), Count VIII (civil battery, ¶ 847), Count X (assault, ¶ 860), Count XII (false imprisonment, ¶ 872), Count XIV (intentional infliction of emotional distress, ¶ 886), Count XVI (negligent infliction of emotional distress, ¶ 902), and Count XVIII (ratification, ¶ 916). In each of those counts, the TWC Officers are sued as a group, along with TWC and the TWC Directors, and other groups of defendants are lumped in as well. As the Motion explains, group pleading is insufficient and by itself warrants dismissal.

## ARGUMENT

**1.    STATUTE OF LIMITATIONS.**

The Motion argues, in Point IV (pp. 12-26) that (i) except for two of Plaintiffs' sex trafficking claims, the FAC is barred by the applicable statutes of limitations, and (ii) Plaintiffs have not alleged any facts that would permit tolling of those limitations. All of those arguments apply fully to Mr. Glasser.

To the extent Plaintiffs seek to toll the applicable limitations period as to Mr. Glasser, the FAC contains no allegation that Mr. Glasser had any interaction with them, or that he did or said anything that prevented them from filing suit within the limitations period. As shown above, the FAC makes allegations only about what Mr. Glasser "knew of should have known," and his alleged concealment of his knowledge and of Weinstein's predatory conduct. But none of the tolling doctrines turns on what Mr. Glasser knew or should have known, and even less on

2

whether he made a public confession of his alleged knowledge.  Instead, Plaintiffs must show that Mr. Glasser did something that prevented them from filing suit or subjected them to such duress that they could not do so.  The FAC does not allege that Mr. Glasser had any interaction whatsoever with Plaintiffs, and thus they cannot meet that burden.

**2.    RICO and RICO CONSPIRACY**

The Motion argues, in Points V and VI (pp. 28-44), that the RICO and RICO conspiracy counts must be dismissed for failure to plead any of the elements of those claims.  Again, all of those arguments apply fully to Mr. Glasser.  Because the FAC fails to allege that Mr. Glasser personally committed any predicate act, or that he did anything that proximately caused harm to Plaintiffs' business or property, Plaintiffs could not possibly have a RICO claim against him.  The FAC's allegations about what he "knew or should have known," or whether he concealed his knowledge of Weinstein's predatory conduct, do not state a claim for relief under RICO.

**3.    SEX TRAFFICKING**

The Motion argues, in Point VII (pp. 44-54) that the FAC fails to allege the elements of a sex trafficking violation, and that for two of the Plaintiffs their claims are barred by the version of the statute in effect at the time that they allege those claims arose.  Those arguments, too, are fully applicable to Mr. Glasser.  There is no allegation that Mr. Glasser ever did anything that could possibly constitute participating in a sex-trafficking venture; that he ever received any benefit from TWC (his employer at the relevant times) other than salary and benefits, none of which could be attributable to his never-alleged participation in any sex-trafficking venture; or that he knew that any such venture was engaged in sex-trafficking.

**4.    NEGLIGENT SUPERVISION AND RETENTION**

Again, all of the arguments in the Motion (Point VIII, pp. 54-62) detailing the

3

deficiencies in this claim apply to Mr. Glasser.  As to Mr. Glasser, this claim is frivolous.  The FAC alleges that he was an employee of TWC from 2008-2011, and in 2011 became an officer of TWC.  There is no allegation that Mr. Glasser was ever an employer of Weinstein; or that he was ever in any position to supervise or control Weinstein (the business was named The Weinstein Company, not The Glasser Company, for a reason), let alone when Weinstein was away from TWC's offices; or that he had any authority to determine whether Harvey Weinstein continued to be employed by TWC.

**5.     RATIFICATION**

As the Motion shows, Plaintiffs' ratification claim requires a showing that Mr. Glasser was Weinstein's "principal" in some relevant sense, and that as principal Mr. Glasser intended to ratify some act of Weinstein as his agent.  There is nothing in the FAC that alleges any facts to support such a claim.  For that reason, and all of the other reasons detailed in the Motion (Point IX, pp. 63-65), this claim against Mr. Glasser should be dismissed.

**6.     THE VICARIOUS LIABILITY CLAIMS**

As the Motion argues, the vicarious liability claims alleged against all Defendants proceed on a *respondeat superior* theory.  Here, accepting the allegations of the FAC, Plaintiffs allege that Mr. Glasser was always inferior to Weinstein in the TWC hierarchy.  Whatever may be said of Plaintiffs' *respondeat superior* theory – and the Motion shows that it is meritless – there is no such legal doctrine as *respondeat inferior.*

## CONCLUSION

For these reasons, and those more fully developed in the Motion, Defendant David Glasser requests that the complaint against him be dismissed, with prejudice, together with such other and further relief to him as the Court deems just.

Dated:  December 28, 2018

                                          SCHLAM STONE & DOLAN LLP

                                          By: _____/s/_____
                                                 Richard H. Dolan
                                                 Douglas E. Grover

                                          26 Broadway, 19th Floor
                                          New York, NY 10004
                                          Tel: (212) 344-5400
                                          Fax: (212) 344-7677
                                          Email:  RDolan@schlamstone.com

                                          *Attorneys for Defendant*
                                          *David Glasser*