UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISETTE GEISS, et al, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, et al,<br><br>Defendants. | 17 Civ. 9554 (AKH) (BCM) |

**DEFENDANT MARK GILL'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Mark Gill submits this supplemental memorandum in support of the motion to dismiss the First Amended Complaint ("FAC"). Mr. Gill joins the motion to dismiss by co-defendants, filed December 17, 2018 (Dkt. #201, the "Motion"), and with the consent of plaintiffs, submits this brief supplemental memorandum.

<u>The Allegations Against Mr. Gill</u>

The allegations in the FAC specific to Mr. Gill are sparse; he is referred to specifically in 12 of the 921 paragraphs. The FAC allegations against Mr. Gill include that (i) he was the head of marketing from 1994 to 1997 in Miramax's New York office, and president of its Los Angeles office from 1997 to 2002 (FAC ¶ 376); (ii) he "knew of Weinstein's pattern and practice of predatory sexual conduct toward women from his personal relationship with Weinstein and his positions at Miramax" (FAC ¶ 56); (iii) he "received direct complaints from women" and discussed "Harvey Weinstein's pattern" of sexual harassment with other officers within Miramax, but "failed to cause any independent investigations to be undertaken" (FAC ¶¶ 379-381, 689) and "took affirmative actions to conceal his knowledge and facilitation of Weinstein's pattern of abuse" (FAC ¶ 689); and

1

(iv) after he left Miramax, he "continued his association with Weinstein, Miramax and TWC despite his knowledge of Weinstein's pattern of assaults" (FAC ¶¶ 382-384).

The FAC does not personally name Mr. Gill in any of the counts. Instead, the FAC lumps Mr. Gill into a group of thirteen people that it refers to in the opening paragraph as "Miramax Officers." The FAC brings nine claims against the Miramax Officers, including Negligent Supervision and Retention (Count III, ¶ 762); RICO (Count V, ¶ 774); RICO Conspiracy (Count VI, ¶ 833); Civil Battery (Count VII, ¶ 840); Assault (Count IX, ¶ 854); False Imprisonment (Count XI, ¶ 866); Intentional Infliction of Emotional Distress (Count XIII, ¶ 878); Negligent Infliction of Emotional Distress (Count XV, ¶ 894); and Ratification (Count XVII, ¶ 910).

**ARGUMENT**

**1. STATUTE OF LIMITATIONS**

Mr. Gill adopts the arguments made with respect to the statute of limitations defense in the Motion in point IV (pp. 12-26). With respect to Mr. Gill personally, there are no timely claims, and there is no basis for tolling. Many of the allegations in the complaint refer to a time period outside of Mr. Gill's tenure at Miramax (1994 to 2002), but even those alleged within the time that he worked at Miramax are long stale. Nor is there a basis to toll the applicable statutes of limitations. The FAC does not allege that Mr. Gill did anything to prevent plaintiffs from filing suit within the applicable limitations periods. There are no allegations that Mr. Gill subjected any of the plaintiffs to duress. Instead, the FAC inconsistently alleges both that Mr. Gill "received direct complaints about Weinstein from victims, yet did nothing" and that he discussed Harvey Weinstein's pattern of sexual harassment and assaults "with other officers within Miramax". (FAC ¶¶ 689, 379). The FAC's boilerplate language that Mr. Gill "took affirmative actions to conceal his knowledge and facilitation of Weinstein's pattern of abuse, silencing and blacklisting of women from Class Members" is inconsistent with the allegation that he discussed the alleged pattern of sexual harassment with other

officers within Miramax, and standing alone is not enough for plaintiffs to satisfy their burden that any of their stale claims are tolled pursuant to the doctrines of equitable estoppel, duress or continuing violation.

### 2. NEGLIGENT SUPERVISION AND RETENTION

With respect to Mr. Gill, the negligent supervision and retention claims are baseless. Significantly, Mr. Gill is not "an employer" and therefore plaintiffs cannot even satisfy the first element of a claim for negligent supervision and retention. *See* Motion at p.54. Indeed, there is no allegation that Mr. Gill supervised Mr. Weinstein or had any supervisory control over him. Furthermore, under New York law, "an officer or director is not personally liable to third persons 'for an act of nonfeasance pertaining to the duties owed to the corporation'". *Airlines Reporting Corp. v. Aero Voyagers, Inc. et al.*, 721 F. Supp. 579, 585 (S.D.N.Y. 1989) (quoting 15 N.Y. Jur. 2d, *Business Relationships, § 1086*, at 358 (1981)). There is no allegation that Mr. Gill participated in the alleged wrongful sexual misconduct. Instead the FAC alleges generally that Mr. Gill "received complaints from women" and discussed "Harvey Weinstein's pattern" of sexual harassment with other officers within Miramax, and that he "failed to cause any independent investigations to be undertaken" (FAC ¶¶ 379-381). But failing to perform a duty owed to the corporation does not make corporate officers or directors personally liable to third parties. *Id.* Plaintiffs' claims of negligent supervision and retention, therefore, fail to state a claim against Mr. Gill and should be dismissed. *Id.* (dismissing negligence claims against two officers and directors because "failure to perform a duty owed to the corporation -- i.e., to supervise the employees -- does not make corporate officers or directors personally liable to third parties").

3. **RESPONDEAT SUPERIOR CLAIMS**

For the same reasons addressed above with respect to the negligent supervision claims, all of Plaintiffs' claims based on a theory of *respondeat superior* necessarily fail because the FAC does not – and could not – allege an employment relationship between Mr. Gill and Harvey Weinstein.

4. **RICO and RICO CONSPIRACY**

The Motion argues in Points V and VI (pp. 28-44) that the RICO and RICO conspiracy claims should be dismissed because the FAC does not allege any of the required elements of those claims. With respect to Mr. Gill, the FAC does not allege that he committed any predicate act: (1) there is no allegation that Mr. Gill engaged in sex trafficking; (2) there is no allegation that Mr. Gill tampered with any victims; and (3) there is no allegation that Mr. Gill used the mails or wires in connection with a fraudulent scheme, and references to "Miramax Employees" use of the mails or wires is not sufficiently detailed to satisfy the specificity requirements for each defendant in a RICO claim. Furthermore, there is no allegation that Mr. Gill did anything to proximately harm Plaintiffs' business or property.

5. **RATIFICATION**

Plaintiffs' ratification claim against Mr. Gill fails for the simple reason that they have not sufficiently pled the first element of this cause of action, which requires a principal-agent relationship. *See* Motion at 63. The FAC alleges that "there was an actual or assumed agency relationship between Weinstein and Miramax . . . and Miramax Officers and Weinstein." This conclusory allegation falls short of the pleading standard. There is no allegation that Weinstein held himself out as an agent of Mr. Gill. Even if Weinstein held himself out as an agent of Miramax, that would be insufficient to satisfy the pleading requirements as to Mr. Gill. Because there is no allegation that there was an agency relationship between Mr. Gill and Weinstein, this Court should dismiss the ratification claim as to Mr. Gill.

4

## CONCLUSION

For these reasons, as well as those in the Motion, Defendant Mark Gill requests that the complaint against him be dismissed, with prejudice, and without leave to re-plead.

Dated:  New York, New York
January 4, 2019

SERPE RYAN LLP

/s Silvia L. Serpe
Silvia L. Serpe
16 Madison Square West, 10th Floor
New York, NY 10010
sserpe@serperyan.com
Tel: 212-257-5010
Fax: 212-981-2720