UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

LOUISETTE GEISS, SARAH ANN THOMAS
(a/k/a SARAH ANN MASSE), MELISSA
THOMPSON, MELISSA SAGEMILLER,
NANNETTE MAY (f/k/a NANNETTE KLATT),
KATHERINE KENDALL, ZOE BROCK,
CAITLIN DULANY, LARISSA GOMES, and
JANE DOE, individually and on behalf of all
others similarly situated,

                    Plaintiffs,

                    v.

THE WEINSTEIN COMPANY HOLDINGS,
LLC, MIRAMAX FILM NY LLC, THE WALT
DISNEY COMPANY, DISNEY ENTERPRISES,
INC., BUENA VISTA INTERNATIONAL, INC.,
HARVEY WEINSTEIN, ROBERT WEINSTEIN,
DIRK ZIFF, TIM SARNOFF, MARC LASRY,
TARAK BEN AMMAR, LANCE MAEROV,
RICHARD KOENIGSBERG, PAUL TUDOR
JONES, JEFF SACKMAN, JAMES DOLAN,
MICHAEL EISNER, IRWIN REITER, DAVID
GLASSER, FRANK GIL, RICK SCHWARTZ,
FABRIZIO LOMBARDO, MARK GILL,
NANCY ASHBROOKE, BARBARA
SCHNEEWEISS, MIRAMAX DOES 1-10,
TALENT AGENCY DOES 1-100, and JOHN
DOES 1-50, inclusive,

                    Defendants.

-----------------------------------------------------------X

1:17-cv-09554 (AKH)

# DEFENDANT HARVEY WEINSTEIN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STAY

## PRELIMINARY STATEMENT

Defendant Harvey Weinstein, by his attorneys Kupferstein Manuel LLP and Lewis Brisbois Bisgaard & Smith LLP, respectfully submits this memorandum of law in further support of his motion to stay this proceeding (as to Mr. Weinstein only) pending resolution of the related criminal case in which he is scheduled to stand trial on May 6, 2019, and in reply to Plaintiffs' opposing memorandum of law (the "Plaintiffs' Opp.").[1]

When this motion was filed, Mr. Weinstein had a pending motion to dismiss the NYDA's charges such that it was uncertain how, if at all, the criminal case would proceed.[2] The landscape has since changed drastically; the NYDA case will proceed to trial on May 6, 2019. As such, the need for a stay is even greater now. No one should be forced to litigate a class action when there is a pending criminal trial scheduled for May 6, 2019, where a guilty verdict could lead to a prison term of 25 years to life. This action should be stayed as to Mr. Weinstein in order to safeguard his Fifth Amendment right against self-incrimination. "Under settled authority the Fifth Amendment is the most important consideration" on a motion to stay. *Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36 (S.D.N.Y. 1993). Plaintiffs cannot overcome the showing made by Mr. Weinstein that his defense of charges carrying a maximum prison sentence of 25 years to life would be severely prejudiced by the continuation of this matter. The NYDA's criminal prosecution of Mr. Weinstein is imminent and the interests of justice compel that Plaintiffs' claims be stayed during the months prior to that trial commencing. It would be an undue and unjust burden to force Mr. Weinstein to put his constitutional rights against self-incrimination at

---

[1] Also submitted herewith is the Reply Declaration of Benjamin Brafman, Esq. (the "Brafman Reply Dec.").

[2] The abbreviations used herein are those defined in Mr. Weinstein's initial Memorandum of Law (the "Weinstein Memo.").

risk in a class action litigation arising from allegations that parallel the allegations of sexual misconduct brought by the NYDA just months before his trial.

Additionally, Mr. Weinstein will be severely prejudiced if he is forced to expend personal energy and resources defending a myriad of civil claims while trying to prepare for his criminal trial. Mr. Weinstein's liberty interests, constitutional rights, and the need for a fair criminal trial take precedence over Plaintiffs' interest in proceeding with their civil lawsuit. An initial stay of seven months would be appropriate in light of the May trial date. A short stay of this period would not overly prejudice Plaintiffs, and, more importantly, would allow Mr. Weinstein to have a full and fair opportunity to defend himself against the criminal charges.

