UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEISS ET AL.,

                         Plaintiff,

-against-

THE WEINSTEIN COMPANY HOLDINGS LLC ET AL.,

                         Defendants.

Index No. 1:17-cv-09554-AKH

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NANCY ASHBROOKE'S MOTION TO DISMISS

Helene R. Hechtkopf (HH 7402)
Allison N. Angel (AA 1541)
**HOGUET NEWMAN REGAL & KENNEY, LLP**
60 East 42nd Street, Floor 48
New York, NY 10165
Phone: 212-689-8808

Defendant Nancy Ashbrooke submits this supplemental memorandum of law in support of defendants' motion to dismiss the First Amended Complaint ("FAC", Docket No. 140). Ms. Ashbrooke joins the motion by her co-defendants, filed December 17, 2018 (Docket Nos. 199, 200 and 201, the "Dismissal Motion") and submits this brief supplemental memorandum.

**THE ALLEGATIONS AGAINST MS. ASHBROOKE**

The allegations in the FAC specific to Ms. Ashbrooke are limited; she is referred to in only 15 of the 921 paragraphs. Those paragraphs, in sum, allege that Ms. Ashbrooke knew or should have known of defendant Weinstein's "pattern and practice of predatory sexual conduct toward women" as a result of her position as Vice President of Human Resources at Miramax from 1991 to 2000 (FAC ¶ 57). More specifically, the complaint alleges that Ms. Ashbrooke: directly witnessed Weinstein's harassment of women (FAC ¶ 412); mishandled complaints of sexual misconduct and assault that were submitted to human resources at Miramax (FAC ¶ 413-414); was aware of an attempted rape by Mr. Weinstein and a settlement agreement resulting therefrom (FAC ¶ 415-417); failed to take any action to prevent additional assaults by Weinstein (FAC ¶ 418-421); and took affirmative actions to conceal her knowledge and facilitation of Weinstein's conduct (FAC ¶ 690). The FAC states that "Ashbrook's [sic] participation in the Weinstein Sexual Enterprise ended when she departed Miramax in 2000." (FAC ¶ 422).

Based on the foregoing allegations, the FAC pleads the following causes of action against Ms. Ashbrooke, who it refers to as one of the "Miramax Officers": Negligent Supervision and Retention (Count III); RICO (Count V); RICO Conspiracy (Count VI); Civil Battery (Count VII); Assault (Count IX); False Imprisonment (Count XI), Intentional Infliction of Emotional Distress ("IIED") (Count XIII); Negligent Infliction of Emotional Distress ("NIED") (Count XV); and Ratification (Count XVII).

**ARGUMENT**

I. **Statute of Limitations**

Ms. Ashbrooke adopts and incorporates herein all arguments made with respect to the statute of limitations in Point IV of the Dismissal Motion (see pages 12-26). As defendants note therein, all federal and state law claims in the FAC, including all counts against Ms. Ashbrooke, fall years, if not decades outside the applicable statutes of limitation for each alleged offense. *See* Dismissal Motion at pages 12-21, 68-87).

The FAC concedes that Ms. Ashbrooke's purported "participation in the Weinstein Sexual Enterprise ended when she departed Miramax in 2000." (FAC ¶ 422). As a result, the claims against her relate solely to her alleged knowledge of conduct that took place between 1991 and 2000, and her alleged failure to "implement a proper human resources complaint procedure" (FAC ¶ 420) or take action to prevent additional assaults by Weinstein during that time period (FAC ¶ 421). Any causes of action stemming from conduct that occurred during Ms. Ashbrooke's employment at Miramax are thus time barred.

While plaintiffs allege that their claims are saved by equitable tolling, they have not alleged any conduct attributable to Ms. Ashbrooke to warrant application of an equitable tolling doctrine. There are no allegations that Ms. Ashbrooke attempted to prevent plaintiffs from filing suit within the applicable limitations period, nor that she subjected any plaintiff to duress. Instead, the FAC states simply that she "took affirmative actions to conceal [her] knowledge and facilitation of Weinstein's pattern of abuse…thereby misrepresenting to Class Members that they had no claims against Ashbrooke or Miramax." (FAC ¶ 690). This allegation, without more, does not contain the level of specificity required for tolling under the doctrine of equitable estoppel. *See Twersky v. Yeshiva Univ.,* 993 F. Supp. 2d 429, 442 (S.D.N.Y. 2014)

(defendant's actions "must be affirmative and specifically directed at preventing the plaintiff from bringing suit; failure to disclose the basis for potential claims is not enough"); *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006) (it is "fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit"). Moreover, Ms. Ashbrooke left Miramax in 2000 – even assuming her actions had tolled the statute of limitations, any such tolling would have ended in 2000 and all of the claims against her would still be outside of the statute of limitations.

