UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

LOUISETTE GEISS, SARAH ANN THOMAS
(a/k/a SARAH ANN MASSE), MELISSA
THOMPSON, MELISSA SAGEMILLER,
NANNETTE MAY (f/k/a NANNETTE KLATT),
KATHERINE KENDALL, ZOE BROCK,
CAITLIN DULANY, LARISSA GOMES, and
JANE DOE, individually and on behalf of all
others similarly situated,

                Plaintiffs,

                v.

THE WEINSTEIN COMPANY HOLDINGS,
LLC, MIRAMAX FILM NY LLC, THE WALT
DISNEY COMPANY, DISNEY ENTERPRISES,
INC., BUENA VISTA INTERNATIONAL, INC.,
HARVEY WEINSTEIN, ROBERT WEINSTEIN,
DIRK ZIFF, TIM SARNOFF, MARC LASRY,
TARAK BEN AMMAR, LANCE MAEROV,
RICHARD KOENIGSBERG, PAUL TUDOR
JONES, JEFF SACKMAN, JAMES DOLAN,
MICHAEL EISNER, IRWIN REITER, DAVID
GLASSER, FRANK GIL, RICK SCHWARTZ,
FABRIZIO LOMBARDO, MARK GILL,
NANCY ASHBROOKE, BARBARA
SCHNEEWEISS, MIRAMAX DOES 1-10,
TALENT AGENCY DOES 1-100, and JOHN
DOES 1-50, inclusive,

                Defendants.

--------------------------------------------------------X

1:17-cv-09554 (AKH)

 

# DEFENDANT HARVEY WEINSTEIN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ………………………………………………..    1

**ARGUMENT**

    I.      COUNTS III-XVIII SHOULD BE DISMISSED AS TIME-BARRED …..    2

            A.  The Doctrine of Equitable Estoppel is Inapplicable …………    2

            B.  Plaintiffs Cannot Rely on Duress to Render Their Claims Timely …………………………………………………………….    3

            C.  The Continuing Violation Doctrine Is Not Applicable ……….    4

    II.     PLAINTIFFS GEISS, THOMAS, AND THOMPSON FAIL TO STATE A FEDERAL SEX TRAFFICKING CLAIM ………………..    4

    III.    PLAINTIFFS' RICO CLAIMS FAIL ……………………………………..    9

    IV.   PLAINTIFFS CANNOT MAINTAIN NEGLIGENT HIRING AND SUPERVISION OR RATIFICATION CLAIMS AGAINST MR. WEINSTEIN …………………………………………………………….    11

CONCLUSION ……………………………………………………………….....    12

## TABLE OF AUTHORITIES

**Cases**                                                          **Pages**

*Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) ........................................................ 10

*Canosa v. Ziff, et al.*, 18-Civ-04115, Dkt. No. 152 (S.D.N.Y. Jan. 28, 2019)………………..8,9

*Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 677, n.1 (S.D.N.Y. 2001) ................. 12

*Corrado v. New York Unified Court Sys.,* 163 F. Supp. 3d 1, 20 (E.D.N.Y. 2016) ...................... 4

*Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) ................................................ 10

*Ganino v. Citizens Utils. Co.,* 228 F.3d 154, 168 (2d Cir. 2000) ................................................ 10

*Gonzales v. Raich,* 545 U.S. 1, 25 (2005) ..................................................................................... 7

*Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990) ............................. 9,10

*Kolbeck v. Twenty First Century Holiness Tabernacle Church, Inc.,* 10-Civ-4124, 2013 WL
6816174, * 16 (W.D. Ark. Dec. 24, 2013)................................................................................. 7

*McLaughlin v. Anderson,* 962 F.2d 187, 191 (2d Cir. 1992) ....................................................... 11

*Noble v. Weinstein*, 335 F. Supp. 3d 504 (S.D.N.Y. 2018) ........................................................... 8

*Overall v. Estate of Klotz*, 52 F.3d 398, 404 (2d Cir. 1995) ........................................................ 3

