UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISETTE GEISS, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA THOMPSON, MELISSA SAGEMILLER, NANNETTE MAY (f/k/a NANNETTE KLATT), KATHERINE KENDALL, ZOE BROCK, CAITLIN DULANY, LARISSA GOMES, and JANE DOE, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, MIRAMAX FILM NY LLC, THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., BUENA VISTA INTERNATIONAL, INC., HARVEY WEINSTEIN, ROBERT WEINSTEIN, DIRK ZIFF, TIM SARNOFF, MARC LASRY, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, PAUL TUDOR JONES, JEFF SACKMAN, JAMES DOLAN, MICHAEL EISNER, IRWIN REITER, DAVID GLASSER, FRANK GIL, RICK SCHWARTZ, FABRIZIO LOMBARDO, MARK GILL, NANCY ASHBROOKE, BARBARA SCHNEEWEISS, MIRAMAX DOES 1-10, TALENT AGENCY DOES 1-100, and JOHN DOES 1-50, inclusive,<br><br>     Defendants. | Case No.: 1:17-cv-09554-AKH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
BARBARA SCHNEEWEISS'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

ALLEGATIONS AGAINST BARBARA SCHNEEWEISS………..…………....…..…………1

ARGUMENT…......………………………………………………………………………..…3

     I.        Claims Are Barred by Statutes of Limitations and Tolling ………………………3

     II.       RICO and RICO Conspiracy Claims Are Insufficiently Pleaded . ……………....4

     III.      Sex Trafficking Claim Is Insufficiently Pleaded ………………………………..4

     IV.      Negligent Supervision and Retention Claims Fail Because Schneeweiss Was
               Weinstein's Subordinate and Not His Supervisor or Employer ……………..….4

     V.       Ratification Claim Fails Because Schneeweiss Was Not Weinstein's
               Principal and Did Not Intend to Ratify His Conduct ..…………………………...5

     VI.      Vicarious Liability Claims Fail Because Schneeweiss Was Weinstein's
               Subordinate and Not His Supervisor or Employer ……………………………...5

CONCLUSION…………………………………………...……………….………………...6

Defendant Barbara Schneeweiss submits this Memorandum of Law in support of her Motion to Dismiss the First Amended Class Action Complaint ("FAC", Dkt. No. 140). She joins in the Motion to Dismiss filed by her co-defendants on December 17, 2018 (Dkt. Nos 199, 200, and 201, "Co-Defendants' Motion"), and submits this supplemental memorandum.

## LIMITED ALLEGATIONS AGAINST BARBARA SCHNEEWEISS

The FAC only briefly discusses Ms. Schneeweiss, and the allegations against her are insufficient to maintain a claim against her for several reasons, as explained below and in the motions in which she joins. Plaintiff alleges that Ms. Schneeweiss "regularly procured and delivered victims to Harvey Weinstein in his office and hotel rooms knowing the women would be assaulted." FAC ¶ 58. She is alleged to have done so in her capacity as "the Vice President of Television Development at Miramax from 1996 to 2005" (*id.*) and as "the Vice President of Production and Development, Film & Television, for TWC from 2005 until in or about October 2017. . . ." *Id.* She is also alleged to have done so by "regularly act[ing] as Weinstein's assistant" (FAC ¶ 79), as "a producer at TWC" (FAC ¶ 234), and as "Harvey Weinstein's executive assistant." FAC ¶¶ 36, 345.

As further generally alleged, her role was to coordinate Harvey Weinstein's ("Weinstein") meetings with his alleged victims and then abandon them (FAC ¶¶ 386-89, 639-642); to reassure his alleged victims of their safety in these meetings (FAC ¶ 439); and to placate his alleged victims after Weinstein allegedly assaulted them. FAC ¶ 643. Plaintiff alleges Ms. Schneeweiss knew or should have known of Weinstein's alleged predatory sexual misconduct because "[c]lass members have publicly described seeing Schneeweiss after the assault occurred but Schneeweiss would purposefully not look them in the eyes." FAC ¶¶ 393, 644. She is further alleged to have failed

to take any steps to prevent further assaults. FAC ¶¶ 395, 646. She also is alleged to have taken steps to conceal her knowledge of Weinstein's alleged conduct. FAC ¶ 687.

