UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISETTE GEISS, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA THOMPSON, MELISSA SAGEMILLER, NANNETTE MAY (f/k/a NANNETTE KLATT), KATHERINE KENDALL, ZOE BROCK, CAITLIN DULANY, LARISSA GOMES, and JANE DOE, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, MIRAMAX FILM NY LLC, THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., BUENA VISTA INTERNATIONAL, INC., HARVEY WEINSTEIN, ROBERT WEINSTEIN, DIRK ZIFF, TIM SARNOFF, MARC LASRY, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, PAUL TUDOR JONES, JEFF SACKMAN, JAMES DOLAN, MICHAEL EISNER, IRWIN REITER, DAVID GLASSER, FRANK GIL, RICK SCHWARTZ, FABRIZIO LOMBARDO, MARK GILL, NANCY ASHBROOKE, BARBARA SCHNEEWEISS, MIRAMAX DOES 1-10, TALENT AGENCY DOES 1-100, and JOHN DOES 1-50, inclusive,<br><br>     Defendants. | Case No.: 1:17-cv-09554-AKH |

**REPLY IN SUPPORT OF DEFENDANT
BARBARA SCHNEEWEISS'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………...……………….………….………..i

TABLE OF AUTHORITIES……………………...…………….……….………………..i

    I.       The Majority of Plaintiffs Claims Against Ms. Schneeweiss Are Time-Barred….1

    II.      Plaintiffs' Sex-Trafficking Claims Are Insufficiently Pleaded…………………...2

    III.     Plaintiffs' RICO and RICO Conspiracy Claims Are Insufficiently Pleaded……..4

    IV.     Plaintiffs Concede that the Negligent Supervision and Retention, Vicarious Liability, and Ratification Claims Cannot Survive……………………………….5

CONCLUSION……………………………………...…………….……………….…...6

## TABLE OF AUTHORITIES

**Federal Cases**

*Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC*, 45 F. Supp. 3d 436 (S.D.N.Y. 2014) ................. 4

*Canosa v. Ziff*, 2019 U.S. Dist. LEXIS 13263 (S.D.N.Y. Jan. 28, 2019) ....................................... 6

*Cook v. City of Chi.*, No. 06 C 5930, 2008 U.S. Dist. LEXIS 34131 (N.D. Ill. Apr. 25, 2008) ..... 2

*Doe v. Bakersfield City Sch. Dist.*, 136 Cal. App. 4th 556 (Cal. 2006) .......................................... 2

*Glick v. Berk & Michaels, P.C.*, No. 90 Civ. 4230 (CSH), 1991 U.S. Dist. LEXIS 10347
   (S.D.N.Y. July 26, 1991) ............................................................................................................ 2

*Grace v. Rosenstock*, 228 F.3d 40 (2d Cir. 2000) ........................................................................... 6

*John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438 (Cal. 1989) ............................................ 1, 2

*Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387 (S.D.N.Y. 2010) .......... 6

*Wright v. Ernst & Young LLP*, 152 F.3d 169 (2d Cir. 1998) ........................................................... 4

**International Cases**

*Jane Doe v. Harvey Weinstein*, No. CV-17-585459 (Ontario Sup. Ct. Justice) .............................. 3

**Statutes**

18 U.S.C. § 1591(a) ......................................................................................................................... 3

Defendant Barbara Schneeweiss submits this Reply in support of her Motion to Dismiss the First Amended Class Action Complaint ("FAC", Dkt. No. 140). She joins in the Omnibus Reply filed by her co-defendants on February 28, 2019 ("Omnibus Reply," Dkt. No. 264), and submits this supplemental memorandum.

## I. The Majority of Plaintiffs' Claims Against Ms. Schneeweiss are Time-Barred

Ms. Schneeweiss adopts the arguments in Point II of the Omnibus Reply regarding the relevant statutes of limitations, to the extent applicable to her, and incorporates those arguments by reference. *See* Omnibus Reply at pp. 4-16. In their supplemental brief in opposition of the motions to dismiss of Defendants Tarak Ben Ammar (Dkt. No. 254-56) and Ms. Schneeweiss (Dkt. No. 246-47), Plaintiffs argue that because they made "extensive" tolling allegations about Harvey Weinstein and his "army of spies," they need not allege that Ms. Schneeweiss herself prevented Plaintiffs from timely bringing their claims. *See* Plaintiff's Supplemental Brief, Dkt. No. 261 at p. 26. In support of this position, Plaintiffs misplace reliance on cases where the statutes of limitations were tolled against public entities whose own agents prevented plaintiffs from timely bringing their claims. *See id.*; *John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438, 445 (Cal. 1989) ("It is well settled that a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act."); *Doe v. Bakersfield City Sch. Dist.*, 136 Cal. App. 4th 556, 569 (Cal. 2006) (same, quoting *John R.*); *Cook v. City of Chi.*, No. 06 C 5930, 2008 U.S. Dist. LEXIS 34131, at *8 (N.D. Ill. Apr. 25, 2008) (holding that allegations of threats by a city's officer and investigator that tolled the statute of limitations showed the "custom or usage of [the city's] allowing and covering up police misconduct[, and as] such, these actions are considered actions taken by the

1

City for which the City is directly responsible and blameworthy for purposes of equitable estoppel.").

