**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISETTE GEISS, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA THOMPSON, MELISSA SAGEMILLER, NANNETTE MAY (f/k/a NANNETTE KLATT), KATHERINE KENDALL, ZOE BROCK, CAITLIN DULANY, LARISSA GOMES, and JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, MIRAMAX FILM NY LLC, THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., BUENA VISTA INTERNATIONAL, INC., HARVEY WEINSTEIN, ROBERT WEINSTEIN, DIRK ZIFF, TIM SARNOFF, MARC LASRY, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, PAUL TUDOR JONES, JEFF SACKMAN, JAMES DOLAN, MICHAEL EISNER, IRWIN REITER, DAVID GLASSER, FRANK GIL, RICK SCHWARTZ, FABRIZIO LOMBARDO, MARK GILL, NANCY ASHBROOKE, BARBARA SCHNEEWEISS, MIRAMAX DOES 1-10, TALENT AGENCY DOES 1-100, and JOHN DOES 1-50, inclusive,<br><br>Defendants. | No. 1:17-cv-09554-AKH<br><br>Hon. Alvin K. Hellerstein<br><br> |

## STIPULATED PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

ORDERED that any person subject to this Order, including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms, upon pain of contempt:

1.  Scope of Order. This Order shall govern the production, use, and disclosure of all information and materials produced by the parties in response to any discovery in this action (including, without limitation, to documents, interrogatory answers, responses to requests to admit, and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. (collectively, "Discovery Material").

2.  Designation of "Confidential" Discovery Material. A party may, in good faith designate as "Confidential" and therefore subject to the protections and requirements of this Order, Discovery Material that consists of or includes non-public information that would reasonably be subject to protection under applicable statute, rule, or precedent, including:

    a)  Discovery Material that a party reasonably believes contains or refers to information that is not generally available to or accessible by the general public, that a party believes contains or refers to confidential information of third parties, information protected by statute, rule or regulation, or other confidential or proprietary analyses;

    b)  any other category of information hereinafter given confidential status by the Court.

3.  Method of Designating Materials "Confidential". With respect to the designation of confidential Discovery Material other than deposition transcripts and exhibits, the producing

party or that party's counsel may designate confidential Discovery Material by stamping or otherwise clearly marking as "Confidential" on the document in a manner that will not interfere with the legibility or audibility. Discovery material designated "Confidential" shall be identified by Bates Number. To the extent practical, the respective legend shall be placed near the Bates Number. Multi-paged Discovery Material shall be stamped "Confidential" on each page so designated. If Discovery Material cannot be so labeled, it must be designated "Confidential" in some other conspicuous manner.

4.  With respect to deposition transcripts and exhibits, such designation shall be made on the record during the deposition whenever possible, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. A Party may designate portions of depositions as "Confidential" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript, and until the expiration of such thirty (30) days after notice by the court reporter of the completion of the transcript, no Party or counsel for any such Party may share the contents of the deposition outside the limitations of this Protective Order.

5.  <u>Designation of "Highly Confidential / Attorneys' Eyes Only" Discovery Material.</u> A heightened level of protection will be afforded to Discovery Material designated as "Highly Confidential / Attorneys' Eyes Only." A designation of "Highly Confidential / Attorneys' Eyes Only" may be made by any producing or designating party only after such party has made a good faith determination that the Discovery Material includes or constitutes highly confidential or proprietary information which, if disclosed to the other party, rather than to its counsel, could

result in serious injury or harm to the producing or designating party's interests, including, but not limited to:

    a)    Information prohibited from disclosure by statute;

    b)    previously nondisclosed financial information (including without limitation balance sheets, income statements, income tax returns, W-2 forms, and 1099 forms, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    c)    medical information and protected health information concerning any individual;

    d)    mental health information concerning any individual;

    e)    personal identity information; and

    f)    personnel or employment records of Plaintiffs.

The producing or designating party producing any Discovery Material may designate as "Highly Confidential / Attorneys' Eyes Only" only such portion of such material as consists of the "Highly Confidential / Attorneys' Eyes Only" material.

6.    <u>Method of Designating "Highly Confidential / Attorneys' Eyes Only" Discovery Material</u>. A party may designate Discovery Material that it deems highly confidential as being "Highly Confidential / Attorneys' Eyes Only," following the same procedure set forth in paragraph 2 above. Designation of such highly confidential Discovery Material shall be made by stamping or otherwise clearly marking as "Highly Confidential / Attorneys' Eyes Only" on the document in a matter that will not interfere with the legibility or audibility of the document. Discovery material designated "Highly Confidential / Attorneys' Eyes Only" shall be identified by Bates Number. To the extent practical, the respective legend shall be placed near the Bates

Number. Multi-paged Discovery Material shall be stamped "Highly Confidential / Attorneys' Eyes Only" on each page so designated. If Discovery Material cannot be so labeled, it must be designated "Highly Confidential / Attorneys' Eyes Only" in some other conspicuous manner.

7. <u>Failure to Designate Material as "Confidential" or "Highly Confidential / Attorneys' Eyes Only"</u>. If at any time prior to the trial of this action, a producing party realizes that some portion(s) of Discovery Material that was previously produced without limitation should be designated as "Confidential" or "Highly Confidential / Attorneys' Eyes Only," that party may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" or "Highly Confidential / Attorneys' Eyes Only" under the terms of this Order.

