## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISETTE GEISS, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA THOMPSON, MELISSA SAGEMILLER, NANNETTE MAY (f/k/a NANNETTE KLATT), KATHERINE KENDALL, ZOE BROCK, CAITLIN DULANY, LARISSA GOMES, and JANE DOE, individually and on behalf of all others similarly situated, | No. 1:17-cv-09554-AKH<br><br>Hon. Alvin K. Hellerstein |
| Plaintiffs, | |
| v. | |
| THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al.,* | |
| Defendants. | |
| JILL DOE, individually and on behalf of all others similarly situated, | No. 1:19-cv-3430-AKH |
| Plaintiff, | |
| v. | |
| THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al.*, | |
| Defendants. | |

## SETTLEMENT CLASS REPRESENTATIVES' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASSES, APPOINTMENT OF CLASS COUNSEL, AND PERMISSION TO DISSEMINATE CLASS NOTICE

## TABLE OF EXHIBITS

Pursuant to the Individual Rules of The Honorable Alvin K. Hellerstein, the following

table reflects the exhibits filed with this Motion:

| Exhibit | Main Exhibit | Sub-Exhibit |
|---------|--------------|-------------|
| 1 | Class Settlement Agreement | |
| 1(A) | | Allocation Guidelines |
| 1(B) | | Claim Form |
| 1(C) | | Publication Notice |
| 1(D) | | Long-Form Notice |
| 1(E) | | Letter Notice |
| 1(F) | | Email Notice |
| 1(G) | | Proposed Preliminary Approval Order |
| 1(H) | | Settlement Deed for Plaintiff Jane Doe (U.K.) |
| 1(I) | | List of Released Professionals |
| 2 | Joint Declaration of Elizabeth A. Fegan And Steve W. Berman, Settlement Class Counsel | |
| 2(A) | | Resume of Fegan Scott LLC |
| 2(B) | | Resume of Hagens Berman Sobol Shapiro LLP |
| 2(C) | | The Weinstein Company Global Settlement Agreement |
| 2(D) | | Joint Chapter 11 Plan of Liquidation |
| 2(E) | | Individual Plaintiffs' Settlement Agreement and Release |
| 2(F) | | The Weinstein Company Holdings LLC Operating Agreement |
| 3 | Declaration of the New York State Office of the Attorney General | |
| 3(A) | | Verified Petition in The People of the State of New York v. The Weinstein Company LLC, The Weinstein Company Holdings LLC, Harvey Weinstein, and Robert Weinstein, Case No. |

| Exhibit | Main Exhibit | Sub-Exhibit |
|---|---|---|
| | | 0450293/2018 (N.Y. Sup. Ct.) |
| 4 | Declaration of Jon Shub (Subclass Counsel for the Pre-2005 Subclass) | |
| 5 | Declaration of Daniel Girard (Subclass Counsel for the Post-2005 Subclass) | |
| 6 | Declaration of Jed Melnick, JAMS ADR | |
| 6(A) | | Resume of Jed Melnick |
| 7 | Declaration of Kyle Bingham Regarding Notice Program | |
| 8 | Declaration of Louisette Geiss, Settlement Class Representative | |
| 9 | Declaration of Sarah Ann Masse, Settlement Class Representative | |
| 10 | Declaration of Melissa Thompson, Settlement Class Representative | |
| 11 | Declaration of Melissa Sagemiller, Settlement Class Representative | |
| 12 | Declaration of Nannette Klatt, Settlement Class Representative | |
| 13 | Declaration of Katherine Kendall, Settlement Class Representative | |
| 14 | Declaration of Caitlin Dulany, Settlement Class Representative | |
| 15 | Declaration of Larissa Gomes, Settlement Class Representative | |
| 16 | Declaration of Jill Doe, Settlement Class Representative | |

Plaintiffs Louisette Geiss, Sarah Ann Thomas (a/k/a Sarah Ann Masse), Melissa Thompson, Melissa Sagemiller, Nannette May (f/k/a Nannette Klatt), Katherine Kendall, Caitlin Dulany, Larissa Gomes, and Jill Doe (collectively, the "Settlement Class Representatives"), respectfully request that this Court grant their Motion For Preliminary Approval Of Class Settlement, Certification Of Settlement Classes, Appointment Of Class Counsel, and Permission To Disseminate Class Notice, and in support thereof state as follows:[1,2]

