# EXHIBIT 10

DocuSign Envelope ID: 99499CE3-65F6-46D9-A68C-88DB2A2EBBB0

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISETTE GEISS, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA THOMPSON, individually and on behalf of all others similarly situated, | No. 1:17-cv-09554-AKH |
| | Hon. Alvin K. Hellerstein |
| Plaintiffs, | |
| v. | |
| HARVEY WEINSTEIN, ROBERT WEINSTEIN, DIRK ZIFF, TIM SARNOFF, MARC LASRY, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, PAUL TUDOR JONES, JEFF SACKMAN, JAMES DOLAN, MICHAEL EISNER, IRWIN REITER, DAVID GLASSER, FRANK GIL, RICK SCHWARTZ, FABRIZIO LOMBARDO, MARK GILL, NANCY ASHBROOKE, BARBARA SCHNEEWEISS, MIRAMAX DOES 1-10, TALENT AGENCY DOES 1-100, and JOHN DOES 1-50, inclusive, | |
| Defendants. | |

## DECLARATION OF MELISSA THOMPSON IN SUPPORT OF MOTION FOR PRELIMINARY SETTLEMENT APPROVAL OF CLASS SETTLEMENT

I, Melissa Thompson, under penalty of perjury, do hereby state as follows:

1.      I am over the age of eighteen (18), and a Named Plaintiff and proposed Class Representative in the above-entitled action. This Declaration, which is based on my personal knowledge of the facts stated herein, is submitted in support of the Motion for Preliminary Approval of the Class Action Settlement.

2.      As a Named Plaintiff and Class Representative, I bring this action for damages on behalf of myself and all similarly situated women who were harmed by the abuse and sexual

DocuSign Envelope ID: 99499CE3-65F6-46D9-A68C-88DB2A2EBBB0

misconduct of Harvey Weinstein and the complicit companies and individuals as described in the First Amended Class Action Complaint [Dkt. 140].

3.      I chose to serve as a Class Representative because beyond pursuing my own claim, the class mechanism would allow remuneration for a significant number of valid claims that may otherwise be suppressed by a claimants' reticence to publicly relive trauma and disclosure of the highly sensitive information that would come with filing individual suits. Most importantly, this global settlement is the start – and a symbol – of a change to individual accountability and to those complicit to serial sexual predation.

4.      It was not an easy decision to act as a Class Representative. Participation required me to relive a highly traumatic event, which in itself was retraumatizing. Further, I knew that my involvement meant opening myself up to public scrutiny and publicly disclosing information that was highly personal that I did not want to define me. Nevertheless, I found the strength – and felt the moral obligation – to come forward because I wanted accountability after decades of criminal acts committed, conspirator participation, and mounting wrongdoings – ethically, morally and legally.

5.      I support this settlement agreement as I believe *it is as close to the best outcome as possible* given the amalgamation of complex factors considered.

6.      As a Class Representative, I have been an active participant and attendee at multiple events related to this case, including SDNY arguments on the Motions to Dismiss filed by the Defendants, a Delaware bankruptcy court hearing and numerous days of private settlement meditation. Throughout the pendency of this case I have maintained close communications with our Class Counsel and independently have been actively monitoring our docket on PACER (as well as the individual cases assigned to various judges) to ensure I was as informed as possible.

7.      I recognize the importance of being a Class Representative and I took the responsibility to be an informed, active participant very seriously in order to make the utmost informed decision in supporting this settlement. Because I have been actively involved in every

DocuSign Envelope ID: 99499CE3-65F6-46D9-A68C-88DB2A2EBBB0

step of the case and settlement negotiations, I believe my support is a testament to the settlement being the best outcome for the class given the copious complexities.

8.      Harvey Weinstein is now known, as convicted by a jury of his peers, as a rapist in a bellwether conviction of justice for survivors of sexual assault. I believe this milestone represents a significant victory in the eyes of justice, as well as in the eyes of the named plaintiffs in the class civil suit.

9.      Despite Harvey Weinstein's conviction in one venue, our civil case and situation had myriad adverse factors to consider in settlement negotiations. Those obstacles include(d):

      a.      The Weinstein Company's bankruptcy;

      b.      The Court's dismissal of all Defendants except Harvey Weinstein in this class action along with dismissal of the majority of the plaintiffs and causes of action; and

      c.      The risk of being unable to recover on any judgment against Harvey Weinstein alone.

