**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISETTE GEISS *et al.*, individually and on behalf of all others similarly situated, | No. 1:17-cv-09554-AKH |
| Plaintiffs, | Hon. Alvin K. Hellerstein |
| v. | |
| THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al*, | |
| Defendants. | |
| JILL DOE, individually and on behalf of all others similarly situated, | No. 1:19-cv-03430-AKH |
| Plaintiff, | Hon. Alvin K. Hellerstein |
| v. | |
| THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al*, | |
| Defendants. | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter is before the court on Plaintiffs Louisette Geiss, Katherine Kendall, Sarah Ann Thomas, Melissa Sagemiller, Nannette May (f/k/a Nannette Klatt), Caitlin Dulany, Larissa Gomes, Melissa Thompson, and Jill Doe's motion pursuant to Fed. R. Civ. P. 23 for preliminary approval of a proposed class action settlement, for class certification for purposes of settlement, for appointment of class counsel, and to direct notice to the proposed class. Plaintiffs, individually and on behalf of the proposed settlement class, and Defendants, entered into a Settlement Agreement that, if approved, would resolve this litigation.

1

Having considered the motion, the Settlement Agreement together with all exhibits and attachments, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.      Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed to them in the Settlement Agreement.

2.      The Court has jurisdiction over this litigation, Plaintiffs, Defendants, and Settlement Class Members.

## PRELIMINARY APPROVAL

3.      The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' briefs, and the declarations submitted in support of the motions.  Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive, and arms-length negotiations conducted with the assistance of JAMS mediator, Jed D. Melnick, Esq.

4.      The Settlement does not improperly grant preferential treatment to any individual or segment of the Settlement Class; does not exhibit any signs of collusion; and falls within the range of possible approval as fair, reasonable, and adequate and thus is likely to gain final approval under Federal Rule of Civil Procedure 23(e)(2).

5.      The Court therefore GRANTS preliminary approval of the Settlement.

## PRELIMINARY FINDINGS ON SETTLEMENT CLASS CERTIFICATION

6.      The Court finds that it will likely be able to certify the following Settlement Classes, comprised of two Subclasses, for purposes of judgment on the proposed Settlement:

**Post-2005 Subclass:**  "All women who, on or after June 30, 2005, (i) met with Harvey Weinstein in person (a) to audition for or to discuss involvement in a project to be produced or distributed by The Weinstein Company Holdings, LLC or a subsidiary or division thereof, or (b)

in a meeting or event facilitated, hosted, or underwritten by The Weinstein Company Holdings, LLC or a subsidiary or division thereof; or (ii) were employed, whether full-time, part-time, temporarily, as an independent contractor, or as an intern, by The Weinstein Company Holdings, LLC or a subsidiary or division thereof."

**Pre-2005 Subclass:**  "All women who met with Harvey Weinstein in person, before June 30, 2005, (i) to audition for or to discuss involvement in a project to be produced or distributed by Miramax, LLC, Miramax Film Corp., Miramax Film NY, LLC, The Walt Disney Company, Disney Enterprises, Inc., or Buena Vista International, Inc. or (ii) in a meeting or event facilitated, hosted, or underwritten by Miramax, LLC, Miramax Film Corp., Miramax Film NY, LLC, The Walt Disney Company, Disney Enterprises, Inc., or Buena Vista International, Inc." The Pre-2005 Subclass Class does not include former employees of Miramax, LLC, Miramax Film Corp., Miramax Film NY, LLC, The Walt Disney Company, Disney Enterprises, Inc., or Buena Vista International, Inc. or any other entity for which Harvey Weinstein worked prior to June 30, 2005.

7.     The Court preliminarily finds, for settlement purposes only, that the requirements of Rule 23(a) are satisfied.

8.     Rule 23(a)(l) is satisfied, for settlement purposes only, because Harvey Weinstein met with hundreds of women who were put in harm's way through his alleged pattern and practice of sexual harassment and abuse. Rule 23(a)(2) and (a)(3) are also satisfied because there are common issues between the Class, and the claims of the Class Plaintiffs are typical of the class; specifically, all Class Members' claims pertain to their encounters with Harvey Weinstein, and whether he engaged in sexually abusive or inappropriate conduct with each respective Class Member.

