UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISETTE GEISS *et al*, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al.,*<br><br>    Defendants. | No. 1:17-cv-09554-AKH<br><br>Hon. Alvin K. Hellerstein |
| JILL DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al.*,<br><br>    Defendants. | No. 1:19-cv-3430-AKH |

**SETTLEMENT CLASS REPRESENTATIVES' MOTION FOR LEAVE TO SUBMIT DOCUMENT *IN CAMERA***

The Settlement Class Representatives[1] respectfully request leave to submit the Pre-2005 Subclass Opt-Out Agreement *in camera*. In support thereof, the Settlement Class Representatives state as follows:

---

[1] All capitalized terms shall have the same meaning as in the Settlement Agreement and Release.

## I.   INTRODUCTION

On June 30, 2020, the Settlement Class Representatives filed their Motion For Preliminary Approval Of Class Settlement, Certification Of Settlement Classes, Appointment Of Class Counsel, And Permission To Disseminate Class Notice, seeking approval of the Class Settlement Agreement and Release. The Class Settlement Agreement and Release is attached as Ex. A to that Motion. Paragraph 152 of the Settlement Agreement provides:

> The Defendants, the Insurance Companies and Class Action Counsel shall prepare and submit to the District Court in camera a written agreement with respect to the opt-outs from the Pre-2005 Subclass that trigger a Defendant's or Insurance Company's right to withdraw from and thereby terminate this Settlement or the Bankruptcy Settlement Agreement (the "Pre-2005 Subclass Opt-Out Agreement"). In the event the Pre-2005 Subclass Opt-Out Agreement is not consummated, or in the event the right to withdraw from this Settlement and the Bankruptcy Settlement Agreement under the terms of the Pre-2005 Subclass Opt-Out Agreement is triggered, any Defendant affected thereby may elect to withdraw from and thereby terminate this Settlement by providing written notice thereof to Class Action Counsel, the NYOAG, each Defendant signatory hereto and the Debtors, within ten (10) Business Days following the Pre-2005 Subclass Opt-Out Deadline. At least 72 hours before providing written notice, the applicable Defendant shall confer in good faith with Class Action Counsel and the NYOAG. In the event that any Defendant exercises its option to withdraw from and thereby terminate this Agreement, this Agreement shall become null and void and shall have no force or effect, the Parties shall not be bound by this Agreement, and the Cases will be returned to the status quo that existed immediately preceding the date such withdrawal and termination becomes effective.

Courts generally recognize that the threshold number of opt outs required to trigger a termination provision in a class settlement agreement is typically kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out. Accordingly, as further explained below, the Settlement Class Representatives respectfully request leave to submit the Pre-2005 Subclass Opt-Out Agreement *in camera*.

## II.     ARGUMENT

Compelling reasons exist to permit filing the Pre-2005 Subclass Opt-Out Agreement under seal that outweigh the public's interest in disclosure. The "threshold number of opt outs required to trigger the [termination] provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out." *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 250 n.4 (11th Cir. 2009); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) (recognizing that an opt-out threshold may be kept confidential "for practical reasons").

Courts recognize that "[t]here are compelling reasons to keep this information confidential, in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts." *Thomas v. Magnachip Semiconductor Corp.,* No. 14-CV-01160-JST, 2016 WL 3879193, at *5 (N.D. Cal. July 18, 2016) (granting motion to seal opt-out threshold).  *See also In re Anthem, Inc. Data Breach Litig.*, No. 15-02617-LHK, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017) (allowing parties to seal opt-out threshold and recognizing "[b]oth class members and Defendants have a strong interest in avoiding strategic conduct by potential objectors in targeting a specific number of opt-outs"); *In re Animation Workers Antitrust Litigation*, No. 14-04062, ECF No. 379, at *4 (N.D. Cal. Mar. 2, 2017) (concluding the opt-out threshold could be sealed to "prevent third parties from utilizing [this provision] for the improper purpose of obstructing the settlement and obtaining higher payouts"); *Hefler v. Wells Fargo & Co.*, No. 16-5479, 2018 WL 4207245, at *11 (N.D. Cal. Sept. 4, 2018) (granting motion to seal opt-out threshold "in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement."); *Friedman*, 2016 WL 5402170, at *1 ("Publicly disclosing the opt-out threshold would practically invite professional

objectors to threaten the settlement by soliciting opt-outs.").

On the other hand, the public interest in disclosure is minimal. The specific opt-out threshold is irrelevant to Settlement Class Members' ability to evaluate the material terms of the Settlement and make an informed decision on whether to participate. All information pertinent to Settlement Class Members' decision to participate in, opt-out of, or object to the proposed Settlement is contained in the Settlement Agreement and Notice documents. Settlement Class Members' knowledge of the opt-out threshold will not further inform their decision with regard to participating in the Settlement. *See, e.g.*, *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 253 (D. Del. 2002) (recognizing that the particular opt-out threshold is "irrelevant to [class] members' opt-out decision" and so does not need to be disclosed); *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 329-30 (C.D. Cal. 2016) (recognizing same and granting motion to seal opt-out threshold).[2]

Finally, the Pre-2005 Subclass Opt-Out Agreement contains only the particular number of opt outs that would trigger the termination right and the deadline for Defendants to exercise that right; every other term of the Settlement is contained in the publicly-filed agreement. Therefore, this request is narrowly tailored and there is no less restrictive alternative to submission of the Pre-2005 Subclass Opt-Out Agreement *in camera*.

---

[2] *See also In re Zynga Inc. Sec. Litig.*, No. 12-4007, 2015 WL 6471171, at *4 (N.D. Cal. Oct. 27, 2015) (granting preliminary approval after reviewing *in camera* "[t]he threshold number" for the defendant to "terminate the agreement"); *Hefler*, 2018 WL 4207245, at *11 (finding it unnecessary to make opt-out threshold public after *in camera* review); *Spann*, 314 F.R.D. at 329 (finding, after *in camera* review, that the opt out threshold sealed by plaintiffs was reasonable and plaintiffs were not required to disclose it to the class); *Estakhrian v. Obenstine*, No. 11-3480, 2016 WL 6517052, at *12 (C.D. Cal. Feb. 16, 2016) (concluding based on *in camera* review that the opt out threshold was reasonable and could be filed under seal).

### III. CONCLUSION

For these reasons, the Settlement Class Representatives respectfully request that the Court permit the submission of the Pre-2005 Subclass Opt-Out Agreement *in camera*.

Dated:  July 7, 2020

Respectfully submitted,

By:  */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor,
Chicago, Illinois 60606
Tel:  (312) 741-1019
beth@feganscott.com

Lynn A. Ellenberger (admitted *Pro Hac Vice*)
FEGAN SCOTT LLC
500 Grant Street, Suite 2900
Pittsburgh, Pennsylvania  15219
Tel:  (412) 346-4104
lynn@feganscott.com

Steve W. Berman
Shelby Smith
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Tel: (206) 623-7292
steve@hbsslaw.com
shelby@hbsslaw.com

Whitney K. Siehl
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive
Suite 2410
Chicago, Illinois 60611
Tel:  (708) 628-4949
whitneys@hbsslaw.com

*Attorneys for the Settlement Class Representatives*

## CERTIFICATE OF SERVICE

I, Elizabeth A. Fegan, an attorney, affirm that the foregoing was filed on this day on ECF, which automatically served all counsel of record.

Dated: July 7, 2020                                          Respectfully submitted,

By: */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor,
Chicago, Illinois 60606
Tel: (312) 741-1019
beth@feganscott.com