UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISETTE GEISS, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA THOMPSON, MELISSA SAGEMILLER, NANNETTE KLATT, KATHERINE KENDALL, ZOE BROCK,CAITLIN DULANY, LARISSA GOMES, and JANE DOE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, MIRAMAX FILM NY LLC, THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., BUENA VISTA INTERNATIONAL, INC., HARVEY WEINSTEIN, ROBERT WEINSTEIN, DIRK ZIFF, TIM SARNOFF, MARC LASRY, TARAK BEN AMMAR, LANCE MAEROV, RICHARD KOENIGSBERG, PAUL TUDOR JONES, JEFF SACKMAN, JAMES DOLAN, MICHAEL EISNER, IRWIN REITER, DAVID GLASSER, FRANK GIL, RICK SCHWARTZ, FABRIZIO LOMBARDO, MARK GILL, NANCY ASHBROOKE, MIRAMAX DOES 1-10, TALENT AGENCY DOES 1-100, and JOHN DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 1:17-cv-09554-AKH<br><br>Hon. Alvin K. Hellerstein |

**PLAINTIFF ZOE BROCK'S MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FRCP 54(b)**

## **TABLE OF CONTENTS**

I. PROCEDURAL BACKGROUND ........................................................................................ 1

II. ARGUMENT ........................................................................................................................ 2

    A. The Court finally determined Brock's claims in this multi-party, multi-claim case........ 3

    B. There is no just reason to delay entry of final judgment as to Plaintiff Brock................. 3

III. CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135 (2d Cir. 2014) ........................ 3

*Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130 (2d Cir. 2009) ........................................................ 3

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980) ........................................................ 3, 4

*Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085 (2d Cir. 1992) .................................................... 3

*Novick v. AXA Network, LLC*, 642 F.3d 304 (2d Cir. 2011) ............................................................. 4

*Stanley v. Bertram-Trojan, Inc.*, 781 F. Supp. 218 (S.D. N.Y. 1991) ............................................. 3

**Statutes**

18 U.S.C. § 1591 ............................................................................................................................. 4

18 U.S.C. § 1595 ............................................................................................................................. 4

18 U.S.C. § 1962 ......................................................................................................................... 1, 2

**Rules**

Fed. R. Civ. P. 1 .............................................................................................................................. 4

Fed. R. Civ. P. 54(b) ................................................................................................................... 2, 5

Plaintiff Zoe Brock, by and through her undersigned counsel, Hutchinson Black and Cook, LLC, submits this memorandum of law in support of her Motion for Entry of Judgment Pursuant to Rule 54(b), and states as follows:

## I.   PROCEDURAL BACKGROUND

Plaintiff Zoe Brock ("Brock") was one of the many women victimized by Harvey Weinstein. Brock, along with nine other Weinstein survivors, filed suit, individually and on behalf of a class of similarly situated persons, against Weinstein, his former companies, and certain officers and directors of those companies.

Defendants moved to dismiss the complaint, and this Court granted that motion without prejudice. [**Doc. 126**]  Plaintiffs then filed a First Amended Class Action Complaint (the "Amended Complaint"). [**Doc. 140**]  As for Plaintiff Brock, she sought relief under the following counts in the Amended Complaint:

Count III for negligent supervision;

Count V for a direct violation of the RICO statute, 18 U.S.C. § 1962(c);

Count VI for participation of a RICO conspiracy in violation of 18 U.S.C. § 1962(d);

Count VII for civil battery;

Count IX for assault;

Count XI for false imprisonment;

Count XIII for intentional infliction of emotional distress;

Count XV for negligent infliction of emotional distress; and

Count XVII for ratification.

*Id.*

As they had with the initial complaint, Defendants moved to dismiss the Amended Complaint.  On April 18, 2019, this Court granted Defendants' Motion in part (the "April 18, 2019 Order").  **[Doc. 278].**  That order dismissed with prejudice all claims against all Defendants, with the exception of Count 1 as against Defendant Harvey Weinstein.  *Id.* at 29.  Because Brock did not bring a claim under Count I, the April 18, 2019 Order had the effect of disposing of all of her claims.

After receipt of the April 18, 2019 Order, both the Plaintiffs whose claims were dismissed and those with remaining claims attempted to reach a class action settlement of this matter.  Counsel for all of the Plaintiffs except Brock submitted a proposed settlement agreement to this Court for consideration, along with a motion for certification of a settlement class.  Following oral argument, by Order dated July 24, 2020, this Court denied preliminary approval of the proposed class settlement and explained why this case is not amenable to class certification.  **[Doc. 357 at 6-11.]** The Court further ordered that the parties swiftly complete discovery and get the remaining claim in this case ready for trial.  *Id.* at 12.  Because all of Brock's claims in this action have been dismissed with prejudice, she has no live claims to prepare for trial.

