UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
LOUISETTE GEISS, et al.,

                              Plaintiffs,

-v-

THE WEINSTEIN COMPANY HOLDINGS LLC,
et al.,

                              Defendants.
---------------------------------------------------------------- x

**ORDER DENYING MOTIONS FOR ENTRY OF JUDGMENT AND MOTION TO STAY**

17 Civ. 9554 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On August 24, 2020, Plaintiff Zoe Brock ("Brock") filed a Motion for Entry of Judgment pursuant to Fed. R. Civ. P. 54(b) so that she may immediately appeal the dismissal of her claims. ECF No. 363. Brock's motion was joined by Plaintiffs Melissa Sagemiller, Nanette May (f/k/a Nanette Klatt), Katherine Kendall, Caitlin Dulany, and Larissa Gomes (collectively "Miramax Plaintiffs") on August 26, 2020. ECF Nos. 365. Separately, on November 19, 2020, Defendant Harvey Weinstein ("Weinstein") filed a Motion to Stay his deposition. ECF No. 375. For the following reasons, the Motions for Entry of Judgment, as well as Weinstein's Motion to Stay his deposition, are hereby denied.

On October 31, 2018, ten Plaintiffs, Zoe Brock, Caitlin Dulany, Louisette Geiss, Larissa Gomes, Katherine Kendall, Nannette Klatt, Melissa Sagemiller, Sarah Ann Thomas, Melissa Thompson, and Jane Doe, individually and on behalf of a class, filed an Amended Complaint, against Harvey Weinstein ("H. Weinstein"), his former companies, and certain officers and directors of those companies. Am. Compl., ECF No. 140. The Amended Complaint alleged that Harvey Weinstein sexually harassed and assaulted them between 1993 and 2011, and that his

former companies, and their officers, directors, and executives facilitated and covered up "Harvey Weinstein's pattern of unlawful sexual harassment, abuse, and assault." Miramax Mot. 2. The Amended Complaint contained eighteen counts, including four federal claims for violations of the Trafficking Victims Protection Act ("TVPA") (Counts I and II) and Racketeer Influenced and Corrupt Organizations Act ("RICO") (Counts V and VI), and fourteen state claims for negligent supervision and retention (Counts III and IV), battery (Counts VII and VIII), assault (Counts IX and X), false imprisonment (Counts XI and XII), intentional infliction of emotional distress (Counts XIII and XIV), negligent infliction of emotional distress (Counts XV and XVI), and ratification (Counts XVII and XVIII) .

Plaintiffs Geiss, Thomas, and Thompson ("TWC Plaintiffs") sought relief under Count I for sex trafficking under the TVPA, Count II for participation in a venture engaged in sex trafficking under the TVPA, Count IV for negligent supervision and retention, Count V for RICO violations, Count VI for conspiracy to violate RICO, Count VIII for civil battery, Count X for assault, Count XII for false imprisonment, Count XIV for intentional infliction of emotional distress, Count XVI for negligent infliction of emotional distress, and Count XVIII for ratification. Plaintiff Jane Doe sought relief under Counts III and IV for negligent supervision, Count V for RICO violations, Count VI for conspiracy to violate RICO, Counts VII and VIII for civil battery, Counts IX and X for assault, Count XI and XII for false imprisonment, Count XIII and XIV for intentional infliction of emotional distress, Counts XV and XVI for negligent infliction of emotional distress, and Counts XVII and XVIII for ratification. Plaintiff Brock and the Miramax Plaintiffs sought relief under Count III for negligent supervision, Count VII for civil battery, Count IX for assault, Count XI for false imprisonment, Count XIII for intentional infliction of emotional distress, Count XV for negligent infliction of emotional distress, and

Count XVII for ratification.  Brock Mot. 1; Miramax Mot. 2.  Of the eighteen counts, only Counts V and VI for RICO violations, were alleged by all the plaintiffs.

