**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISETTE GEISS, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA THOMPSON, et al., individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, et al.,<br><br>     Defendants. | No. 1:17-cv-09554-AKH<br><br>Hon. Alvin K. Hellerstein |

### PLAINTIFFS' MOTION TO STAY CASE PENDING FILING OF THE BANKRUPTCY PLAN EFFECTIVE DATE NOTICE

Plaintiffs Louisette Geiss, Sarah Ann Thomas (a/k/a Sarah Ann Masse), and Melissa Thompson ("Plaintiffs"), by and through their attorneys, file this motion to stay this case pending filing of the Effective Date Notice of the Fifth Amended Joint Chapter 11 Plan of Liquidation ("Plan") in *In re: The Weinstein Company Holdings LLC*, No. 18-10601 (MFW) (Bankr. D. Del.).

### I.      INTRODUCTION

This Court has the discretion to control its docket by entering a stay, especially where a stay would conserve judicial and party resources and not prejudice any party. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 20, n.23 (1983). On January 26, 2021, the Honorable Mary Walrath entered an order confirming the Plan in The Weinstein Company ("TWC") bankruptcy proceeding. *In re: The Weinstein Company Holdings LLC*, No. 18-10601 (MFW) (Bankr. D. Del.). Dkt. #3203. Within 14 days, when the Debtors' assets vest in the Liquidation Trust, the Liquidation Trustee will file the Effective Date Notice. At that time.

Plaintiffs will voluntarily dismiss this litigation pursuant to Fed. R. Civ. P. 41 and file their claims in the Sexual Misconduct Claims Fund created under the Plan.  Until the filing of the Effective Date Notice, to avoid the time and expense associated with the deposition of defendant Harvey Weinstein currently noticed for the week of February 8, 2021, and so this Court is not mired in discovery disputes that include Weinstein's unwillingness to appear for deposition, Plaintiffs respectfully request a 30-day stay of this matter.

## II.    FACTS

### A.    The First Amended Complaint

In their First Amended Complaint ("FAC"), Plaintiffs Louisette Geiss, Sarah Ann Thomas (a/k/a Sarah Ann Masse), and Melissa Thompson alleged that Defendants, including Harvey Weinstein engaged in a pattern of sexual abuse facilitated by TWC, and its officers and directors. Dkt. #140.  Defendants moved to dismiss the FAC, and on April 18, 2019, this Court granted defendants' motion in part as to these Plaintiffs, and in full as to the Miramax-era plaintiffs.  Dkt. #278.  The only claims that remained were those brought by Plaintiffs against Harvey Weinstein under the Trafficking Victim Protection Act ("TVPA"), 18 U.S.C. § 1595(a).

### B.    The Schedule

At the August 28, 2020 status conference, this Court set a discovery cut-off deadline of December 4, 2020.  Thereafter, based on a joint request by Plaintiffs and Harvey Weinstein, this Court extended the discovery deadline to March 4, 2021.  Dkt. #379.

On August 18, 2020, Plaintiffs re-served their first set of document requests, and served a first set of interrogatories and a second set of document request on Weinstein.  Declaration of Lynn A. Ellenberger ("Ellenberger Decl."), ¶ 2.  Weinstein responded with objections to each request and produced just four emails.  Thereafter, the parties engaged in a meet and confer regarding Weinstein's responses on November 4, 2020.  *Id.*  Notwithstanding this meet and

confer and Plaintiffs demand that Weinstein produce documents pursuant to Plaintiffs'

outstanding document requests by February 5, 2021, Weinstein's counsel refused to commit to

producing any documents.  Ellenberger Decl., ¶ 3, Ex. 1.

On January 11, 2021, Plaintiffs responded to discovery requests served by Weinstein and

produced more than 1,000 pages of documents on February 5, 2021.  *Id.,* ¶ 4.  And while

Weinstein provided supplemental responses to Plaintiffs' interrogatories and document requests

again objecting to nearly each request, he promised only that documents were forthcoming on a

thumb drive to be mailed to counsel's office.  Since Plaintiffs offices are closed, Plaintiffs have

requested a link to the documents to immediately review the documents.  *Id.,* ¶ 5.

