UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LOUISETTE GEISS, SARAH ANN THOMAS (a/k/a
SARAH ANN MASSE), MELISSA THOMPSON,
MELISSA SAGEMILLER, NANNETTE MAY (f/k/a
NANNETTE KLATT), KATHERINE KENDALL,
ZOE BROCK, CAITLIN DULANY, LARISSA
GOMES, and JANE DOE, individually and on behalf
of all others similarly situated,

        Plaintiffs,

  - against -


THE WEINSTEIN COMPANY HOLDINGS, LLC,
MIRAMAX FILM NY LLC, THE WALT DISNEY
COMPANY, DISNEY ENTERPRISES, INC., BUENA
VISTA INTERNATIONAL, INC., HARVEY
WEINSTEIN, ROBERT WEINSTEIN, DIRK ZIFF,
TIM SARNOFF, MARC LASRY, TARAK BEN
AMMAR, LANCE MAEROV, RICHARD
KOENIGSBERG, PAUL TUDOR JONES, JEFF
SACKMAN, JAMES DOLAN, MICHAEL EISNER,
IRWIN REITER, DAVID GLASSER, FRANK GIL,
RICK SCHWARTZ, FABRIZIO LOMBARDO,
MARK GILL, NANCY ASHBROOKE, BARBARA
SCHNEEWEISS, MIRAMAX DOES 1-10, TALENT
AGENCY DOES 1-100, and JOHN DOES 1-50,
inclusive,

        Defendants.

------------------------------------------------------------------------X

1:17-cv-09554-AKH

**DEFENDANT HARVEY WEINSTEIN'S RESPONSE
TO PLAINTIFFS' MOTION TO STAY**

1

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 3
    I.    PLAINTIFFS' TIMELINE OF DISCOVERY EVENTS IN THIS MATTER IS ERRONEOUS.................................................................................................................. 5
    II.   SHOULD THE COURT STAY DISCOVERY AS PER PLAINTIFFS' REQUEST, MR. WEINSTEIN REQUESTS THAT PLAINTIFF MELISSA THOMPSON BE PRODUCED FORTHWITH FOR HER DEPOSITION AND THAT A NINETY (90) DAY PERIOD OF TIME BE AFFORDED TO COMPLETE DISCOVERY, UPON THE LIFTING OF THE STAY. ........................................................................................................................... 8

## **EXHIBITS**

EXHIBIT A
    1.   Correspondence from Imran Ansari to Lynn Ellenberger dated January 29, 2021 and February 3, 2021

EXHIBIT B
    1.   USPS mailing label addressed to Lynn Ellenberger printed February 5, 2021

EXHIBIT C
    1.   Melissa Thompson email exchanges dated September and October 2011

The Defendant, Harvey Weinstein ("Mr. Weinstein"), by and through his undersigned counsel, submits this response to Plaintiffs Louisette Geiss, Sarah Ann Thomas (a/k/a/ Sarah Ann Masse), and Melissa Thompson (collectively "Plaintiffs") motion to stay.

## **INTRODUCTION**

Since John Adams took on the unpopular cause of representing British troops during the Boston Massacre trials of 1770, it has been recognized, by scholars of law and justice, that even the most publicly vilified defendant and those thought of as indefensible, are entitled to due process and a vigorous defense. If anything, there should be a heightened sense of assurance, that the constitutional rights of those unpopular defendants are not trampled on, nor prejudiced by the frenzied public. Arguably, that necessary and sacred part of our justice system has in recent years been degraded, where the age of modern-day access to information at one's fingertips has made it all too easy for the public to rush to judgment and accept allegations without question. It has also made it easy, acceptable, if not encouraged, to bring weak claims against someone who is already guilty in the court of public opinion. The motivation for which may be monetary gain, public notoriety, and new opportunities, perhaps driven by the desire to join and be the face of a movement, or to be forever-deemed as "brave," all while reassured that the claims may remain untested, unquestioned, and unvalidated, certainly without scrutiny or deference to fact. The public opinion ignores Constitutional safeguards – the presumption of innocence and entitlement to due process – particularly as to the Defendant in this case, and it is thus necessary that those procedural rights are not diminished but rather upheld in a court of law.