Plaintiffs' argument that Mr. Weinstein is "conducting discovery" in the pending bankruptcy of the Weinstein Company and its related entities (the "TWC Bankruptcy") is a red herring. Mr. Weinstein has sought only to retrieve what he believes to be his own personal property – e-mails and the like – from his time at the Weinstein Company. Mr. Weinstein's efforts to recover documents created by him in order to aid his criminal attorneys have nothing to do with the instant motion. Moreover, this Court has already ruled on how any documents relating to the Plaintiffs retrieved via the TWC Bankruptcy will be treated (ECF Docket No. 207).

The significant overlap between the allegations in the Amended Complaint, overwhelming prejudice to Mr. Weinstein if this matter continues, the likelihood that discovery herein could be used against Mr. Weinstein in the Criminal Actions, the likelihood that the named Plaintiffs may be called as witnesses by the NYDA, and the current status of the NYDA prosecution all weigh in favor of staying this case as to Mr. Weinstein.

**ARGUMENT**

**MR. WEINSTEIN HAS DEMONSTRATED THAT THIS ACTION SHOULD BE STAYED PENDING THE ONGOING CRIMINAL PROSECUTION**

Mr. Weinstein's motion should be granted and this case stayed because the interests of justice overwhelmingly weigh in favor of a stay. Contrary to Plaintiffs' contention, there is significant overlap between this action and the ongoing criminal prosecution. Further, Mr. Weinstein is scheduled to stand trial in five months (Brafman Reply Dec. ¶ 4). As such, the NYDA prosecution is rapidly progressing towards trial and an ultimate resolution. A stay in this action is necessary to safeguard Mr. Weinstein's constitutional rights, and his ability to defend himself in the criminal matter will be severely prejudiced absent a stay (Brafman Reply Dec. ¶ 10). The judicial and public interests both favor a speedy and unimpeded resolution of the criminal prosecution without the complications and distractions posed by parallel civil litigations.

**A.    The Overlap Between this Action and the Ongoing Criminal Matter is Significant and Weighs Strongly in Favor of a Stay**

It cannot be disputed that Plaintiffs' claims in this case arise from the same type of conduct – alleged sexual assault and rape –  giving rise to the NYDA's prosecution (Brafman Reply Dec. ¶ 9). The mere fact that the named Plaintiffs are not complaining witnesses in the criminal matter is insufficient to defeat the instant motion as testimony in a related civil action can constitute an admission of criminal conduct in a related criminal prosecution. *See  Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). This risk is especially high in this case as the Plaintiffs and members of the putative class may be called as propensity or prior bad act witnesses in the upcoming criminal trial (Brafman Reply Dec. ¶ 12). As such, Mr. Weinstein will have no choice but to invoke his Fifth Amendment privilege given the

possibility that testimony and evidence adduced in this case could be used against him at trial. Plaintiffs can be expected to seek to use that invocation as a basis to argue that Mr. Weinstein cannot contest liability, which mandates the imposition of a stay of discovery. *Green v. Cosby,* 177 F. Supp.3d 673, 680 (D. Mass. 2016) (granting stay of discovery in defamation action where there was a risk that discovery produced by defendant in the case could be admissible in his criminal sexual assault trial).

Moreover, members of the broadly defined putative class could encompass said complaining witnesses (See FAC ¶ 66 ". . . the class also includes any woman who was meeting with Harvey Weinstein for business-related purposes."). Plaintiffs' case is actually broader than the NYDA's prosecution as it seeks to bring sexual assault claims on behalf of virtually every woman with whom Mr. Weinstein ever came into contact. Complaint Paragraphs 89 through 92 contain a "non-exhaustive" list of examples of alleged sexual misconduct committed against a variety of women who are not named Plaintiffs, but were allegedly part of a "practiced role and pattern of a sexual predator." Plaintiffs' theory of the case essentially boils down to the allegation that Mr. Weinstein is a criminal sexual predator.[3] It is simply not possible for Mr. Weinstein to participate in his defense of this case without trampling upon his Fifth Amendment rights and without prejudicing his defense of the ongoing Criminal Actions.