Even assuming that Ms. Ashbrooke failed to advise new employees of Miramax's human resources policies or the existence of its complaint handlers (FAC ¶ 418), equitable estoppel is not available. The doctrine does not apply when the plaintiff has sufficient information available to require her to investigate whether there is a basis for legal action. *See Plumbing Supply, LLC v. ExxonMobil Oil Corp.*, No. 14 CV 3674 (VB), 2016 WL 1249611, at *10 (S.D.N.Y. Mar. 29, 2016), on reconsideration amended in part on other grounds, No. 14 CV 3674 (VB), 2016 WL 3034385 (S.D.N.Y. May 27, 2016). For these reasons, as well as those set forth in the Dismissal Motion (pages 21-28), plaintiffs are unable to show that any of their time barred claims are tolled by the doctrines of equitable estoped, duress or continuing violation.

## II. Negligent Supervision and Retention

In New York, a claim for negligent supervision or retention requires plaintiff to show, *inter alia*, "that the tortfeasor and the defendant were in an employee-employer relationship." *Biggs v. City of New York*, No. 08 Civ. 8123 (PGG), 2010 WL 4628360, at *9 (S.D.N.Y. Nov. 16, 2010) (internal quotations omitted) quoting *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004). Ms. Ashbrooke, as Vice President of Human Resources for Miramax, was an employee of the company, and not an "employer" of either Miramax or Mr. Weinstein, as is

3

required to sustain a cause of action for negligent supervision and retention. *See* Dismissal Motion at 56-58). Likewise, the FAC does not allege that Ms. Ashbrooke exercised any supervisory control over Mr. Weinstein or that she had any say in whether Miramax continued to retain him. Absent such allegations, plaintiffs' claim for negligent supervision and retention as to Ms. Ashbrooke fails as a matter of law.

## III. Respondeat Superior Claims

For the reasons set forth in Point II above, all of the claims that rely on the theory of *respondeat superior*, including civil battery, assault, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress, fail as a matter of law. Ms. Ashbrooke was a subordinate of Mr. Weinstein and did not exercise the level of control over him necessary to justify holding her vicariously liable for his actions. Moreover, the New York courts have consistently held that there is "no vicarious liability for claims involving sexual misconduct, including sexual assault." *Adorno v. Corr. Servs. Corp.*, 312 F. Supp. 2d 505, 517 (S.D.N.Y. 2004).

## IV. RICO and RICO Conspiracy

Defendants' Dismissal Motion sets forth in detail the various reasons why plaintiffs' RICO and RICO Conspiracy claims fail. *See* Dismissal Motion at Points V and VI (pages 28-44). All of those arguments apply in full force to Ms. Ashbrooke because the FAC fails to allege that she engaged in sex trafficking, victim tampering, mail/wire fraud, or otherwise committed any predicate act required to sustain a viable cause of action under the RICO statute. Plaintiffs' allegations relating to what Ms. Ashbrooke "knew or should have known" of Mr. Weinstein's conduct does not, in and of itself, satisfy the specificity requirements for each defendant in a

RICO claim. Furthermore, there is no allegation that Ms. Ashbrooke did anything to proximately harm plaintiffs' business or property.

V.   **Ratification**

As set forth in the defendants' Dismissal Motion (pages 63-65), plaintiffs' ratification claim against Ms. Ashbrooke must fail because it is not properly pled, and is, frankly, incredible. Importantly, plaintiffs' do not allege in the FAC that Ms. Ashbrooke was Mr. Weinstein's principal and he her agent.  They do not claim that Mr. Weinstein's alleged sexual assaults were undertaken on behalf of Ms. Ashbrooke, or in any way for her benefit – and indeed they could not.  The only specific claim they make with regard to ratification and Ms. Ashbrooke is that she "implemented or ratified the practice of the human resources department of forwarding complaints about Weinstein's sexual misconduct to Weinstein, resulting in retaliation against the accusers." (FAC ¶ 414.)  This does not state a cause of action.  Later they claim that there was an "actual or assumed agency relationship" between Weinstein and Miramax and the Miramax Officers, but as explained in the Dismissal Motion, this claim must fail.

## CONCLUSION

For the reasons stated above, as well as the reasons presented in the Dismissal Motion previously submitted, defendant Nancy Ashbrooke respectfully requests that the Court grant her motion to dismiss in its entirety, as well as such other relief as the Court deems just and proper.

Dated:      January 28, 2019
            New York, New York

Hoguet Newman
Regal & Kenney, LLP

_____
Helene R. Hechtkopf (HH 7402)
Allison N. Angel (AA 1541)

5

60 East 42nd Street, Floor 48
New York, NY 10165
Phone: 212-689-8808

*Counsel for Defendant Nancy Ashbrooke*