*Russello v. United States*, 464 U.S. 16, 26 (1983) ........................................................................ 9

*Schmidt v. Bishop*, 779 F. Supp. 321 (S.D.N.Y. 1991).................................................................. 4

*Tardd v. Brookhaven Nat'l Lab*., 407 F. Supp. 2d 404, 416 (E.D.N.Y. 2006) ............................. 3

*Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 442 (S.D.N.Y. 2014), *aff'd,* 597 F. App'x 7 (2d
Cir. 2014) .................................................................................................................................. 3

*United States v. Campbell,* 111 F. Supp.3d 340, 345 (W.D.N.Y. 2015) ...................................... 7

*United States v. Clark*, 435 F.3d 1100, 1115 (9th Cir. 2006), *cert. denied*, 549 U.S.
1343 (2007)…………....................................................................................................... 6

*United States v. Evans*, 476 F.3d 1176, 1179 (11th Cir.), *cert. denied*, 552 U.S. 878 (2007)........ 5

*United States v. Morrison*, 529 U.S. 598, 613 (2000) .................................................... 6

*United States v. Paris*, 2007 WL 3124724, * 8 (D. Conn. Oct. 24, 2007) (Droney, J.) ................ 7

*United States v. Reed*, 2017 WL 3208458, *10 (D.D.C. July 27, 2017) ........................................ 7

**Statutes**

18 U.S.C. § 1591(a) ....................................................................................................... 6
18 U.S.C. § 1591 ..................................................................................................... 4,5,6,8
18 U.S.C. § 1964(c); .................................................................................................. 10
18 U.S.C. § 2423 ............................................................................................................ 7
18 U.S.C. §§1341, 1343 ............................................................................................... 9
18 U.S.C. §§1590, 1591 ......................................................................................... 10,11
18 U.S.C. §1512 ....................................................................................................... 9,11
18 U.S.C. §1961(1)(a) ................................................................................................ 10

**Rules**

Rule 12(b)(6), *Fed. R. Civ. P.* .................................................................................... 1
CPLR 213-c...........................................................................................................2

**Secondary Sources**

H. Rept. 106-939 – Victims of Trafficking and Violence Protection Act of 2000, at pp. 3-6......5

## PRELIMINARY STATEMENT

Defendant Harvey Weinstein, by his attorneys Lewis Brisbois Bisgaard & Smith LLP and Alan Dershowitz, respectfully submits this memorandum of law in support of his motion to dismiss the First Amended Complaint ("FAC") pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*[1]

Mr. Weinstein joins in the omnibus motion filed on behalf of Defendants The Weinstein Company Holdings, LLC, Miramax Film NY, LLC, The Walt Disney Company, Disney Enterprises, Inc., Buena Vista International, Inc., Robert Weinstein, Dirk Ziff, Tim Sarnoff, Marc Lasry, Lance Maerov, Richard Koenigsberg, Paul Tudor Jones, Jeff Sackman, James Dolan, and Michael Eisner (the "Moving Defendants"), and adopts the arguments set forth in the Moving Defendants' Memorandum of Law (the "Defendants' Memo.") where applicable to Mr. Weinstein. In accordance with the Court's directive that the Moving Defendants submit only one brief, and to minimize the burden on the Court, Mr. Weinstein submits this memorandum of law solely in order to supplement the arguments set forth in the Defendants' Memo. to address certain arguments specific to him.

This case represents a misguided attempt to turn what should have been individual intentional tort claims into a Racketeering Influenced and Corrupt Organizations Act (RICO) and sex trafficking class action. At the September 12, 2018, hearing on the motions to dismiss, this Court directed Plaintiffs to replead and correct the myriad of deficiencies in their original pleading. In response, Plaintiffs filed a 264-page tome adding several new defendants, including The Walt Disney Company and Michael Eisner, allegations concerning a minor, and the wild averment that the Defendants are all part of a sex trafficking enterprise. Sadly, Plaintiffs took the opportunity to replead to grab more headlines, but neglected to actually plead cognizable and timely claims.