Specifically, Ms. Schneeweiss is alleged to have (1) directed Melissa Sagemiller to meet Harvey Weinstein in his hotel room where he allegedly assaulted her in the summer of 2000 (FAC ¶¶ 167-72); (2) coordinated a meeting with Jane Doe and a modeling agency that resulted in the modeling agency signing Jane Doe as a client in 2010 (FAC ¶¶ 234-35); (3) responded, "He's never done anything to me" to Louisette Geiss after "she talked to Schneeweiss about Weinstein's inappropriate behavior" in 2008 (FAC ¶¶ 252, 645, 703); (4) "reached out to and connected with Geiss via Linked In in May 2017" at Harvey Weinstein's direction (FAC ¶ 253); (5) been copied on an email from Harvey Weinstein to Melissa Thompson along with other TWC employees in 2011 (FAC ¶ 299); (6) suggested that Ms. Thompson perform a test screening for a television docuseries on women entrepreneurs in New York in October 2011 (FAC ¶ 300); and invited Ms. Geiss to travel on Weinstein's private plane and assured her that there would be at least ten people on the plane, when in fact there were not. FAC ¶¶ 643, 645.[1]

Although not personally named in any of the counts, Ms. Schneeweiss is exposed to all but one of the FAC's 18 causes of action, having been grouped with five other people as a so-called "Miramax Officer" and seven other people as a so-called "TWC Officer." See FAC at p. 1. As part of the "Miramax Officer" group, Ms. Schneeweiss faces counts of Negligent Supervision and Retention (Count III); RICO (Count V); RICO Conspiracy (Count VI); Civil Battery (Count VII); Assault (Count IX); False Imprisonment (Count XI), Intentional Infliction of Emotional Distress

---

[1] The FAC also recites allegations against Schneeweiss from an unrelated Canadian civil action also directed at Weinstein's alleged predatory sexual conduct "[b]y way of example only," essentially conceding that these allegations are irrelevant here because they involve none of the plaintiffs in this action. *See* FAC ¶¶ 390-92.

2

("IIED") (Count XIII); Negligent Infliction of Emotional Distress ("NIED") (Count XV); and Ratification (Count XVII). As part of the "TWC Officer" group, Ms. Schneeweiss faces counts of Sex Trafficking (Count II); Negligent Supervision and Retention (Count IV); RICO (Count V); RICO Conspiracy (Count VI); Civil Battery (Count VIII); Assault (Count X); False Imprisonment (Count XII); IIED (Count XIV); NIED (Count XVI); and Ratification (Count XVIII).[2]

## ARGUMENT

I.  **Claims Are Barred by Statutes of Limitations and Tolling**

Ms. Schneeweiss adopts the arguments in Point IV of Co-Defendants' Motion regarding the relevant statutes of limitations and incorporates the arguments by reference. *See* Dkt. No. 201 at pp. 12-28. As argued therein, the vast majority of the claims in the FAC fall outside the relevant statutes of limitations, and the factual allegations cannot support any tolling theory.

Indeed, the FAC makes no specific factual allegations that Ms. Schneeweiss took any action that would have prevented the plaintiffs from bringing this action within the limitations period. As noted above, Ms. Schneeweiss is alleged to have (1) in 2000, directed Ms. Sagemiller to meet Weinstein in his hotel room (FAC ¶¶ 167-72); (2) in 2010, helped Jane Doe procure a modeling agent (FAC ¶¶ 234-35); (3) in 2008, informed Ms. Geiss that Weinstein had never assaulted her (FAC ¶¶ 252, 645, 703); (4) in May 2017, "reached out to and connected with Geiss via Linked In" (FAC ¶ 253); (5) in 2011, been copied on an an email from Harvey Weinstein to Ms. Thompson (FAC ¶ 299); (6) in October 2011, offered Ms. Thompson a television audition (FAC ¶ 300); and (7) in 2008, invited Ms. Geiss to travel on Weinstein's private plane but incorrectly stated that there would be at least 10 people on the plane. FAC ¶¶ 643, 645. Each of

---

[2] It should be noted, however, that the prayer for relief neglects to name Ms. Schneeweiss under the RICO Conspiracy (Count VI) as either a "Miramax Officer" or a "TWC Officer." *See* FAC, Prayer for Relief ¶¶ J-L.

3

these acts falls outside the relevant statutes of limitations, and none of them prevented any plaintiff from timely bringing this action. Accordingly, the relevant statutes of limitations were not tolled and the corresponding claims are time barred.