However, those cases have no bearing here. Plaintiffs concede that Harvey Weinstein was not Ms. Schneeweiss' agent or employee. *See* Plaintiffs' Supplemental Brief at p. 24. Thus, the equitable principles that would hold California school districts accountable for the actions of its teachers or the City of Chicago accountable for the actions of its police officers are inapplicable here. Consequently, to adequately plead their theory of equitable tolling against Ms. Schneeweiss, Plaintiffs must allege that it was she, not merely Harvey Weinstein or his "army of spies," that prevented Plaintiffs from timely bringing their claims. *See* Omnibus Motion to Dismiss, Dkt. No. 201 at pp. 20-28; *Glick v. Berk & Michaels, P.C.*, No. 90 Civ. 4230 (CSH), 1991 U.S. Dist. LEXIS 10347, at *29 (S.D.N.Y. July 26, 1991) ("Allegations that *other* defendants acted to deceive plaintiffs from filing suit do not plead fraudulent concealment against *all* defendants. That is because the doctrine of fraudulent concealment tolls the statute of limitations *only* as to those defendants who committed the concealment." (emphasis in original) (citations and internal quotation marks omitted)). This Plaintiffs have failed to do. *See* Schneeweiss Supplemental Brief, Dkt. No. 247 at pp. 3-4. Accordingly, Plaintiffs' claims are time-barred.

**II.     Plaintiffs' Sex-Trafficking Claims Are Insufficiently Pleaded**

Ms. Schneeweiss adopts the arguments in Point IV of the Omnibus Reply regarding the sex-trafficking claims, to the extent applicable to her, and incorporates them by reference. *See* Omnibus Reply at pp. 29-38. As shown therein, for Ms. Schneeweiss to be civilly liable under either the 2003 TVPRA (applicable to Plaintiffs Geiss' and Thomas' claims) or the 2008 TVPRA (applicable to Plaintiff Thompson's claims), she needed either (1) actual, affirmative knowledge (2003 TVPRA) or (2) should have known (2008 TVPRA) that she was participating in a sex-

trafficking venture that used "force, fraud, or coercion" to cause a specific person to "engage in a commercial sex act[.]" *See* Omnibus Reply at p. 30 (quoting 18 U.S.C. § 1591(a)). However, the only factual allegation pertinent to Ms. Schneeweiss' knowledge – actual or otherwise – is that "[c]lass members have publicly described seeing Schneeweiss after the assault occurred but Schneeweiss would purposefully not look them in the eyes." FAC ¶¶ 393, 644. In other words, Plaintiffs rely on a single allegation of hearsay attributed to unspecified class-members describing where Ms. Schneeweiss looked after an unspecified assault. This does not satisfy Plaintiffs' requirement to plead scienter under the TVPRA, as it does not rise to the level of alleging that she actually knew or should have known of her participation in a sex-trafficking venture.

Also, Plaintiffs do not remedy their failure to plead specific, factual allegations that Ms. Schneeweiss benefitted from the alleged sex-trafficking venture. Instead, for the first time, Plaintiffs now contend that Ms. Schneeweiss benefitted from the alleged sex-trafficking venture from her "continued employment under Weinstein and the power and benefits it brought her." Plaintiffs' Supplemental Brief at p. 19. Rather than citing to the FAC – because no such allegation exists therein – Plaintiffs cite to a court order in an unrelated Canadian action,[1] serving only to highlight what was not pleaded here. *See id.* at p. 19, n. 77 (reciting how the Jane Doe plaintiff in the Canadian action, unlike Plaintiffs here, claimed that "Schneeweiss's facilitation of the sexual assaults was undertaken with a view to subsequent career advancement."). This omission is fatal to Plaintiffs' claims here. As noted in the Omnibus Reply, "Plaintiffs cannot save their claim with uncited and unpleaded assertions . . . that appear for the first time in their opposition brief instead of their complaint." Omnibus Reply at p. 32 (citing *Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC*, 45 F. Supp. 3d 436, 451 (S.D.N.Y. 2014) ("It is axiomatic that the Complaint cannot be

---

[1] *Jane Doe v. Harvey Weinstein*, No. CV-17-585459 (Ontario Sup. Ct. Justice).

3

amended by briefs in opposition to a motion to dismiss.") (internal quotation marks and brackets omitted)); *see also id.* at 18, n. 10 (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998).