8. <u>Use of "Confidential" Discovery Material</u>. No person subject to this Order other than the producing party shall disclose any of the Discovery Material designated by the producing party as "Confidential" to any other person whomsoever, except to:

    a)     the parties to this action;

    b)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c)     persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    d)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy (not including a person who received the document in the course of litigation);

e)  during their depositions, witnesses in this action to whom disclosure is reasonably necessary, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto as Exhibit A; Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order

f)  any person retained by a party to serve as an expert witness or consultant in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto as Exhibit A;

g)  stenographers engaged to transcribe depositions conducted in this action;

h)  the Court and its support personnel; and

i)  such other persons only by the written consent of the producing party or upon order of the Court, upon motion of either party, or upon stipulation of all parties as entered by the Court.

9.  Prior to any disclosure of any "Confidential" Discovery Material to any person referred to in subparagraphs 7 (e), (f), and (i) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form attached hereto as Exhibit A stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to

opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. <u>Use of "Highly Confidential / Attorneys' Eyes Only" Discovery Material</u>. Discovery Material designated as "Highly Confidential / Attorneys' Eyes Only" may only be disclosed to persons identified in subparagraphs 7 (b), (c), (e), (f), (g),(h), and (i). The parties agree that the person to whom the "Highly Confidential / Attorneys' Eyes Only" Discovery Material is disclosed will not use such information or documents for competitive purposes, including, but not limited to, to conceive, create, design, develop, advertise, or sell any products that will compete with the disclosing party.

11. Discovery Material designated "Confidential" or "Highly Confidential / Attorneys' Eyes Only" shall not be disclosed or used for any purpose except the preparation and trial of this case and any related matter, including but not limited to, investigations by law enforcement.

12. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that: (a) was, is or becomes public knowledge, not in violation of this Stipulated Protective Order; (b) that is lawfully acquired by or known to the receiving party independent of the producing party; (c) is disclosed by a non-designating party with the approval of the designating party; (d) pursuant to Order of the Court; or (e) for purposes of law enforcement.

13. With respect to any discovery material produced by a non-party, the non-party may invoke the terms of this Order in writing to all Parties by designating discovery material "Confidential" or "Highly Confidential / Attorneys' Eyes Only." Any such protected material produced by the non-party designated "Confidential" or "Highly Confidential / Attorneys' Eyes

Only." shall be subject to the restrictions contained in this Order and shall only be disclosed or used in a manner consistent with this Order.

14. Whenever a Party seeks to file any document or material containing "Confidential" or "Highly Confidential / Attorneys' Eyes Only" Information with the Court in this matter, it shall be accompanied by a Motion to Seal pursuant to Section 6.2 of the Electronic Case Filing Rules & Instructions for the Southern District of New York and this Court's Individual Rule 4.

15. Objections to Designations. A party shall not be obligated to challenge the propriety of any designation of discovery material under this Order at the time the designation is made and a failure to do so shall not preclude a subsequent challenge thereto. The designation of any material or document as "Confidential" or "Highly Confidential / Attorneys' Eyes Only" is subject to challenge by any party. The following procedure shall apply to any such challenge:

(a) Meet and Confer. A party challenging the designation of "Confidential" or "Highly Confidential / Attorneys' Eyes Only" must do so in good faith and must begin the process by conferring directly with counsel for the disclosing party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the disclosing party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The disclosing party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The

burden of persuasion in any such challenge proceeding shall be on the disclosing party. Until the Court rules on the challenge, all parties shall continue to treat the materials as "Confidential" or "Highly Confidential / Attorneys' Eyes Only" under the terms of this Order.

16.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as "Confidential" or "Highly Confidential / Attorneys' Eyes Only," the receiving party must so notify the disclosing party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the disclosing party in this case an opportunity to try to protect its "Confidential" or "Highly Confidential / Attorneys' Eyes Only" Information in the court from which the subpoena or order issued. The disclosing party shall bear the burden and the expense of seeking protection in that court of its "Confidential" or "Highly Confidential / Attorneys' Eyes Only" Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its

possession, custody, or control "Confidential" or "Highly Confidential / Attorneys' Eyes Only" Information by the other party to this case.

17. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as "Confidential" or "Highly Confidential / Attorneys' Eyes Only." The Court also retains unfettered discretion whether or not to afford confidential treatment to any confidential document or information contained in any document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

18. Each person who has access to Discovery Material that has been designated as "Confidential" or "Highly Confidential / Attorneys' Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

20. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

21.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

22.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

23.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

24.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential / Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. The destroying party shall provide all parties with an affidavit confirming the destruction.

25.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

26.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED

_____
ALVIN K. HELLERSTEIN, U.S.D.J.

Dated: New York, New York
       10/16, 2019

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISETTE GEISS, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA THOMPSON, MELISSA SAGEMILLER, NANNETTE MAY (f/k/a NANNETTE KLATT), KATHERINE KENDALL, ZOE BROCK, CAITLIN DULANY, LARISSA GOMES, and JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, MIRAMAX FILM NY LLC, THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., BUENA VISTA INTERNATIONAL, INC., HARVEY WEINSTEIN, ROBERT WEINSTEIN, DIRK ZIFF, TIM SARNOFF, MARC LASRY, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, PAUL TUDOR JONES, JEFF SACKMAN, JAMES DOLAN, MICHAEL EISNER, IRWIN REITER, DAVID GLASSER, FRANK GIL, RICK SCHWARTZ, FABRIZIO LOMBARDO, MARK GILL, NANCY ASHBROOKE, BARBARA SCHNEEWEISS, MIRAMAX DOES 1-10, TALENT AGENCY DOES 1-100, and JOHN DOES 1-50, inclusive,<br><br>Defendants. | No. 1:17-cv-09554-AKH<br><br>Hon. Alvin K. Hellerstein<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Highly Confidential / Attorneys' Eyes Only." I agree that I will not disclose such "Confidential" or "Highly

4844-6385-0152.1

Confidential / Attorneys' Eyes Only" Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____     _____