1.      Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of any settlement of a class action.  In weighing a grant of preliminary approval, a court must determine whether "giving notice is justified by the parties' showing that the court will likely be able to:  (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."  Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

2.      While Rule 23(e)(2) sets forth the criteria the court must consider in determining whether a proposed class settlement merits approval, the court must also consider the perspective of the class members who would be bound by a settlement. The approval process is thus a three-step process. Further, where, as here, no class has been certified prior to settlement, consideration of class certification is folded into the three-step settlement approval process. The resulting combined approval/certification process is as follows:

3.      First, the Court must make a preliminary determination of whether a settlement satisfies the criteria set out in Rule 23(e)(2). At the same time, the Court must determine whether it has a basis for concluding that it likely will be able, after the final approval hearing, to certify

---

[1] All capitalized terms herein shall have the same meanings as set forth in the Class Settlement Agreement, attached as Exhibit 1.
[2] The New York State Office of the Attorney General ("NYOAG") supports this Motion.

the class under the standards of Rule 23(a) and (b). If the answer to both questions is "yes," the Court proceeds to step two.

4.      Second, the Court directs combined notice of the proposed Class and the Settlement to class members pursuant to Rule 23(c)(2)(B) and 23(e)(1), which includes a period for class members to voice objections to the settlement, opt out of the proposed class if certification is pursuant to Rule 23(b)(3), or to indicate their approval by making claims.

5.      Third, the Court holds a hearing to make its final determination of whether the settlement is fair, reasonable, adequate under the criteria set forth in 23(e)(2); and whether the class merits certification.

6.      For the reasons set out in the accompanying memorandum of law, this Court will be able to approve the proposal under Rule 23(e)(2) and certify the class for purposes of judgment on the terms of the proposed settlement. Under Rule 23(e)(2), the class representatives and class counsel have adequately represented the class throughout this litigation.  The settlement was negotiated at arm's length with the assistance of a JAMS mediator with experience mediating sexual abuse class actions. The relief contemplated by the settlement is more than adequate, allowing for each class member to apply for monetary recovery, based on a two-tiered structure that allows each individual class member to decide how and to what extent to engage in the claims process.  Finally, the settlement treats all members equitably.

7.      In addition, and for the reasons set out in the accompanying memorandum of law, this Court will be able to certify the two proposed subclasses for purpose of the judgment on the proposed settlement: the Settlement Class meets all of the requirements of Rule 23(a), the Post-2005 Subclass meets the requirements of Rule 23(b)(1), and the Pre-2005 Subclass meets the requirements of Rule 23(b)(3) for purposes of settlement.

8.      In addition to the foregoing, and for the reasons set out in detail in the supporting memorandum and its exhibits, this Court should appoint the undersigned as counsel for the class because Elizabeth A. Fegan of Fegan Scott LLC and Steve Berman of Hagens Berman Sobol & Shapiro LLP have considerable experience and knowledge of the applicable law in prosecuting sexual abuse class actions and have undertaken considerable work on the matter to advocate for their clients.

9.      This Court should also approve the form and method of class notice, as detailed in the Declaration of Kyle Bingham and the proposed notices attached to the Settlement Agreement. The proposed notice plan provides the best notice practicable under the circumstances and adequately informs class members of their rights in this litigation.

10.      The Settlement thus meets the standard for preliminary approval set by 23(e)(1), and Plaintiffs have established a basis for the Court to certify the Class, so notice should be directed to the Class.