10.     The Weinstein Company filed for bankruptcy in the midst of both individual and related class actions being filed. The bankruptcy filing came with a set of additional obstacles, which included lawsuits between policyholders themselves, which at times stymied our ability to move forward as a potential class of victims. The Delaware bankruptcy court held the additional responsibility to contend with and oversee the unsecured creditors (and committee) – entities and individuals who were owed money in The Weinstein Company bankruptcy. The Weinstein Company's bankruptcy led to a swath of insurance coverage litigation and tangential lawsuits between these potential payers. However, we continued to persist and fight for a Victims' Fund for all survivors of Harvey Weinstein's predatory actions and the individuals and institutions that allowed him to continue harming so many women.

11.     After this Court dismissed the majority of Defendants and numerous plaintiff claims, there was a vast reduction in the insurers' perceived responsibilities and our bargaining power at the negotiation table. Even so, we continued to fight for a Victims' Fund for all survivors.

12.     Although my claims are active, I appreciate the risk of being unable to recover on any judgment against Harvey Weinstein alone given his criminal conviction, 23-year prison sentence, and the criminal charges he faces in California.

13.     I am also aware proceeding through discovery, trial, and any potential appeals could take years. As time progresses, I recognize the collectability of any monetary award becomes increasingly difficult.

14.     I approached settlement negotiations and a potential settlement in good faith and with the understanding that it would be beneficial for all class members to reach a settlement that is fair and adequate for the class. This settlement meets that goal.

15.     After analyzing all of the variables and inputs, it is my position that this settlement is the best outcome for the class given the confluence of adverse circumstances. The class action Victims' Fund settlement supports fairness because it is inclusive of a wide range of claims and will provide the greatest number of survivors with recompense. The settlement allows class members to stand together, receive acknowledgement and compensation for the sexual abuse and harassment they endured, and reach some degree of closure.

16.     In May 2020 Class Counsel contacted me to explain the terms of the settlement. I fully understand the terms and conditions of the settlement.

17.     I also understand that as a class member I have a right to object to the class settlement in court.

18.     Class Counsel has shown me the following definition of the settlement class, which they propose should be used in the Class Notice notifying class members about this case, the certification of the class in this case, the scope of that class, the claims in the case, and what class members must do in order to be included or excluded from the class.

19.     For purposes of this settlement, the class is defined as all pre-2005 subclass members and all post-2005 subclass members, collectively.

20.     The pre-2005 subclass means all women who met with Harvey Weinstein in person, before September 30, 2005, (i) to audition for or to discuss involvement in a project to be

produced or distributed by Miramax, LLC, Miramax Film Corp., Miramax Film NY, LLC, The Walt Disney Company, Disney Enterprises ,Inc., or Buena Vista International, Inc. or (ii) in a meeting or event facilitated, hosted, or underwritten by Miramax, LLC, Miramax Film Corp., Miramax Film NY, LLC, The Walt Disney Company, Disney Enterprises, Inc., or Buena Vista International, Inc.; provided, however, the Pre-2005 Subclass does not include former employees of Miramax, LLC, Miramax Film Corp., Miramax Film NY, LLC, The Walt Disney Company, Disney Enterprises, Inc., or Buena Vista International, Inc. or any other entity for which Harvey Weinstein worked prior to September 30, 2005.

21.     The post-2005 subclass means all women, on or after September 30, 2005, who (i) met with Harvey Weinstein in person (a) to audition for or to discuss involvement in a project to be produced or distributed by The Weinstein Company Holdings, LLC or a subsidiary or division thereof, or (b) in a meeting or event facilitated, hosted, or underwritten by The Weinstein Company Holdings, LLC or a subsidiary or division thereof; or (ii) were employed, whether full-time, part-time, temporarily, as an independent contractor, or as an intern, by The Weinstein Company Holdings, LLC or a subsidiary or division thereof.

22.     This definition clearly communicates which persons are in the class and which are not. From this description, people would understand who is included in the class without further description or detail.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on 5/15/2020                .

MELISSA THOMPSON