9.     The Court further finds that the Class Representatives will fairly and adequately protect the interests of the Settlement Class, for settlement purposes only, because their interests are not antagonistic of the Class, itself, and Rule 23(a)(4) is satisfied.

10.     This Court preliminarily finds that the requirements of Rule 23(b)(1)(B) are satisfied for the Post-2005 Subclass, for settlement purposes only, because the maintenance of individual actions would impair or impede the interests of the other members of the class given the limited funds available to the Subclass as a result of the Chapter 11 Cases filed by The Weinstein Company Holdings, Inc. and its affiliates, as well as the criminal conviction of Harvey Weinstein.

11.     This court also preliminary finds for settlement purposes only that, for the Pre-2005 Subclass, the requirements of Rule 23(b)(3) are met because the questions of law or fact common to the Pre-2005 Subclass predominate over individual questions, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

12.     The Court hereby appoints as Class Representatives:  Louisette Geiss, Sarah Ann Thomas (a/k/a Sarah Ann Masse), Melissa Thompson, and Jill Doe for the Post-2005 Subclass, and  Melissa Sagemiller, Nannette May (f/k/a Nannette Klatt), Katherine Kendall, Caitlin Dulany, and Larissa Gomes for the Pre-2005 Subclass.

13.     For purposes of the settlement, this Court appoints Elizabeth A. Fegan of Fegan Scott LLC and Steve W. Berman of Hagens Berman Sobol & Shapiro LLP as Class Counsel.

14.     If for any reason this Court does not finally approve the Settlement, or if the Effective Date does not occur, the preliminary certification findings shall be deemed null and void without further action of the Court or the parties.  In such circumstances each party shall

retain all of its respective, currently existing rights to seek or to object to the certification of this action as a class action under Fed. R. Civ. P. 23.

## NOTICE AND ADMINISTRATION

15.     The Court hereby designates Epiq Class Action & Claims Solutions, Inc. as Settlement Administrator.

16.     The Court finds that giving Class Members notice of the Settlement is justified under Rule 23(e)(l) because, as described above, the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the Settlement Class for purposes of judgment.

17.     The Court finds that the proposed Notice satisfies the requirements of due process and Rule 23 and provides the best notice practicable under the circumstances. The Notice and plan for its dissemination are reasonably calculated to apprise Class Members of the nature of this litigation, the scope of the Settlement Class, a summary of the class claims, that a Class Member may enter an appearance through an attorney, that the Court will grant timely exclusion requests for the Pre-2005 Subclass, the time and manner for requesting exclusion for the Pre-2005 Subclass, and the binding effect of final approval.  Therefore, the Court approves the Notices, substantially in the forms attached as Exhibits to the Settlement Agreement.

18.     The Court therefore approves the Notice Plan and directs the parties and the Settlement Administrator to provide notice pursuant to the terms of the Settlement Agreement and this Order.

## EXCLUSIONS FOR THE PRE-2005 SUBCLASS

19.     Pre-2005 Subclass Members who wish to opt-out and exclude themselves from the Settlement may do so by notifying the Settlement Administrator in writing postmarked no later than _____, 2020.  All Pre-2005 Subclass Members who do not opt out and exclude themselves from the Settlement Class shall be bound by the terms of the Settlement upon entry of a final approval order and judgment.

20.     To be valid, each request for exclusion must:

•       Include the Class Member's full name, address, and telephone number;

•       Include the statement: "I want to be excluded from *Geiss, et al., v. The Weinstein Company Holdings, LLC, et al.,* No. No. 1:17-cv-09554-AKH (S.D.N.Y.), and understand that by excluding myself, I will not be able to get any money or benefits from the settlement," or substantially similar clear and unambiguous language;

•       Include the Class Member's signature.