## II.     ARGUMENT

Plaintiff Brock now moves the Court to enter final judgment as it pertains to Brock so she may pursue an appeal.

Fed. R. Civ. P. 54(b) provides in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

That is, a district court may direct entry of a final judgment on a claim if (1) there are multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of at least one party

2

have been finally determined; and (3) the court determines there is no just reason for delay. *See Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014). The first two requirements are objective and address whether Rule 54(b) applies to the circumstances of a particular case. *See Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992). The third factor "is left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration." *Id.* at 1092 (quotations omitted). Brock's request for entry of final judgment as to her meets all three of these requirements.

### A. The Court finally determined Brock's claims in this multi-party, multi-claim case.

The first element of the Rule 54(b) test—multiple claims or multiple parties—is met in this case. As filed, this case consists of ten plaintiffs and eighteen separate claims against multiple defendants.

The second element is also met because all of Brock's claims were finally decided by the Court. A judgment is final for the purposes of Rule 54(b) if it is an ultimate disposition on a cognizable claim for relief. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Here, each of Brock's claims was dismissed in its entirety, with prejudice. **[Doc. 278 at 29]**. That dismissal acts as a final adjudication. *See Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("dismissal for failure to state a claim is a final judgment on the merits"); *Stanley v. Bertram-Trojan, Inc.*, 781 F. Supp. 218, 226 (S.D. N.Y. 1991) ("dismissal with prejudice constitutes a final judgment on the merits").

### B. There is no just reason to delay entry of final judgment as to Plaintiff Brock.

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting

*Curtiss-Wright Corp.*, 446 U.S. at 8). The district court may consider various factors, including whether the claim under review is separable from the others remaining to be adjudicated and whether the nature of the claim already determined is such that no appellate court will have to decide the same issues more than once, even if there are subsequent appeals. *Curtiss-Wright Corp.*, 446 U.S. at 8.

The sole remaining claim in this case is under Count I, for sex trafficking under the Trafficking Victims Protection Act of 2000, 18 U.S.C. §§ 1591, 1595 (the "TVPA"). The TVPA claim raises separate legal issues from the dismissed claims. As noted above, Brock did not bring a claim under Count I, and instead brought claims under wholly distinct legal theories under Counts III, V, VI, VII, IX, XI, XIII, XV, XVII. Specifically, Brock's claims are for violations of the RICO statute, and under various common law theories. Permitting Brock to pursue her appeal now, therefore, would not create judicial inefficiencies with respect to a later appeal of Count I. Moreover, the likelihood of the surviving Count I Plaintiffs seeking a later review of the same dismissed claims, though possible, is minimal where Plaintiff Brock's appellate result will provide sufficient guidance to any remaining Plaintiffs. Finally, an appellate resolution of the dismissed claims may even serve to aid all parties in the resolution of their remaining matters

In contrast, requiring Brock to wait until after other Plaintiffs complete trial against Harvey Weinstein on Count I would cause a substantial delay for Brock as the parties have not even begun discovery on the remaining Plaintiffs' Count I claims. Permitting Ms. Brock to appeal now is also consistent with the goals of Fed. R. Civ. P. 1 (rules "should be construed, administered, and employed … to secure the just, speedy and inexpensive determination of every action"). Accordingly, there is no just cause for delay on entry of final judgment against Brock, pursuant to F.R.C.P. 54(b).

### III.   CONCLUSION

For the reasons set forth above, Plaintiff Zoe Brock respectfully requests that this Court direct entry of final judgment pursuant to Fed. R. Civ. P. 54(b) as to her.

Dated:  August 24, 2020

Respectfully Submitted,

*/s/ Daniel D. Williams*
Daniel D. Williams (admitted *pro hac vice*)
John C. Clune (admitted *pro hac vice*)
**Hutchinson Black and Cook, LLC**
921 Walnut Street, Suite 200
Boulder, CO  80302
Phone:  (303) 442-6514
williams@hbcboulder.com
clune@hbcboulder.com

## CERTIFICATE OF SERVICE

      I, Daniel D. Williams, an attorney, affirm that the foregoing was filed on this day on ECF, which automatically served all counsel of record.

Dated: August 24, 2020

                                        Respectfully Submitted,

                                        */s/ Daniel D. Williams*
                                        Daniel D. Williams
                                        **Hutchinson Black and Cook, LLC**
                                        921 Walnut Street, Suite 200
                                        Boulder, CO  80302
                                        Phone:  (303) 442-6514
                                        williams@hbcboulder.com