On April 18, 2019, I granted Defendants' Motion to Dismiss in part, ECF No. 278 (the "Dismissal Order"), dismissing with prejudice all claims against all Defendants, with the exception of Count I as against Defendant Harvey Weinstein, which alleges sex trafficking in violation of the TVPA.  Since neither Brock nor the Miramax Plaintiffs brought a claim under Count I, they have no live claims in the case.

In the Motions for Entry of Judgment, Brock and the Miramax Plaintiffs allege that there is no just reason for delay and it is in the interest of sound judicial administration to certify their judgment.  They allege that their dismissed claims are completely distinct from the remaining claims in the case, and as such, would not overlap with any future appeal from the remaining parties.  Miramax Reply 5, ECF No. 371.  The Miramax Plaintiffs argue that the dismissed claims they seek to appeal relate to a statute of limitations issue, while Brock argues that her factual allegations "cannot be duplicated" by the other plaintiffs.  Miramax Mot. 5; Brock Reply 2, ECF No. 372.  They also argue that they should not have "sit idly by" until the live claims are resolved to vindicate their rights.  Miramax Mot. 4.

In his Motion to Stay, Weinstein argues that his worsening health conditions, combined with the life-threatening risks of COVID-19, render him unable to sit for a deposition or participate in his defense.  Mot. Stay 2, ECF No. 376.  He also alleges that he will be forced to choose between an adverse inference in the civil case by invoking his Fifth Amendment right against self-incrimination and waiving his constitutional rights to the detriment of his criminal proceedings.  *Id.* at 4.

I find that Plaintiffs have not provided sufficiently compelling reasons to depart from the general rule that entry of judgment under Rule 54(b) should be done "sparingly" to avoid piecemeal appeals.  *See Ashmore v. CGI Grp., Inc.*, 860 F.3d 80, 86 n.6 (2d Cir. 2017); *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).  A court may enter partial final judgment under Rule 54(b) if "(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an express determination that there is no just reason for delay."  *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014).  Plaintiffs have not shown any hardship or injustice in waiting for the remaining count's resolution, nor have they shown that the interests of sound judicial administration would be served in an immediate appeal.  Despite Brock and the Miramax Plaintiffs' arguments that there would not be substantial overlap in any subsequent appeal, the remaining plaintiffs may ultimately choose to appeal their remaining and dismissed claims on legal theories which overlap with those advanced by Brock and the Miramax Plaintiffs.  *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17 (2d Cir. 1997) (granting entry of judgment where "[t]he issues presented in the present appeal … are entirely unrelated to the merits of the claims that are to be tried").  I therefore decline to enter final judgment pursuant to Rule 54(b).

I hold that a stay in Weinstein's deposition is unwarranted under the circumstances.  *See Louis Vuitton Malletier S.A v. LY USA, Inc.*, No. 1:06-cv-13463-AKH (S.D.N.Y. March 26, 2008) (setting forth factors to be considered).  While Weinstein has listed the plethora of serious medical conditions he suffers from, he has not provided any competent evidence or medical support.  The Court cannot determine the impact of such ailments on his ability to be deposed.  Additionally, it is unclear when this Court would be able to find that Weinstein's Fifth

Amendment concerns are allayed, regardless of whether he is acquitted or convicted in the Los Angeles criminal proceeding. Weinstein has not been indicted in the Los Angeles criminal proceeding, and his extradition is currently on hold. Mot. Stay. 3. In balance, Plaintiffs have suffered injuries from Defendant's conduct, which occurred many years ago, and they are entitled to vindicate their rights efficiently. Weighing the different considerations for both parties, I find that a stay is unnecessary. Whether Weinstein invokes the Fifth Amendment or not is his choice.

Weinstein's motion to stay is therefore denied. Should there be any medical reasons to limit, or attach conditions to, Weinstein's deposition so as to not unduly endanger the deterioration of his health, an application can be made to the Court.

The oral argument, currently scheduled for January 21, 2021, is hereby cancelled. The Clerk is instructed to terminate the open motions, ECF Nos. 363, 365, 375.

SO ORDERED.

Dated: January 19, 2021              _____/s/_____
       New York, New York            ALVIN K. HELLERSTEIN
                                     United States District Judge