On January 29, 2021, Plaintiffs served a notice for Harvey Weinstein's deposition, setting

the deposition for February 9, 2021 at his place of incarceration.  *Id*., ¶ 6.  Nearly a week later,

but five days before the planned deposition, Weinstein's counsel advised that he was not

available on the chosen date.  *Id.,* Ex. 2.  And despite this Court's refusal to stay Weinstein's

deposition, his counsel advised that he may nevertheless burden this Court with another motion

seeking relief from the deposition citing the same "plethora of serious medical conditions" this

Court recently found did not warrant a stay.  Dkt. #388, p.4.  In response, Plaintiff's counsel

requested additional dates that same week when Weinstein's counsel is available for the

deposition.  Weinstein's counsel has not responded.  Ellenberger Decl., ¶ 6.

Finally, Plaintiffs have issued thirteen subpoenas for depositions of non-parties, such as

Robert Weinstein.  Those who have responded have either requested a deferral of their depositions

or their attorneys have refused to accept service notwithstanding their entry of appearance in this

litigation.  *Id*., ¶ 7.

**C.      Imminent Resolution of Plaintiffs' Claims in the TWC Bankruptcy**

On January 25, 2021, the bankruptcy court held a hearing in *In re: The Weinstein Company*

*Holdings LLC*, No. 18-10601, and granted the Debtors' motion to confirm the Plan.  On January

26, 2021, the court signed the order approving the Plan.  *Id.,* Dkt. #3203.  The Plan creates a fund

of over $17 million for TWC-era victims of Weinstein's sexual abuse and misconduct ("Sexual

Misconduct Claims Fund").  *Id.,* Dkt. #3203-1, § 5.4.  At the hearing, Judge Walrath noted that 83

percent of the abuse survivors voted in favor of the Plan.  Plaintiffs Geiss, Masse, and Thompson

will participate in the claims process under the Plan.  Ellenberger Decl., ¶ 8.

The January 26, 2021 Order Confirming Plan entered by Judge Walrath provides for a

Notice of Effective Date to be filed upon, *inter alia,* funding, at which time the Plan becomes

immediately effective. *In re: The Weinstein Company Holdings LLC*, No. 18-10601 (MFW)

(Bankr. D. Del.), Dkt. #3203, ¶¶ 10-14 and Ex. B.   Upon entry of that order, the Liquidation

Trustee will have the ability to dispose of the Liquidation Trust Assets in accordance with the

terms of the Plan.  *Id.,* ¶¶ 15-16.  Upon the filing of the Effective Date Notice, which is expected

to occur within 14 days, Plaintiffs will voluntarily dismiss their claims in this Court.  Thus,

Plaintiffs request a stay of this case for 30 days to allow the Plan to become effective and for the

resultant dismissal here.

### III.      ARGUMENT

**A.      This Court should exercise its inherent power and discretion to stay this case until entry of the Effective Date Notice, which notice will moot this lawsuit.**

Plaintiffs request that this Court stay all proceedings in this matter until the Liquidation

Trustee files the Effective Date Notice in the bankruptcy court, which is expected to occur within

14 days.  This Court has the ability to stay proceedings as a matter of its discretion to control its

docket.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 20, n.23 (1983)

(staying proceedings pending arbitration).  In doing so, this Court must exercise its "studied judgment," weigh "competing interests[,] and maintain an even balance." *Louis Vuitton Malletier S.A v. LY USA, Inc*., 676 F.3d 83, 96-97, 99 (2d Cir. 2012).  In deciding whether to grant a stay, courts in the Second Circuit consider five factors:

> (1) the private interests of the [nonmovant] in proceeding expeditiously with the civil litigation as balanced against the prejudice to the [nonmovant] if delayed; (2) the private interests of and burden on the [movant]; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*GOJO Indus., Inc. v. Innovative Biodefense, Inc*., 407 F. Supp. 3d 356, 361-62 (S.D.N.Y. 2019) (alterations in original) (citation omitted).  All elements are readily satisfied.

As to the first element, Harvey Weinstein is not interested in proceeding expeditiously. Weinstein sought a stay and to prevent Plaintiffs from taking his deposition pending his criminal proceedings.  Dkt. #376.  After this Court refused to stay Weinstein's deposition (Dkt. #388), Plaintiffs scheduled the deposition of Harvey Weinstein at this place of incarceration to occur the week of February 8, 2021.  Nonetheless, Harvey Weinstein's lawyer said he was not available on the noticed date and has refused to confirm an alternative date for his client's deposition.