Notwithstanding these principles, Mr. Weinstein does not oppose Plaintiffs' motion for a thirty (30) day stay, considering the possible finalization of the Plan of Liquidation in bankruptcy court and the representation by the Plaintiffs that they intend to voluntary dismiss their claims in

3

this court. In fact, he agrees to a stay if the Plaintiffs in fact intend to dismiss their claims, in whole and with prejudice, upon the Plan becoming effective.

However, in the event that the thirty (30) day stay is granted but is then subsequently lifted due to the Plan not being deemed effective (or should the Plaintiff(s) elect to proceed against Mr. Weinstein in court), Mr. Weinstein requests that the Court compel Plaintiff Melissa Thompson to appear for a deposition forthwith, due to the exigent circumstances as stated by Plaintiffs' counsel attributed to Ms. Thompson's terminal illness. The need for Ms. Thompson to be deposed is critical due to the recent production of emails that seriously undermine and call into question her allegation that she was raped by Mr. Weinstein. The emails evince an individual who has engaged in a consensual act yet is experiencing regret due to what she perceives to be the physical unattractiveness of Mr. Weinstein and is engaging in friendly – if not witty – banter about the alleged incident with a friend. This exchange, made on or about the date of the alleged incident, is critical evidence in favor of Mr. Weinstein and supports his defense. This documentary evidence, in conjunction with audiovisual evidence also produced by Ms. Thompson, does not support the narrative of rape that she has levied against Mr. Weinstein. If anything, it permits a jury to draw a reasonable inference, that any sexual act that is alleged to have occurred between Ms. Thompson and Mr. Weinstein was consensual, albeit perhaps regrettable for Ms. Thompson.

Additionally, if the Court grants Plaintiffs' motion for a stay and the Plan does not become effective and/or the Plaintiffs choose to pursue their claims against Mr. Weinstein, as the settlement permits, Mr. Weinstein requests an additional ninety (90) days from the lifting of the stay to complete discovery in this case. The basis of this request is that the production of documents that were served on Mr. Weinstein on February 5, 2021 pursuant to Court Order, following the granting of Mr. Weinstein's Motion to Compel (Doc. No. 392), necessitate the

taking of party depositions as well as non-party depositions, and possible further requests for documents and/or information based on discovery responses and/or testimony to be elicited at the depositions of the Plaintiffs. The documents produced by Ms. Thompson as discussed above, coupled with the sparse document production made on behalf of Plaintiffs Louisette Geiss and Sarah Ann Thomas (Masse) (which contains zero corroborating information as it relates to their claims), raise more questions than answers as to the nature and/or veracity of their allegations. Therefore, Mr. Weinstein requests that he be permitted to proceed with the deposition of Ms. Thompson forthwith upon the lifting of a stay (should this Court implement the same) and seeks and additional ninety (90) days to complete discovery from that date, should the Plan not become effective, and/or the Plaintiffs elect to pursue their claims against Mr. Weinstein.

I. **PLAINTIFFS' TIMELINE OF DISCOVERY EVENTS IN THIS MATTER IS ERRONEOUS.**

Plaintiffs' recitation of the factual events pertaining to discovery in this matter as it relates to Mr. Weinstein and/or his counsel is erroneous and amounts to revisionist history. Plaintiffs inaccurately claim that "*Weinstein's counsel refused to commit to producing any documents*" by the unilateral and arbitrary date set by Plaintiffs' counsel, of February 5, 2021. This is incorrect, as Counsel for the Defendant sent emails to Counsel for the Plaintiffs and stated that Mr. Weinstein would endeavor to respond with a document production in that time frame:

**From:** Imran H. Ansari, Esq.
**Sent:** Friday, January 29, 2021 2:40 PM
**To:** Lynn Ellenberger <lynn@feganscott.com>; pk@kupfersteinmanuel.com
**Cc:** Elizabeth Fegan <beth@feganscott.com>; Whitney K. Siehl <whitneys@hbsslaw.com>; shelby@hbsslaw.com; Brooke Achua <brooke@feganscott.com>; Tara Sylvester <tara@feganscott.com>
**Subject:** RE: Geiss v. The Weinstein Company Holdings, No. 1:17-cv-09664-AKH

We will endeavor to provide a response on February 5, 2021 to keep discovery moving.