**B.    The Status of the NYDA Criminal Prosecution Weighs Overwhelmingly in Favor of a Stay**

Where, as here, the proponent of the stay has been indicted, the indictment weighs strongly in favor of a stay. *Louis Vuitton,* 676 F.3d at 101; *Plaintiffs #1-21 v. Cnty. Of Suffolk*, 138 F. Supp.3d 264, 280 (E.D.N.Y. 2015) ("a defendant's interest in a stay is strongest where a

---

[3] Mr. Weinstein has denied and continues to vehemently deny all allegations of sexual misconduct.

party under criminal indictment is required to defend a civil proceeding involving the same matter"). Not only is Mr. Weinstein under indictment, his trial is scheduled for May 6, 2019. Mr. Weinstein and his counsel will be fully engaged in preparing for what will be an intense, closely watched trial that is excepted to last six weeks from jury selection through verdict (Brafman Reply Dec. ¶ 14). It would be an overwhelming burden for Mr. Weinstein to have to litigate this case at great risk to his right against self-incrimination and at the expense of his time and efforts to prepare for criminal trial. *See*, *Louis Vuitton*, 676 F.3d at 101 ("a stay is most justified where a movant . . . is already under indictment for a serious criminal offense and is required at the same time to defend a civil action involving the same subject matter"). *See also*, *Parker v. Dawson,* 06-Civ-6191, 2007 U.S. Dist. LEXIS 63068, at *16 (E.D.N.Y. Aug. 27, 2007) (granting stay and stating that the progression of criminal proceedings to the point where a trial may be imminent weighs in favor of a stay). With a potential sentence of 25 years to life facing Mr. Weinstein in less than five months, how can he, let alone any person, focus on properly defending one's self against a serious and complex class action lawsuit where the allegations span decades?

Plaintiffs argue that it would be perverse for Plaintiffs to receive "slower justice" than other plaintiffs because the behavior they allege is of interest to criminal authorities (Plaintiffs' Opp., p. 8).[4] The case cited by Plaintiffs, *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp.2d 573 (S.D.N.Y. 2001), is not on point because in that case, the proponents of the stay had not been indicted. As such, the respective prejudice to each party was far different than this matter. The *Sterling* court's discussion of how indictment and progression of the criminal case

---

[4] Plaintiffs herein are not being treated any differently than Plaintiffs with similar claims. Mr. Weinstein either has filed, or will file, motions to stay in other pending civil cases alleging sexual assault.

changes the analysis is instructive here, as it highlights the grave danger facing indicted defendants attempting to defend parallel civil litigation:

> When a defendant has been indicted, his situation is particularly dangerous, and takes a certain priority, for the risk to his liberty, the importance of safeguarding his constitutional rights, and even the strain on his resources and attention that makes defending satellite civil litigation particularly difficult, all weigh in favor of his interest. Moreover, if the potential prejudice to the defendant is particularly high post-indictment, the prejudice to the plaintiff of staying proceedings is somewhat reduced, since the criminal litigation has reached a crisis that will lead to a reasonably speedy resolution. (internal citations omitted).

*Id.* at 577.

It would be unjust to force Mr. Weinstein to respond to the Amended Complaint alleging that he sexually assaulted an untold number of women and to participate in discovery in this wide ranging sexual assault class action months before he stands trial for his life on criminal charges of sexual assault. That Plaintiffs have to wait several months for their civil case to progress does not come remotely close to outweighing the prejudice to Mr. Weinstein, particularly given that the pleadings in this case are not even settled.

A limited stay of this case in which it proceeds forward with limitations on Mr. Weinstein's ability to be deposed, etc., would not serve any purpose and would prejudice Mr. Weinstein's defense of this action. As is any party defendant, Mr. Weinstein is entitled to attend hearings, depositions, and participate in the investigation of Plaintiffs' claims. If this case is allowed to proceed forward, he will be unable to participate in that defense without taking time and energy away from his defense of the criminal charges. As set forth in the Brafman Reply Dec., countless hours will be required on the part of Mr. Weinstein and his criminal counsel in the lead up to what will be an intense six week trial (Brafman Reply Dec., ¶ 14). Additionally, pursuant to the terms of his bail, Mr. Weinstein may not travel outside of New York or

Connecticut. While this case is venued in New York, many of the named Plaintiffs reside out of state and Mr. Weinstein would be unable to attend their depositions. Mr. Weinstein's criminal trial begins in May; an initial stay period of seven months to allow for that trial to conclude is reasonable and would safeguard Mr. Weinstein's constitutional rights while not prejudicing his defense of this action. Without the requested stay, the parties will be in the midst of discovery during Mr. Weinstein's trial. A stay period of seven months will not only protect Mr. Weinstein's rights, but at the same time enable all parties to this action to have an understanding of future scheduling.