---

[1] Mr. Weinstein's motion is made following the Court's directive to either join in or file a separate motion to dismiss during the January 22, 2019, hearing on Mr. Weinstein's motion to stay.

Defendants' motions should be granted because Plaintiffs, while having succeeded at repleading with new headline grabbing allegations, have failed to cure the deficiencies in their claims. The vast majority of Plaintiffs' claims are still time-barred and the FAC is a clear example of a misguided attempt to stretch statutes well beyond their legislative purpose as a basis to revive untimely claims. The newly added sex trafficking claim has no place in this action and should be viewed as an attempt by Plaintiffs to avail themselves of a longer statute of limitations. Additionally, Plaintiffs' addition of new conclusory allegations relying heavily on an article published in the New Yorker fail to buttress their infirm claim under the RICO. The pleading standard under Rule 9(b) is a heavy one and it cannot be satisfied by parroting a magazine article. Finally, claims seeking to hold Mr. Weinstein vicariously liable for his own alleged conduct are not proper and should be dismissed.

## ARGUMENT

## I

## COUNTS III-XVIII SHOULD BE DISMISSED AS TIME-BARRED

As set forth in Defendants' Memo., the vast majority of Plaintiffs' claims are time-barred by the applicable statutes of limitations (See Defendants' Memo. Point IV). Specifically, Counts III-XVIII are all time-barred and Plaintiffs cannot meet their heavy burden to establish that any of these limitations periods should be tolled. Mr. Weinstein adopts and refers to the arguments set forth in Point IV of Defendants' Memo, which demonstrates that the claims raised in Counts III-XVIII should be dismissed as time-barred. Plaintiffs fail to demonstrate that any tolling doctrine is applicable to the claims against any of the Defendants (See Defendants' Memo pp. 20-26).[2]

### A. The Doctrine of Equitable Estoppel is Inapplicable

---

[2] To the extent applicable, CPLR 213-c does not render Plaintiffs' intentional tort claims timely.  The latest tort alleged occurred in 2011 (FAC ¶ 268).  As such, that statute's five year limitation period still does not salvage the intentional tort claims.

Equitable estoppel does not operate to toll any statute of limitations. Rather, its application prevents a defendant from asserting a statute of limitations defense where the elements are satisfied. *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 442 (S.D.N.Y. 2014), *aff'd,* 597 F. App'x 7 (2d Cir. 2014). "Typically, the doctrine is invoked in cases in which [a defendant] has made misrepresentations concerning the statute of limitations or lulled the plaintiff into believing that it was not necessary for him to commence litigation." *Tardd v. Brookhaven Nat'l Lab.*, 407 F. Supp. 2d 404, 416 (E.D.N.Y. 2006). For equitable estoppel to apply, a plaintiff must show that: (1) the defendant made definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the plaintiff reasonably relied on that misrepresentation to his or her detriment. *Id.*

Plaintiffs do not, because they cannot, allege that Mr. Weinstein misrepresented the statute of limitations to them or otherwise led Plaintiffs to believe it was not necessary to commence litigation. Additionally, the FAC fails to make any showing of "reasonable diligence" on Plaintiffs' part (See Defendants' Memo. p. 23).

## B. Plaintiffs Cannot Rely on Duress to Render Their Claims Timely

The FAC alleges that duress acts to toll the statute of limitations on Plaintiffs' RICO, Intentional Infliction of Emotional Distress (IIED), and Negligent Infliction of Emotion Distress (NIED) claims. Duress tolling is only available where duress is an element of the cause of action alleged. *Overall v. Estate of Klotz*, 52 F.3d 398, 404 (2d Cir. 1995). Tolling by duress is not available because duress is not an element of these claims. Additionally, duress tolling is only available where the plaintiff is subject to a continuous wrong. *Id.* (stating that the rationale behind duress tolling is that certain torts occur over a stretch of time). Here, the IIED and NIED claims are all based upon alleged discrete acts, not ongoing continuous torts. This Court has rejected the

application of duress to toll statutes of limitations in the intentional tort context, such as child abuse cases. *See, e.g., Schmidt v. Bishop*, 779 F. Supp. 321 (S.D.N.Y. 1991).