## II. RICO and RICO Conspiracy Claims Are Insufficiently Pleaded

Ms. Schneeweiss adopts the arguments in Points V and VI of Co-Defendants' Motion regarding the RICO and RICO Conspiracy counts and incorporates them herein by reference. *See* Dkt. No. 201 at pp. 28-44. As argued therein, those counts must be dismissed for failure to plead the requisite elements for both, and those arguments fully apply to Ms. Schneeweiss. Both the general and specific allegations against her fail to show that she engaged in any RICO predicate act, be it witness tampering, sex trafficking, or mail or wire fraud. Further, there are no allegations that specify how she proximately caused harm to the plaintiffs' businesses or property.

## III. Sex Trafficking Claim Is Insufficiently Pleaded

Ms. Schneeweiss adopts the arguments in Point VII of Co-Defendants' Motion regarding the sex trafficking count and incorporates them by reference. *See* Dkt. No. 201 at pp. 44-54. As argued therein, the FAC fails to allege the elements of a sex trafficking claim, and the claims of two plaintiffs are time-barred by the version of the sex trafficking statutes in effect at the time the claims accrued. As noted in Point I *supra*, neither the general nor specific allegations sufficiently plead that Ms. Schneeweiss engaged in a sex-trafficking venture. Also, none alleges that she benefitted from participating in a sex-trafficking venture or that she knew or should have known the venture was in violation of the applicable sex-trafficking statute.

## IV. Negligent Supervision and Retention Claims Fail Because Schneeweiss Was Weinstein's Subordinate and Not His Supervisor or Employer

Ms. Schneeweiss adopts the arguments in Points VIII of Co-Defendants' Motion regarding the Negligent Supervision and Retention counts and incorporates them by reference. *See* Dkt. No. 201 at pp. 54-62. As alleged, Ms. Schneeweiss was not Weinstein's employer but his subordinate in her alleged roles as Vice President for Miramax and TWC (FAC ¶ 58), as a producer at TWC (FAC ¶ 234), as Weinstein's assistant (FAC ¶ 79), or his executive assistant (FAC ¶¶ 36, 345). She never exercised supervisory control over Weinstein, nor had any authority over his continued employment by his actual employers.

## V. Ratification Claim Fails Because Schneeweiss Was Not Weinstein's Principal and Did Not Intend to Ratify His Conduct

Ms. Schneeweiss adopts the arguments in Point IX of Co-Defendants' Motion regarding the Ratification count and incorporates them by reference. *See* Dkt. No. 201 at pp. 63-65. As argued therein, and as fully applies to Ms. Schneeweiss, there are no specific factual allegations demonstrating that Ms. Schneeweiss was Weinstein's principal or that she intended to ratify his conduct. The FAC makes only conclusory allegations, *inter alia*, that the "Miramax Officers" and "TWC Officers" ratified Weinstein's alleged predatory sexual conduct. *See* FAC ¶¶ 913, 919. This fails to state a claim upon which relief can be granted.

## VI. Vicarious Liability Claims Fail Because Schneeweiss Was Weinstein's Subordinate and Not His Supervisor or Employer

Ms. Schneeweiss adopts the arguments in Point X of the Motion to Dismiss regarding all of the claims that rely on a theory of vicarious liability, namely the Civil Battery, Assault, False Imprisonment, IIED, and NIED counts, and incorporates them by reference. *See* Dkt. No. 201 at pp. 66-68. As argued therein, those claims must fail as a matter of law. As noted in Point VI

*supra*, Ms. Schneeweiss was not Weinstein's employer but his subordinate, and she asserted no supervisory control over him sufficient to justify holding her liable under any vicarious liability theory.

## **CONCLUSION**

For the foregoing reasons, and for the reasons presented in Co-Defendants' Motion, Defendant Barbara Schneeweiss respectfully requests that the Court grant her Motion to Dismiss the FAC with prejudice and grant any other relief the Court deems just and proper.

Dated: February 7, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: */s/ Robert M. Barta*
　　　　　　　　　　　　　　　　　　　　　　Robert M. Barta (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Daniel Y. Simkin (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　ROSOFF, SCHIFFRES & BARTA
　　　　　　　　　　　　　　　　　　　　　　1801 Century Park East, Suite 1200
　　　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90067
　　　　　　　　　　　　　　　　　　　　　　Tel: (310) 479-1454
　　　　　　　　　　　　　　　　　　　　　　Fax: (310) 478-1439
　　　　　　　　　　　　　　　　　　　　　　rbarta@rsblaw.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　*Barbara Schneeweiss*