### III. Plaintiffs' RICO and RICO Conspiracy Claims Are Insufficiently Pleaded

Ms. Schneeweiss adopts the arguments in Point III of the Omnibus Reply regarding the RICO and RICO Conspiracy counts, to the extent applicable to her, and incorporates them herein by reference. *See* Omnibus Reply at pp. 17-29. Specific to Ms. Schneeweiss, Plaintiffs only argue in opposition that she engaged in at least two predicate RICO acts of sex-trafficking, conceding that the FAC makes no allegations against Ms. Schneeweiss of witness tampering or mail and wire fraud.[2] *See* Plaintiffs' Supplemental Brief at p. 20. Also, Plaintiffs point to three allegations of sex trafficking as RICO predicates "[b]y way of example only" (*see id.*), all of which are insufficiently pleaded (*see supra* Point II), and two of which (regarding Plaintiffs Sagemiller and Jane Doe) are time-barred. *See supra*, Point I; Omnibus Brief, Dkt. 201 at p. 15. Without identifying any viable predicate RICO acts – "by way of example" or otherwise – Plaintiffs' RICO claims must be dismissed.

### IV. Plaintiffs Concede that the Negligent Supervision and Retention, Vicarious Liability, and Ratification Claims Cannot Survive

Ms. Schneeweiss adopts the arguments in Points V-VII of the Omnibus Reply regarding the negligent supervision and retention, vicarious liability, and ratification claims, to the extent applicable to her, and incorporates them herein by reference. *See* Omnibus Reply at pp. 38-53. Specific to Ms. Schneeweiss, Plaintiffs now fully abandon their state law claims by conceding that

---

[2] Plaintiffs contend that discovery will reveal the mail and wire fraud and witness tampering that they failed to plead in the FAC. *See* Plaintiffs' Supplemental Brief at p. 20, n. 82. As addressed in the Omnibus Reply, this puts the cart before the horse. *See* Omnibus Reply at p. 19, 27, 42, 54.

she "was not Harvey Weinstein's employer or principal." Plaintiffs Supplemental Brief at p. 24. This admission is not only fatal to these claims, but is reflective of Plaintiffs' broader abuse of group pleading. The FAC charges 17 of 18 of the FAC's counts against Ms. Schneeweiss, falsely alleging that she was both a "Miramax Officer" and a "TWC Officer" (*see* FAC at p. 1), when in fact she was only an employee of either entity, and as Harvey Weinstein's subordinate, was never responsible for his conduct.

Following this admission, Plaintiffs pivot to an entirely new theory of accomplice liability, that Ms. Schneeweiss allegedly aided and abetted Harvey Weinstein's tortious conduct. *See* Plaintiffs Supplemental Brief at p. 24. As noted *supra* in Point II, Plaintiffs cannot amend their pleadings in their opposition briefing. Also, as argued in Point VIII of the Omnibus Reply, which Ms. Schneeweiss adopts to the extent applicable to her and incorporates by reference, Plaintiffs have provided no justification for leave to amend any of their claims.[3] This is especially true for their new aiding and abetting theory, which would be time-barred, as Harvey Weinstein's alleged tortious conduct, the source of any alleged accomplice liability, falls well outside of the applicable statutes of limitations. *See Canosa v. Ziff*, 2019 U.S. Dist. LEXIS 13263, at *30-31 (S.D.N.Y. Jan. 28, 2019) ("The statute of limitations for each aiding and abetting claim is determined by the underlying tort.") (quoting *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 393 (S.D.N.Y. 2010)); *see also* Omnibus Motion at pp. 16-28. This deficiency cannot be cured by amendment. *See, e.g.*, *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment

---

[3] Hoping to equate the two cases, Plaintiffs again cite the court's order from the unrelated Jane Doe Canadian action, presumably to distract from the deficiencies of the pleadings in this case. *See* Plaintiffs' Supplemental Brief at p. 25. As noted in the Schneeweiss Brief, the FAC recites allegations from that case "[b]y way of example only," essentially conceding that those allegations are irrelevant here because they involve none of the plaintiffs in this action. *See* Schneeweiss Brief at p. 2.

5

would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations.").

## CONCLUSION

For the foregoing reasons, Defendant Barbara Schneeweiss respectfully requests that the Court grant her Motion to Dismiss with prejudice and grant any other relief the Court deems just and proper.

Dated: March 5, 2019                                    Respectfully submitted,


                                                        By: */s/ Robert M. Barta*
                                                            Robert M. Barta (*pro hac vice*)
                                                            Daniel Y. Simkin (*pro hac vice*)
                                                            ROSOFF, SCHIFFRES & BARTA
                                                            1801 Century Park East, Suite 1200
                                                            Los Angeles, California 90067
                                                            Tel: (310) 479-1454
                                                            Fax: (310) 478-1439
                                                            rbarta@rsblaw.com

                                                            *Attorneys for Defendant
                                                            Barbara Schneeweiss*