11.      Finally, the effectuation of this Class Settlement is a critical piece to the Debtors' proposed Chapter 11 plan and resolution of the Chapter 11 Cases.   Accordingly, as reflected in the memorandum and below, Class Counsel suggests a schedule that coordinates with the schedule to be set in the Chapter 11 Cases for confirmation:

| Event | District Court | Bankruptcy Court |
|---|---|---|
| File Motion for Preliminary Approval of Settlement | June 30, 2020 | N/A |
| File Motion to Set Tort Claims Bar Date | N/A | June 30, 2020 |
| Hearing on Motion For Preliminary Approval of Settlement | July 14, 2020 | N/A |

| Event | District Court | Bankruptcy Court |
|---|---|---|
| Proposed Hearing on Motion To Set Tort Claims Bar Date | N/A | On or before July 14, 2020 |
| File Joint Plan of Liquidation, Disclosure Statement and Solicitation Procedures Memo | N/A | June 30, 2020 |
| Publish combined Class Settlement Notice, Tort Claim Bar Date Notice, and Disclosure Statement | Beginning 14 days after District Court's Preliminary Approval Order or Bankruptcy Court's Tort Claims Bar Date Order, whichever is later | Beginning 14 days after District Court's Preliminary Approval Order or Bankruptcy Court's Tort Claims Bar Date Order, whichever is later |
| File Class Counsel's Motion for Attorneys' Fees and Costs | 75 days after District Court's Preliminary Approval Order | N/A |
| Deadline for Settlement Class Members to file comments objecting to or in support of the Settlement | 90 days after District Court's Preliminary Approval Order | N/A |
| Deadline for Pre-2005 Subclass Members to exclude themselves from the Settlement | 90 days after District Court's Preliminary Approval Order | N/A |
| Deadline for Settlement Class Members to submit Claims and for the Tort Claims Bar Date (applicable to the Post-2005 Subclass Members who must submit the Statement of Class Membership (part of the Claim Form) for the Chapter 11 Cases) | 90 days after District Court's Preliminary Approval Order | 90 days after District Court's Preliminary Approval Order |
| Service of Solicitation Package and Publish Notice of Confirmation Hearing | N/A | 7 days after the Tort Claims Bar Date |
| File Motion for Final Approval of Class Settlement, including response to objections | 14 days after the Objection Deadline | N/A |
| Final Fairness Hearing on Class Settlement | October 15, 2020 or at the Court's convenience after the filing of the Motion for Final Approval of Class Settlement | N/A |

| Event | District Court | Bankruptcy Court |
|-------|----------------|------------------|
| Voting Deadline on Plan of Liquidation | N/A | 28 days after service of Solicitation Package |
| Confirmation Hearing | N/A | October 15, 2020 or at the Bankruptcy Court's convenience |

12.     The Defendants do not oppose this motion, or the certification of the Settlement Classes for purposes of settlement only, and otherwise reserve all rights with respect thereto as set forth in the Class Settlement Agreement.

WHEREFORE, the Settlement Class Representatives respectfully request that this Court grant this motion, preliminary approve the Settlement; certify the Subclasses for purposes of this Settlement only; appoint undersigned counsel as Class Counsel; direct that notice be given to the Class; and grant such other and further relief as this Court deems appropriate.

Dated:  June 30, 2020                    Respectfully submitted,

By:  */s/Elizabeth A. Fegan*
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor,
Chicago, Illinois 60606
Tel:  (312) 741-1019
beth@feganscott.com

Lynn A. Ellenberger (admitted *Pro Hac Vice*)
FEGAN SCOTT LLC
500 Grant Street, Suite 2900
Pittsburgh, Pennsylvania  15219
Tel:  (412) 346-4104
lynn@feganscott.com

Steve W. Berman
Shelby Smith
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Second Avenue, Suite 2000

Seattle, Washington 98101
Tel: (206) 623-7292
steve@hbsslaw.com
shelby@hbsslaw.com

Whitney K. Siehl
HAGENS BERMAN SOBOL
SHAPIRO LLP
455 N. Cityfront Plaza Drive
Suite 2410
Chicago, Illinois 60611
Tel:  (708) 628-4949
whitneys@hbsslaw.com

*Attorneys for the Settlement Class
Representatives*

## CERTIFICATE OF SERVICE

I, Elizabeth A. Fegan, an attorney, affirm that the foregoing was filed on June 30, 2020

on ECF, which automatically served all counsel of record.

Dated:  June 30, 2020                          Respectfully submitted,

                                                 By:  */s/ Elizabeth A. Fegan*
                                                 Elizabeth A. Fegan
                                                 FEGAN SCOTT LLC
                                                 150 S. Wacker Dr., 24th Floor,
                                                 Chicago, Illinois 60606
                                                 Tel:  (312) 741-1019
                                                 beth@feganscott.com