•       Be mailed to the Settlement Administrator at this address:

_____, Settlement Administrator

_____

_____

21.     Pursuant to of the Settlement Agreement, if a Pre-2005 Subclass Member's request for exclusion is materially defective, that Pre-2005 Subclass Member will be given an opportunity to cure the defect(s).  The Settlement Administrator will send the Pre-2005 Subclass Member a cure letter, advising of the defect(s) and giving the Pre-2005 Subclass Member an opportunity to cure.  If a Pre-2005 Subclass Member fails to cure the request for exclusion, the Settlement Administrator will have no further obligation to give notice of a need to cure.

22.     The Post-2005 Subclass Members shall have no right or ability to opt-out and exclude themselves from the Settlement.  The Post-2005 Subclass is automatically bound by the Settlement.

<u>OBJECTIONS TO THE SETTLEMENT</u>

23.     Class Members who wish to object to the Settlement may do so in a written submission to the Court.

24.     A written objection must:

•     Include the Settlement Class Member's name, address, and telephone number;

•     Clearly identify the master case name and number, *Geiss, et al., v. The Weinstein Company Holdings, LLC, et al.,* No. No. 1:17-cv-09554-AKH (S.D.N.Y.);

•     State whether the objections apply only to the objector, to a Subclass, to a specific subset of the Class, or to the entire Class, and state with specificity the grounds for the objection;

•     State whether the Settlement Class Member intends to personally appear and/or testify at the Final Approval Hearing;

•     Include the name and contact information of any and all attorneys representing, advising, or assisting the Settlement Class Member, including any counsel who may seek compensation for any reason related to the Settlement Class Member's objection or comment;

•     State whether any attorney will appear on the Settlement Class Member's behalf at the Final Approval hearing, and if so, the identity of that attorney;

•     Be submitted to the Court either by mailing to Clerk, United States District Court for the Southern District of New York, 500 Pearl St, New York, NY 10007, or by filing in person at any location of the United States District Court for the Southern District of New York; and

•     Be filed or postmarked on or before _____, 2020.

7

25.     Any Settlement Subclass Member who does not timely submit a written objection in accordance with the procedures listed above (and detailed in the Notice), shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the final approval order and judgment by appeal or other means.

<u>FINAL APPROVAL AND HEARING SCHEDULE</u>

26.     This Court will hold a Final Approval hearing on _____, 2020 at __, _.m. in Courtroom 14D of the Courthouse at 500 Pearl St, New York, NY 10007.  The Court may continue the date of the Final Approval hearing without further notice to Settlement Class Members.  Settlement Class Members should check the Settlement website or the Court's online calendar for the date of the Final Approval hearing.

27.     At the Final Approval hearing, the Court will consider:  whether the Settlement is fair, reasonable, and adequate and should be granted final approval; whether the Post-2005 Subclass and Pre-2005 Subclass should be finally certified, for settlement purposes only; whether to award Class Counsel attorneys' fees and costs and Settlement Class Representatives service awards; whether a final judgment should be entered; and any other matters the Court may deem appropriate.

28.     The parties shall adhere to the following schedule unless otherwise ordered by the Court:

| Event | Date |
|---|---|
| Settlement Administrator sends Notice (Notice Date) | |
| Motion for Final Settlement Approval Due | |
| Motion for Award of Attorneys' Fees, Costs, and Service Awards to Class Representatives | |

| (Fee Motion) Due | |
|---|---|
| Objection Deadline | |
| Opt-Out Deadline (for Pre-2005 Settlement Subclass Only) | |
| Deadline to Submit Claim Forms | |
| Final Fairness Hearing | |
| Special Master files Report on Claims Process | |

29.    In the event that the Settlement is terminated pursuant to the terms of the Settlement Agreement, this Order shall become void, shall have no further force or effect, and shall not be used in this action or in any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination.

For the reason set forth above, the Court GRANTS Plaintiffs' motions.

DATED:                                                    ENTERED:


_____
Hon. Alvin K. Hellerstein
United States District Judge

9