Further, despite filing a motion to compel demanding an immediate document production from Plaintiffs (*see* Dkt. #384), Weinstein produced four emails in response to Plaintiffs' document requests plus the promise of forthcoming documents on a thumb drive to be mailed to counsel's office.  Despite his one-sided discovery demands, Weinstein will not be prejudiced by any stay of this case now because Plaintiffs have otherwise complied, and will continue to comply, with their discovery obligations. Thus, Weinstein will not be prejudiced by a 30-day stay of this case.  Indeed, in the case of *Noble v. Weinstein, et, al*., Case No.17 Civ. 09260 (RWS) (S.D.N.Y.),

Harvey Weinstein has agreed to a *de facto* stay of the proceedings, recognizing that the bankruptcy proceedings for TWC could moot further proceedings in the district court.  *See* Noble, Dkt. #136.

The second element also supports a stay. The private interests of the Plaintiffs are to receive a measure of justice through compensation for the abuse they suffered. Those interests are furthered by having their claims considered in the private, confidential, and ordered process set up by the Plan to disburse the Sexual Misconduct Claims Fund.  The process provides an alternative to the trauma that will be exacerbated by a public trial.  Plaintiffs' interests are not furthered by the short-term filings of motions to compel and contentious discovery disputes that will be necessary in the event the stay is not granted.

As to the third element, a stay of this case will conserve judicial resources.  As set out above, Weinstein has refused to provide a date for his deposition, and has indicated that a second motion to stay Weinstein's deposition based on medical grounds may be forthcoming.  A stay will conserve the resources of the Court that will otherwise be spent on motions to compel that will become moot in short order.

The interests of non-parties also support the stay.  Here, Plaintiffs have served subpoenas for deposition on 13 non-parties, and intend to serve several more. Each of the proposed deponents have either requested a deferral of their depositions and/or their attorneys have declined to accept service (notwithstanding their prior appearances in this litigation).  They clearly do not want the litigation to proceed if it can be avoided through implementation of the Plan.

Finally, as to the fifth element, the interests of the public will not be prejudiced by a stay. Plaintiffs are prosecuting individual claims against Harvey Weinstein.  The public interest has already been served by the criminal conviction of Weinstein in New York (and pending criminal

charges in Los Angeles). The public has no further interest in this case outside of Weinstein's notoriety. Thus, the public will not be impacted by a stay.

Based on the foregoing, this Court should exercise its discretion and grant a stay pending entry of the Effective Date Notice in the bankruptcy court and Plaintiffs' dismissal of their claims in this Court. *See Cruz v. Dr. Barry Jordan,* 80 F. Supp. 2d 109, (S.D.N.Y. 1999) (Hellerstein, J.) (staying case pending exhaustion of administrative remedies).

## IV.    CONCLUSION

Plaintiffs respectfully request that this Court grant this motion and enter a stay of further proceedings in this matter for 30 days pending filing of the Effective Date Notice in *In re: The Weinstein Company Holdings LLC*, No. 18-10601 (MFW) (Bankr. D. Del.), and dismissal of Plaintiffs' claims thereafter, and for this Court to grant such other relief as is just and appropriate.

Dated:  February 6, 2021                Respectfully submitted,

                                        By:  */s/ Lynn A. Ellenberger*
                                        Lynn A. Ellenberger
                                        FEGAN SCOTT LLC
                                        500 Grant Street, Suite 2900
                                        Pittsburgh, Pennsylvania 15219
                                        Tel:  (412) 346-4104
                                        lynn@feganscott.com

                                        Elizabeth A. Fegan
                                        FEGAN SCOTT LLC
                                        150 S. Wacker Dr., 24th Floor
                                        Chicago, Illinois 60606
                                        Tel:  (312) 741-1019
                                        beth@feganscott.com

                                        Steve W. Berman
                                        Shelby Smith
                                        HAGENS BERMAN SOBOL
                                        SHAPIRO LLP
                                        1301 Second Avenue, Suite 2000
                                        Seattle, Washington 98101

Tel: (206) 623-7292
steve@hbsslaw.com
shelby@hbsslaw.com

Whitney K. Siehl
HAGENS BERMAN SOBOL
SHAPIRO LLP
455 N. Cityfront Plaza Drive
Suite 2410
Chicago, Illinois 60611
Tel:  (708) 628-4949
whitneys@hbsslaw.com

Nathaniel A. Tarnor
HAGENS BERMAN SOBOL
SHAPIRO LLP
555 Fifth Avenue
Suite 1700
New York, NY 10017
Tel: (646) 543-4992
Fax: (917) 210-3980
nathant@hbsslaw.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I, Lynn A. Ellenberger, an attorney, affirm that the foregoing was filed on this day on

ECF, which automatically served all counsel of record.


Dated: February 6, 2021                             Respectfully submitted,

                                                    By: */s/ Lynn A. Ellenberger*
                                                    Lynn A. Ellenberger