Imran H. Ansari, Esq.
*Partner*
**Aidala, Bertuna & Kamins PC**
546 Fifth Avenue - Sixth Floor
New York, New York 10036
(212) 486-0011
www.aidalalaw.com

**From:** Imran H. Ansari, Esq.
**Sent:** Friday, January 29, 2021 3:30 PM
**To:** Lynn Ellenberger <lynn@feganscott.com>; pk@kupfersteinmanuel.com
**Cc:** Elizabeth Fegan <beth@feganscott.com>; Whitney K. Siehl <whitneys@hbsslaw.com>; shelby@hbsslaw.com; Brooke Achua <brooke@feganscott.com>; Tara Sylvester <tara@feganscott.com>; Taylor Friedman <tfriedman@aidalalaw.com>
**Subject:** RE: Geiss v. The Weinstein Company Holdings, No. 1:17-cv-09664-AKH

First, you have selected February 5, 2021, as your own unilateral date for production. Normally I would object your unilaterally imposed deadline from the outset. However, I have stated in good faith that we will endeavor to respond in that time frame. As to your request to produce "the documents", that is somewhat of a vague and overbroad request. We will work to produce documents and information that are in our possession and responsive to your requests, and not subject to an objection. Which is what our obligation pursuant to the FRCP mandates.

Imran H. Ansari, Esq.
*Partner*
**Aidala, Bertuna & Kamins PC**
546 Fifth Avenue - Sixth Floor
New York, New York 10036
(212) 486-0011
www.aidalalaw.com

## **EXHIBIT A**

Mr. Weinstein fulfilled this request and produced documents on February 5, 2021. This was the same date that Plaintiffs' were ordered to produce documents to Mr. Weinstein pursuant to the granting of Mr. Weinstein's Motion to Compel. Despite the claim in their motion that Mr. Weinstein objected to nearly every request, Mr. Weinstein produced approximately **95,255** documents. The size of the production necessitated the mailing of external document drives that were sent via USPS to Plaintiffs' counsel's office (*See*, proof of mailing annexed here to as

6

**EXHIBIT B**). Mr. Weinstein further provided supplemental responses to Plaintiffs' Request for Interrogatories.

Plaintiffs' also mischaracterize the communications regarding Mr. Weinstein's deposition. Although the Court did not stay Mr. Weinstein's deposition in deciding Mr. Weinstein's prior motion, the Court did specify the following: "*Should there be any medical reasons to limit, or attach conditions to, Weinstein's deposition so as to not unduly endanger the deterioration of his health, an application can be made to the Court.*" As such, Mr. Weinstein does intend to seek relief from the Court by filing an application, along with a physician's letter describing Mr. Weinstein's state of health, shortly after the filing of this brief. Nevertheless, counsel did respond to Plaintiffs' inquiry regarding scheduling depositions in this action as follows:

> From: Imran H. Ansari, Esq.
> Sent: Wednesday, February 3, 2021 8:14 AM
> To: Lynn Ellenberger <lynn@feganscott.com>
> Cc: pk@kupfersteinmanuel.com; Elizabeth Fegan <beth@feganscott.com>; Whitney K. Siehl <whitneys@hbsslaw.com>; shelby@hbsslaw.com; Brooke Achua <brooke@feganscott.com>; Tara Sylvester <tara@feganscott.com>
> Subject: Re: Geiss v. The Weinstein Company Holdings, No. 1:17-cv-09664-AKH
>
> Good morning Lynn,
>
> Although we believe our client may be medically incapable to sit for a deposition at this point for a number of reasons, and may seek relief on those grounds, we would request a new date for his deposition as I am unavailable on the 9th. Perhaps we should set forth an agreement on dates for party depositions in February? I would imagine the urgency for Ms. Thompson still exists?
>
> Best,
> Imran
>
> Sent from my iPhone