## C. The Balance of the Equities Weighs Overwhelmingly in Mr. Weinstein's Favor as Plaintiffs Have Made No Showing of Prejudice

Plaintiffs' principal argument with respect to prejudice is that Mr. Weinstein's assets are supposedly depleting. This argument is entirely without merit and Plaintiffs offer no support for this contention. Plaintiffs' desire to proceed expeditiously to a potential money judgment does not come remotely close to outweighing the burden on Mr. Weinstein to risk self-incrimination and diversion of his time and energy months away from trial on serious criminal charges. *See Volmar,* 152 F.R.D. at 40 (granting stay and holding that while the stay will be an inconvenience and delay to plaintiffs, "under settled authority the Fifth Amendment is the more important consideration"). Moreover, Plaintiffs' ability to recover monetary damages in this action is by no means limited to Mr. Weinstein. Plaintiffs' Amended Complaint asserts causes of action against many individuals and entities. It is sheer speculation that Plaintiffs will be left without a remedy.

Plaintiffs' remaining prejudice arguments are unavailing. Plaintiffs argue they will be prejudiced if they are barred from proceeding with discovery against all defendants. Mr. Weinstein only seeks a stay as to himself and no defendant has joined in his motion. Plaintiffs also argue that books, records, and other evidence may have been taken from the TWC offices.

This purported fact has nothing to do with Mr. Weinstein, who was terminated from TWC over a year ago. Additionally, Plaintiffs are well aware what books and records exist at TWC and how to obtain them because their counsel has been directly and heavily involved in the TWC Bankruptcy. Plaintiffs, one of whom is on the TWC Bankruptcy Creditors' Committee, are readily able to seek all documents that Mr. Weinstein is seeking from TWC in the bankruptcy court. Further, Plaintiffs are presumably in possession of all of their own e-mail correspondence with Mr. Weinstein. Lastly, Plaintiffs will be able to receive any discovery to which they are entitled at the conclusion of a stay.  The issue here is merely a relatively *de minimis* delay.

### D.      The Judicial and Public Interests Weigh in Favor of a Stay

This matter remains in the pre-answer motion stage and Mr. Weinstein is scheduled to stand trial in May of this year; thus, the delay to this Court by a stay would be minimal. Additionally, this stay is sought only as to Mr. Weinstein so the case may proceed forward against the other Defendants. Plaintiffs question why Mr. Weinstein did not file the instant motion as soon as his indictment was handed down (Plaintiffs' Opp., p. 15). This argument has nothing to do with the merits of the motion. Moreover, it serves to highlight the fact that Mr. Weinstein waited until he and his criminal counsel felt this motion absolutely had to be made. Plaintiffs have amended their pleading following an initial round of motions to dismiss and this case will soon proceed to  factual responsive pleadings and discovery subject to the outcome of a second round of such motions. Additionally, the NYDA's prosecution has advanced quickly and is now headed to trial in a matter of months. As such, now is the appropriate time to stay this action as the Court and the parties have a sense as to when there could be a resolution of parallel criminal charges.

Further, the public interest is best served by protecting the integrity of the ongoing criminal case and preventing a situation where Mr. Weinstein's Fifth Amendment right against self-incrimination is jeopardized in a related civil matter. *See Crawford & Sons v. Besser,* 298 F. Supp.2d 317, 319 (E.D.N.Y. 2004) (stating that the public interest favors preserving the integrity of the criminal case). The constitutional privilege against self-incrimination is a bedrock principle of this country's criminal law and the public interest is best served by it not being put at risk by forcing defendants to simultaneously litigate related criminal and civil matters.

## CONCLUSION

For the reasons set forth herein and in Mr. Weinstein's previously submitted papers, this Court should enter an order staying this matter, pending resolution of the ongoing criminal case against Mr. Weinstein.

Dated: New York, New York
        January 7, 2019

**KUPFERSTEIN MANUEL LLP**

By: /s/ Phyllis Kupferstein
    Phyllis Kupferstein, Esq.
    865 South Figueroa Street, Suite 3338
    Los Angeles, California 90017
    Tel: 213-988-7531

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Elior D. Shiloh
    Elior D. Shiloh, Esq.
    Brian Pete, Esq.
    *Attorneys for Defendant Harvey Weinstein*
    77 Water Street, Suite 2100
    New York, New York  10005
    Tel: 212-232-1300