Plaintiffs' vague allegations that Mr. Weinstein used fear and intimidation tactics are unavailing. Plaintiffs do not allege with any specificity when certain threats or intimidating tactics occurred nor that they continued from the time of the alleged torts until October 2017. Rather, Plaintiffs claim only that the circumstances of the alleged assaults themselves caused them to forebear any claims against Mr. Weinstein. Plaintiffs do not allege any conduct in between the time of the alleged assaults and the date they filed this action that could excuse Plaintiffs' failure to assert their rights within the applicable limitations periods. The FAC is simply devoid of any specific allegations to demonstrate duress for the years, and in some cases decades, Plaintiffs waited to bring their claims.

### C. The Continuing Violation Doctrine Is Not Applicable

The continuing violation doctrine is heavily disfavored in this Circuit and will only be applied upon a showing of compelling circumstances. *Corrado v. New York Unified Court Sys.,* 163 F. Supp. 3d 1, 20 (E.D.N.Y. 2016), *aff'd,* 698 F. App'x 36 (2d Cir. 2017) (collecting cases). Critically, the doctrine does not apply to discrete acts such as those alleged here simply because the plaintiff continues to feel the effects of a time-barred act. *Id.* As further set forth in Defendants' Memo., the continuing violation doctrine is not applicable to types of claims asserted by the Plaintiffs herein (See Defendants' Memo. p.p. 26-27).

## II

## PLAINTIFFS GEISS, THOMAS, AND THOMPSON FAIL TO STATE A FEDERAL SEX TRAFFICKING CLAIM

Try as Plaintiffs might, they have failed to show that this is a sex trafficking case. The Court should dismiss Plaintiffs' claims under 18 U.S.C. § 1591, the Justice for Victims of Trafficking Act

of 2015, formerly the Victims of Trafficking and Violence Protection Act of 2000 (the "Act"), for failure to state a claim.

The Act is "part of a comprehensive regulatory scheme" that "criminalizes and attempts to prevent slavery, involuntary servitude, and human trafficking for commercial gain." *United States v. Evans*, 476 F.3d 1176, 1179 (11th Cir.), *cert. denied*, 552 U.S. 878 (2007) ("Congress recognized that human trafficking, particularly of women and children in the sex industry, is a modern form of slavery, and it is the largest manifestation of slavery today."). The House of Representatives Committee Report on the original version of the Act demonstrates a legislative purpose completely inapplicable to the allegations contained in this case.

> (a) Purposes – The purposes of this division are to combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims.

> (b) Findings – Congress finds that:

> > (1) As the 21st Century begins, the degrading institution of slavery continues through the world. Trafficking in persons is a modern form of slavery, and it is the largest manifestation of slavery today . . .

H. Rept. 106-939 – Victims of Trafficking and Violence Protection Act of 2000, at pp. 3-6.

Attempting to apply the Act to this case is an utter perversion of the legislative intent behind the statute. Further, this claim should be acknowledged for what it is – an attempt to draw further headlines and creatively revive otherwise long time-barred intentional tort claims. The Court should not entertain such a claim given the absence of any allegations that Mr. Weinstein somehow enslaved or trafficked Plaintiffs for commercial gain. Had he done so, one can be sure Plaintiffs would have so alleged. The encounters alleged in the FAC are simply not the type of behavior § 1591 was intended to reach (See e.g., FAC ¶¶ 93-202).

**The FAC Does Not Allege A Commercial Sex Act**

Since 2015, § 1591(a) has provided, in pertinent part, as follows:

> (a)     Whoever knowingly-
> (1)     in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
> (2)     benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1) knowing, ... that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, ... shall be punished as provided in subsection (b).