**EXHIBIT A**

To the contrary of Plaintiffs' position, Mr. Weinstein has diligently sought discovery. As the Court may recall, on January 14, 2021, Mr. Weinstein filed a Motion to Compel Plaintiffs' to provide documents responsive to Mr. Weinstein's requests. (Doc. No. 383). On January 28, 2021,

7

the Court granted Mr. Weinstein's Motion to Compel and ordered the Plaintiffs' to serve documents by February 5, 2021. On February 5, 2021, Plaintiffs served a document production on Mr. Weinstein. Subsequently, Mr. Weinstein noticed the depositions of the Plaintiffs in this action. Although Mr. Weinstein does not oppose a stay at this time, should the Court stay discovery, and should there be a lifting of that stay, this production requires further discovery including the depositions of the Plaintiffs and of non-parties whose identities have been revealed within the recent document production.

As such, the discovery discussed herein is germane to this matter, and Mr. Weinstein respectfully requests that this Court, should it grant Plaintiffs' request for a stay, which Mr. Weinstein does not oppose, and should the stay be ultimately lifted, Ms. Thompson should be compelled to be deposed forthwith, and further requests that the Court extend the time to complete discovery upon the lifting of the stay for a period of ninety (90) days so that Mr. Weinstein may pursue further discovery, including depositions.

**II.  SHOULD THE COURT STAY DISCOVERY AS PER PLAINTIFFS' REQUEST, MR. WEINSTEIN REQUESTS THAT PLAINTIFF MELISSA THOMPSON BE PRODUCED FORTHWITH FOR HER DEPOSITION AND THAT A NINETY (90) DAY PERIOD OF TIME BE AFFORDED TO COMPLETE DISCOVERY, UPON THE LIFTING OF THE STAY.**

Mr. Weinstein does not wish to waste time and expense on litigation that will ultimately be resolved. However, should the Plan not become effective, or as the Plan allows claimants to elect to take 25% of the apportioned settlement money and still proceed against Mr. Weinstein in court, he must ensure that he is protected in this action. In essence, there is no closure for Mr. Weinstein. Therefore, although Mr. Weinstein does not oppose Plaintiffs' request for a stay, he wishes to ensure he will be able to take discovery expeditiously from the Plaintiffs, should the Plan not be made effective, or should the Plaintiffs elect to proceed with their claims.

8

Therefore, exigent circumstances relating to Ms. Thompson's health necessitates that discovery from Ms. Thompson be expedited upon the lifting of any court-imposed stay should the Plan not be made effective or should the Plaintiff(s) elect to proceed against Mr. Weinstein in court. As stated by Plaintiffs' counsel themselves, discovery must be preserved due to Ms. Thompson's unfortunate state of health. This includes her deposition, and possibly post-deposition requests for further discovery from the Plaintiff and/or non-party witnesses. Based on Ms. Thompson's email exchange with a friend, whose name we have redacted, there certainly exists the need to take Ms. Thompson's deposition, and importantly, the non-party deposition of her friend. The email exchange in question is as follows:

From: [redacted]
Date: October 3, 2011 at 12:06:43 PM EDT
To: Melissa Thompson <[redacted]>
Subject: Re: Minority Rec Letter

I'm laughing and crying outloud!

Dude - it doesn't matter. One day we'll be old ladies looking back on all the crazy times...wishing we hadn't judged ourselves so harshly...

Love you!

On Mon, Oct 3, 2011 at 12:01 PM, Melissa Thompson <[redacted]> wrote:

His back had about 1,000 huge, disgusting, hardened blackheads. I have never seen anything like it.