Section 1591 was designed to target organized sex-trafficking rings or ventures that profit from illicit sex trade. "[I]n the most sterile terms, the statute covers the situation where a U.S. citizen engages in a commercial transaction through which money is exchanged for sex acts." *United States v. Clark*, 435 F.3d 1100, 1115 (9th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007). "The term 'commercial sex act' means any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591 (e)(3). What Plaintiffs allege is not unlawful commercial activity as proscribed by §1591, but rather purported unwanted sexual activity. *Cf. United States v. Morrison*, 529 U.S. 598, 613 (2000) ("Gender-motivated crimes of violence are not, in any sense of the phrase, economic activity.").

Here, Plaintiffs merely allege that there was some general business related purpose for meeting with Mr. Weinstein when the acts allegedly occurred. Plaintiff Geiss was meeting with Mr. Weinstein to discuss her music company and her career (FAC ¶¶ 243-246), Plaintiff Thomas's meeting was for a nanny position (FAC ¶¶ 254-256), and Plaintiff Thompson met with Mr. Weinstein to discuss use of her company's technology (FAC ¶ 268). The FAC alleges that Mr. Weinstein used these alleged opportunities to "lure" or "entice" these Plaintiffs to meet with him.

Critically, the FAC fails to allege that any money or anything of value was exchanged for the alleged sex act in these situations. To constitute a commercial sex act, the transaction must be economic in nature. *United States v. Campbell,* 111 F. Supp.3d 340, 345 (W.D.N.Y. 2015) (citing *United States v. Paris*, 2007 WL 3124724, * 8 (D. Conn. Oct. 24, 2007) (Droney, J.)). In the context of the definition of "commercial sex acts" in subsection (f)(2), the court in *United States v. Reed*, 2017 WL 3208458, *10 (D.D.C. July 27, 2017), cited the Supreme Court's explanation of "economics" in *Gonzales v. Raich,* 545 U.S. 1, 25 (2005), in which the Court held: "'Economics' refers to the production, distribution, and consumption of commodities."

The *Reed* court elaborated with respect to an analogous statute criminalizing the transportation of minors, 18 U.S.C. § 2423:

> . . . Congress made factual findings that there exists a global marketplace for sexual exploitation of children, in which children are trafficked across borders for the purpose of prostitution, pornography production, and other forms of sexual abuse, and in which Americans are participating as customers. . . .   In that marketplace, the act of engaging in sexual intercourse with a child is the "commodity" for sale. In its simplest terms, Section 2423(c) prohibits the exchange of a thing of value for a particular commodity—a quintessential regulation of *economic* activity.

2017 WL 3208458, *10 (emphasis added).

*Kolbeck v. Twenty First Century Holiness Tabernacle Church, Inc.,* 10-Civ-4124, 2013 WL 6816174, * 16 (W.D. Ark. Dec. 24, 2013), is particularly instructive.  In *Kolbeck*, the district court granted summary judgment dismissing the plaintiffs' Section 1595 claim because the plaintiffs had failed to show that their "living expenses were paid as some sort of *quid pro quo* for the sex acts that occurred with [defendant evangelist Tony] Alamo." As the court noted, the plaintiffs failed "to establish that they deliberately accepted anything of value (*i.e.*, payment of living expenses) *in exchange for* having sex with Alamo." *Id*., n. 14 (emphasis original). Likewise, the fact that

defendants had their expenses paid by Alamo's ministry did not demonstrate that they "were compensated 'on account of' the sex acts." As the court held, "[i]n sum, Plaintiffs offer no evidence of a causal relationship between the sex acts and the payment of expenses," as required to establish a violation of 18 U.S.C. § 1591. *Id.*

Plaintiffs have not and cannot make the requisite showing. Their pleading offers nothing but the allegation that they hoped a beneficial financial relationship would result from meeting with Mr. Weinstein.