On Oct 3, 2011, at 11:56 AM, [redacted] wrote:

Dude - I still trump you with MA.

I actually think HW isn't that bad...power is quite the aphrodisiac isn't it? Guilt is pointless...

We must focus on a business isn't dependant on interacting with powerful men.

9

On Mon, Oct 3, 2011 at 11:51 AM, Melissa Thompson <​████​> wrote:

Harvey Weinstein.

The blackheads. The rolls of fat. The surgery scars. The food stuck in his beard. You cannot even imagine. It was beyond disgusting.

On Mon, Oct 3, 2011 at 11:49 AM, ████ wrote:

Nothing could be worse than the visuals I dealt with in Asia. Why do we do what we do?!?!

I cannot wait to catch up on all that is our lives tomorrow evening. Do you want to stay over? Xx

On Mon, Oct 3, 2011 at 11:47 AM, Melissa Thompson <​████​> wrote:

I slept with something/one really, really, really gross. I don't know if I can stomach telling you. You might have to wait

On Oct 3, 2011, at 11:45 AM, ████ wrote:

What's creepynastynotcool? Sorry, did I miss something?

On Mon, Oct 3, 2011 at 11:20 AM, Melissa Thompson <​████​> wrote:

yes, of course! I will come over after work tomorrow!

dude I am still so grossed out with myself. Tomorrow we have a mtg at the Weinstein office.. but I am bringing Jason from my office, and also, we are mtg with the marketing guys.. but still. creepynastynotcool.

On Mon, Oct 3, 2011 at 11:17 AM, ████ wrote:

Totally! Will you email him? :-)

Also, do you mind coming over beforehand and looking over my application. I want to make sure I'm submitting everything correctly.

I can't thank you enough for all of your help! Xx

On Mon, Oct 3, 2011 at 11:15 AM, Melissa Thompson <​████​> wrote:

yes! should we invite Jason to hangout and get his opinion on our biz? (also, you have a guilt-free cancellation pass... in case you need to work on apps!)

On Oct 3, 2011, at 11:04 AM, ████ wrote:

Don't worry about the essays...I need to quickly redraft all three. I'll let you know if I need help with any CBS details.

Let's plan to hang tomorrow evening. :-)

Xx!

10

On Mon, Oct 3, 2011 at 10:58 AM, Melissa Thompson <​███​> wrote:

I sucked and never got you Essay 1 back. Do you want to send me the most recent version? also, are there just two essays? or three? I only say #1 and #3.

XOX

On Mon, Oct 3, 2011 at 10:56 AM, ███ wrote:

I'm HOME!! Did you get the texts I sent yesterday?

The application is due on the 5th.

When am I seeing you? :-)

On Mon, Oct 3, 2011 at 8:32 AM, Melissa Thompson <​███​> wrote:

yes! Michael ███.

I should do that though, as soon as you submit your app. When are you doing that?

And when are you home?

Miss you mucho mucho.

On Oct 3, 2011, at 1:15 AM, ███ wrote:

Hi Lovely,

Do you mind passing along a note to the man you mentioned in charge of the minority admissions? I had my friend contact his donor friend to mention me to the dean. What other bases do I need to cover? Sorry for bombarding you with all this b-school stuff. I cannot wait until this whole process is over!

xoxo,

From: Melissa Thompson ████████████████
Date: September 29, 2011 at 9:17:53 PM EDT
To: ████████████████
Subject: Re: Gah!!!

Harvey. Weinstein.

Sent from my iPhone

On Sep 29, 2011, at 9:05 PM, ████████████████ wrote:

Oh GAWD! WHO?
So livid - spent $600 on THE WORST essay revisions. I should have just done it myself. What a waste of time. :-((

On Fri, Sep 30, 2011 at 8:47 AM, Melissa Thompson <
<mailto:████████████████> wrote:

I fucked something disgusting and I did not want to. It happened.