Concededly, Judge Sweet ruled to the contrary in *Noble v. Weinstein*, 335 F. Supp. 3d 504 (S.D.N.Y. 2018) (Mr. Weinstein is in the process of appealing that ruling.). It is respectfully submitted that Judge Sweet erred in so ruling and this Court should not follow his decision.[3] In *Noble,* the plaintiff, a model, alleged that Mr. Weinstein invited her to his hotel room to discuss a potential film role and then assaulted her. In holding that Noble had alleged a commercial sex act, Judge Sweet acknowledged the lack of authority supporting such a claim. "It is fair to say that these allegations present an extension of an element of Section 1591 on which there is little to no prior authority. What follows is an effort, aided by the tools of statutory construction, to navigate these uncharted waters." *Id.* at 520. As the above authority demonstrates, Judge Sweet veered off course in those uncharted waters and drastically expanded the Act. The *Noble* decision either ignored the persuasive authority and legislative history cited herein, or failed to properly take into account same.

The FAC alleges sexual assault and sexual misconduct occurring in the context of interviews, meetings concerning roles, and the like. Individuals with such claims have ample legal recourse and

---

[3] Similarly, Judge Engelmayer's adoption of Judge Sweet's ruling in *Canosa v. Ziff, et al.*, 18-Civ-04115, Dkt. No. 152 (S.D.N.Y. Jan. 28, 2019) was in error and should not be viewed by this Court as evidence that Judge Sweet's ruling was proper or supported by the weight of authority.

there is no need to stretch a statute designed to counteract modern day slavery far beyond what Congress could have imagined. It is evident that Plaintiffs know their claims are time-barred and are only invoking this inapplicable statute to take advantage of its 10-year statute of limitations. This Court should not permit the Act to be applied so far outside its intended scope.

### III

### PLAINTIFFS' RICO CLAIMS FAIL

Mr. Weinstein adopts and joins in the arguments set forth in Defendants' Memo to the extent applicable.[4] Despite being given a second opportunity to plead a claim under the RICO, Plaintiffs have failed to demonstrate any basis for their claims to be prosecuted under that statute. RICO was enacted to serve as an "assault upon organized crime and its economic roots." *Russello v. United States*, 464 U.S. 16, 26 (1983). The Second Circuit has cautioned that RICO has a narrow purpose and is not a catch-all statute for use against all allegedly unlawful conduct. *Hecht v. Commerce Cleaning House, Inc.*, 897 F. 2d 21, 25 (2d Cir. 1990). Plaintiffs' counsel's creative lawyering and phrasing – the "Weinstein Sexual Enterprise" – cannot transform several private intentional tort claims into a RICO enterprise. A similarly misguided effort to concoct a RICO claim out of intentional tort was rejected by Judge Engelmayer in his recent decision dismissing the plaintiff's RICO claim in *Canosa,* 18-Civ-4115, Dkt. No. 152 at 48.

Plaintiffs' claims of racketeering activity are premised on Weinstein's alleged violation of statutes prohibiting (1) mail and wire fraud (18 U.S.C. §§1341, 1343), (2) witness and/or victim tampering in connection with an official proceeding (18 U.S.C. §1512), and (3) human and

---

[4] If, as it should, this Court dismisses the RICO claims against the Moving Defendants, the claims must be dismissed against Mr. Weinstein as well. Mr. Weinstein cannot himself alone be a RICO enterprise. *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001) (holding that there must be a legal distinction between the RICO person and the RICO enterprise).

commercial sex trafficking (18 U.S.C. §§1590, 1591). These alleged "predicate acts," through which Mr. Weinstein purportedly conducted through the Weinstein Sexual Enterprise, are not supported by Plaintiffs' factual allegations. *See* 18 U.S.C. §1961(1)(a).

Plaintiffs lack standing to assert RICO claims because they cannot show that any of them were "injured in [their] business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) ("A RICO plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the [RICO] violation.") (internal quotations omitted). "But-for" causation is not sufficient; Plaintiffs must also show that their alleged injuries were proximately caused by the alleged racketeering activity. *See Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2d Cir. 1990). "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006).