Sent from my iPhone

On Sep 29, 2011, at 8:06 PM, ████████████████████████████████

Ugh - my cell just died. Was it a chap?

I CANNOT wait to see you!

On Thu, Sep 29, 2011 at 8:00 PM, Melissa Thompson < ████████████████ >
< ████████████████ > wrote:

Tried your cell. Want me to call your hotel?

@ a lame ass Racquet Club party

Sent from my iPhone

On Sep 29, 2011, at 7:28 PM, ████████████████
████████████████

I'm up!

On Thu, Sep 29, 2011 at 6:56 PM, Melissa Thompson < <mailto:████████████████ >
<mailto:████████████ >
<mailto:████████████ > ████████████ > wrote:

Let me know if you are up. Something ridiculous just happened. Traumatized.

Sent from my iPhone


## **EXHIBIT C**

12

Such discovery and/or testimony is critical to Ms. Thompson's claims, but perhaps more so to Mr. Weinstein's defenses. At issue is the manner in which Ms. Thompson engaged her friend shortly after she alleges that Mr. Weinstein raped her. The correspondence, while establishing that Ms. Thompson was not pleased with the physical aesthetics of Mr. Weinstein, does not establish nor corroborate the claim that she was raped, and more so, supports Mr. Weinstein's defense that any sexual contact was consensual, albeit unsavory for Ms. Thompson in hindsight.

Mr. Weinstein defends these actions at a serious disadvantage. Convicted, sentenced, and defending a slew of civil claims, with criminal charges pending in Los Angeles, the need to pursue beneficial and substantive discovery in his defense is critical, lest the doors to that discovery be closed prematurely. Despite being vilified and despised in the court of public opinion, the need to defend against accusations, seek relevant discovery, and avoid prejudice is in no way abrogated, it is in fact heightened. The exigency to this discovery has been expressed by Plaintiffs' counsel themselves. They have shared unfortunate news that Ms. Thompson has terminal metastatic breast cancer, and Ms. Thompson has intended to present herself for a deposition in early 2021 to preserve her testimony for trial. Therefore, Plaintiffs' counsel concedes that discovery as it relates to Ms. Thompson is time sensitive and needs to be expedited. Evidence relevant and germane to the accusations against Mr. Weinstein by Ms. Thompson, and his defenses to said accusations and those of others, mandate that should a stay be implemented, and this action is subsequently not settled, and said stay lifted, that a deposition of Ms. Thompson follow forthwith, and additional and sufficient time be afforded to Mr. Weinstein to pursue additional party and non-party discovery.

While the Fourth Amended Plan may effectively terminate this litigation, Mr. Weinstein

cannot leave anything to chance. No one can predict whether the Plan will be rendered effective, or if these Plaintiffs will elect to take 100% of the apportioned settlement money allocated to them and dismiss their claims with prejudice in their entirety, and release Mr. Weinstein of all claims made herein.  Thus, pursuit of discovery that is material, necessary, and relevant to this action, and based on the emergent circumstances related to Ms. Thompson's health necessitate that the request that should a stay be granted, and the stay therein lifted for the possible reasons discussed *supra*, that Ms. Thompson should be deposed forthwith, and Mr. Weinstein be afforded ample time to seek further discovery in his defense.

**WHEREFORE**, Defendant Harvey Weinstein does not oppose Plaintiffs' request for a stay pending the Plan being deemed effective, however, should any stay be subsequently lifted, Mr. Weinstein respectfully requests that the Court enter an order compelling Plaintiff Melissa Thompson to be deposed forthwith due to exigent circumstances regarding her health, and that discovery deadlines be extended for a period of ninety (90) days from the date the stay is lifted.

Dated: February 8, 2021
     New York, New York

Respectfully Submitted,

**AIDALA, BERTUNA & KAMINS, PC**

By: _____

**IMRAN H. ANSARI**
*Attorney for Defendant Harvey Weinstein*
546 5th Avenue, 6th Floor
New York, New York 10036
iansari@aidalalaw.com
Tel.: (212) 486-0011