First, Plaintiffs' allegations are insufficient to plead that any mail or wire fraud occurred, let alone that their alleged injuries were directly caused by it. Plaintiffs fail to satisfy the heightened pleading requirements of Rule 9(b), which require that "in alleging fraud ... a party must state with particularity the circumstances constituting fraud." *Ganino v. Citizens Utils. Co.,* 228 F.3d 154, 168 (2d Cir. 2000). Although a litany of wires and mails is alleged to have occurred, not a single false or misleading statement is identified. Instead, the FAC, citing largely to the New Yorker magazine, refers to a multitude of transactions for hotel rooms and other communications none of which constitute false or misleading statements (FAC ¶¶ 808-821). A mere general reference to communications does not satisfy Rule 9(b). The pleadings must specify the statements that were false or misleading, give particulars as to their alleged falsity, and state the time and place the

statements were made and the identity of the persons who made them. *McLaughlin v. Anderson,* 962 F.2d 187, 191 (2d Cir. 1992). Moreover, Plaintiffs fail to allege how *they* were directly injured by any mail or wire fraud. Unlike Plaintiffs, the New Yorker is not subject to Rule 9(b). A litigant cannot satisfy this heightened pleading standard by merely summarizing and quoting a magazine article based on unsworn statements by non-parties.

Second, Plaintiffs' invocation of the witness tampering statute as a predicate act is unavailing. The statute 18 U.S.C. §1512 prohibits the use of physical force, threats, or harassment intended to prevent a witness from testifying "in an official proceeding" or a victim from reporting the commission of "a Federal offense." None of Plaintiffs' allegations identify any "official proceeding" in which they were dissuaded from providing evidence, nor do they identify any federal offense they were dissuaded from reporting.  Rather, the FAC merely offers the conclusory allegation that certain Plaintiffs were prevented from "communicating with a law enforcement officer" (FAC ¶ 807). And, once again, Plaintiffs fail to allege any injury to "business or property" as a result of the alleged tampering that they were caused.

Third, Plaintiffs fail to allege facts demonstrating that Weinstein engaged in human and commercial sex trafficking in violation of 18 U.S.C. §§1590 and 1591, as demonstrated in Point II, *supra.*

This Court gave Plaintiffs a second chance to plead a colorable RICO claim and they have again failed to do so. They should not be given a third chance.

## IV

## PLAINTIFFS CANNOT MAINTAIN NEGLIGENT HIRING AND SUPERVISION OR RATIFICATION CLAIMS AGAINST MR. WEINSTEIN

Because the FAC includes Mr. Weinstein in the defined terms Miramax Officers and TWC Officers, it appears that Plaintiffs' claims of negligent hiring and supervision, and ratification are pled against Mr. Weinstein. In addition to being untimely, these claims must be dismissed as Mr. Weinstein cannot be held vicariously liable for his own alleged conduct. A defendant cannot aid and abet his or her own actions or be held vicariously liable for his or her own underlying conduct. *See Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 677, n.1 (S.D.N.Y. 2001) ("[A] primary actor cannot be an aider and abettor of his own actions") (internal citations omitted). Stated another way, Mr. Weinstein could not have negligently hired or supervised himself nor ratified his own conduct.

## CONCLUSION

For the reasons set forth herein and in the moving papers of the Moving Defendants, it is respectfully submitted that the First Amended Complaint be dismissed in its entirety without leave to replead.

Dated: New York, New York
      January 28, 2019

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Elior D. Shiloh
    Elior D. Shiloh, Esq.
    Brian Pete, Esq.
    *Attorneys for Defendant Harvey Weinstein*
    77 Water Street, Suite 2100
    New York, New York 10005
    Tel: 212-232-1300
    elior.shiloh@lewisbrisbois.com
    brian.pete@lewisbrisbois.com

By: /s/ Alan Dershowitz
    Alan Dershowitz, Esq.
    *Of Counsel to Defendant Harvey Weinstein*
    1575 Massachusetts Ave.
    Cambridge, Massachusetts
    *Application for admission pro hac vice to be filed*