UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISETTE GEISS, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA THOMPSON, et al., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, et al.,<br><br>    Defendants. | No. 1:17-cv-09554-AKH<br><br>Hon. Alvin K. Hellerstein |

**PLAINTIFF MELISSA THOMPSON'S EMERGENCY
MOTION TO SEAL AND FOR SANCTIONS**

- ii -

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1
II. FACTS ............................................................................................................................. 1
III. ARGUMENT ................................................................................................................... 2
    A. This Court should seal Weinstein's Response to Plaintiff's Motion to Stay and its exhibits. ................................................................................................................. 2
    B. Attorney Ansari violated Rule 11, warranting the imposition of sanctions. .............. 3
IV. CONCLUSION ................................................................................................................ 5

## EXHIBITS

EXHIBIT 1

    Ellenberger 1/26/21 and 1/28/21 emails to Ansari.

EXHIBIT 2

    Ellenberger 2/9/21 email to Ansari.

EXHIBIT 3

    Ellenberger 2/9/21 email to Ansari, and reply.

Plaintiff Melissa Thompson ("Plaintiff"), by and through her attorneys, files this emergency motion to seal Defendant Harvey Weinstein's ("Defendant") Response to Plaintiffs' Motion to Stay and its exhibits (ECF 396) and for sanctions, for the following reasons:

## I.   INTRODUCTION

A pleading signed by an attorney is a certification that "it is not being presented for any improper purpose, such as to harass…." Fed. R. Civ. P. 11.  On February 9, 2021, attorney Imran Ansari, counsel for Harvey Weinstein, attached a personal email of Plaintiff Melissa Thompson ("Plaintiff") to a filing, which email no way furthered his client's position or any matter before this Court.  Attorney Ansari attached this email solely to vex and harass Ms. Thompson, and as such, sanctions are warranted.

The decoy issue which attorney Ansari disingenuously contends this document applies (which it does not) is a discovery matter relating to the timing of Ms. Thompson's deposition in the event this Court grants a stay.  Yet this discovery matter is not a point of contention between the parties.  Attorney Ansari would have learned this had he properly engaged in a conference as required by this Court's Rule 2.E.  In light of the foregoing, Plaintiff's counsel requests that sanctions be imposed and that the subject brief and exhibits be sealed.

## II.   FACTS

On February 5, 2021, Plaintiffs Louisette Geiss, Sarah Ann Masse, and Melissa Thompson produced more than 1,000 pages of documents in response to Harvey Weinstein's document requests and this Court's order.  ECF 392.  The next day, those Plaintiffs filed a motion to stay the case pending filing of the bankruptcy plan effective date notice.  ECF 394. Plaintiffs filed the motion after counsel for Harvey Weinstein ignored Plaintiffs' two attempts to

solicit Weinstein's agreement with a stay to save the parties time and expense of litigation that will likely be moot. Declaration of Lynn A. Ellenberger ("Ellenberger Decl."), ¶ 2 and Ex. 1.

On February 8, 2021, attorney Ansari, on behalf of Harvey Weinstein, filed a response to Plaintiffs' motion to stay. ECF 396. The response reveals that Weinstein *agrees* with the relief requested by Plaintiffs, that this Court should stay this case pending the filing of the Effective Date Notice in the bankruptcy case. Nevertheless, attorney Ansari contended that in the event the case is stayed and the stay subsequently lifted, that the deposition of Ms. Thompson proceed forthwith. Attorney Ansari never conferred with Plaintiff's counsel regarding this discovery matter. If he did, he would have learned that such request is unobjectionable to Plaintiff. Ellenberger Decl., ¶ 3.

Attorney Ansari attached a highly personal email from Ms. Thompson to his brief as Exhibit C. A copy of this very same email in Plaintiffs' production was designated as "Highly Confidential/Attorneys' Eyes' Only. The copy attached to the motion was inadvertently not similarly designated.

In an attempt to resolve this matter without this Court's intervention, Plaintiff demanded that attorney Ansari withdraw his filing. Ellenberger Decl., ¶ 4, Ex. 2. He refused. Ellenberger Dec., ¶ 4, Ex. 3.

### III. ARGUMENT

#### A. This Court should seal Weinstein's Response to Plaintiff's Motion to Stay and its exhibits.

Plaintiff respectfully requests that this Court seal Weinstein's Response to Plaintiff's Motion to Stay and its Exhibits. Attorney Ansari has indicated a willingness to do so should this Court so order. Ellenberger Decl., Ex. 3. This Court has the inherent authority to seal portions of the record. *See United States v. Seugasala*, 670 F. App'x 641, 642 (9th Cir. 2016); *see also In re*

*Robert Landau Assocs., Inc.*, 50 B.R. 670, 677 (Bankr. S.D.N.Y. 1985) (S.D.N.Y. Bk. 1985). Based on the foregoing and the reasons set out herein, this Court should seal ECF 396 and its attachments.

### B. Attorney Ansari violated Rule 11, warranting the imposition of sanctions.

A pleading signed by an attorney is a certification that "it is not being presented for any improper purpose, such as to harass…." Fed. R. Civ. P. 11. Rule 11 "prohibits the filing of any pleading or motion that is interposed for any improper purpose such as to harass." *Malley v. Corp. Counsel,* 9 F. Appx. 58, 60 (2d Cir. 2001) (citing Rule 11 and upholding sanctions where conduct was vexatious and harassing). Exhibit C attached by attorney Ansari to the uncontested response to Plaintiff's motion to stay this case is appended *only* to vex and harass Ms. Thompson. Accordingly, he should be sanctioned consistent with this Court's oversight regarding the obligations of professionalism in the matters coming before it. *See Felix v. Balkin*, 49 F. Supp. 2d 260, 263 (S.D.N.Y. 1999) (Hellerstein, J.).

Exhibit C is a highly personal email. It does not relate to or support the issue contained in the brief addressing when Ms. Thompson's deposition should occur. Attorney Ansari's admission in his filing, that his client intends to use this email to support Weinstein's anticipated defense, confirms that the email is not attached for a purpose related to the underlying response. *See* ECF 396, p.4. This Court's Rule 4.B.i requires that "[s]ensitive information and information requiring caution must not be included in any document filed with the Court unless such inclusion is necessary and relevant to the case."

Furthermore, while the copy of the email at issue does not bear any confidentiality designation,[1] an identical copy of the very same was produced by Plaintiff bearing a "Highly Confidential/Attorneys' Eyes' Only" designation."  Attorney Ansari cannot genuinely contend to have been ignorant about the highly confidential and sensitive nature of its contents.  *See In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 69, 70-71 (S.D.N.Y. 2007) (prohibiting the direct or indirect use of discovery material protected by the protective order.)

Whether conduct is sanctionable is subject to a test of objective unreasonableness.  *Ehrich v. Binghamton City Sch. Dist.*, 210 F.R.D. 17, 26 (N.D.N.Y. 2002).  "When applying this test, courts have adhered to the principle that the questionable conduct must have been totally without merit or utterly lacking in support."  *Id.* (citations omitted).  For the above reasons, Attorney Ansari's use of this email was objectively unreasonable.

Plaintiff's request for sanctions under Rule 11 is bolstered by the fact that attorney Ansari never met and conferred with Plaintiff about the timing of Ms. Thompson's deposition.  This Court's Rule 2.E. requires that any disputes between counsel shall be described in a single letter, jointly composed, and that "[s]trict adherence to the meet and confer rule is required and should be described in the joint submission…."  Had counsel conferred, he would have learned that Plaintiff has not objection to the requested relief, that Ms. Thompson's deposition occur forthwith should this Court enter then lift a stay.  In fact, the same day on which Defendant's response was filed, Plaintiff's counsel indicated dates on which Ms. Thompson (as well as Ms. Geiss and Ms. Masse) were willing to appear for deposition.  Ellenberger Decl., ¶ 3.

---

[1] The failure to designate this particular email was an oversight, and Plaintiff intends to and hereby does re-designate the document as "Highly Confidential/Attorneys' Eyes Only" in accordance with the parties' Stipulated Protective Order, ECF 309, ¶ 7.

- 4 -

As final matter, attorney Ansari's improper motive in attaching this highly personal email is revealed by the fact that the brief in question appears to have been written not for this Court, but for public consumption. It begins with a diatribe about John Adams representing British troops during the Boston Massacre trials of 1770, and how these events somehow apply to convicted sex offender Harvey Weinstein. ECF 398, p.3. Such soapbox topics are wholly irrelevant to Plaintiff's motion to stay the case pending the bankruptcy filing, and reveal attorney Ansari's improper motive with the filing in question. Plaintiff Melissa Thompson therefore requests that this Court sanction attorney Ansari pursuant to Rule 11.

## IV.  CONCLUSION

Plaintiff Melissa Thompson respectfully requests that this Court grant this motion and impose sanctions against Attorney Imran Ansari for his vexations and harassing conduct, seal Weinstein's Response to Plaintiff's Motion to Stay and its Exhibits (ECF 396), and grant such other relief as is just and appropriate.

Dated:  February 9, 2021

Respectfully submitted,

By: */s/Lynn A. Ellenberger*
Lynn A. Ellenberger
FEGAN SCOTT LLC
500 Grant Street, Suite 2900
Pittsburgh, Pennsylvania 15219
Tel:  (412) 346-4104
lynn@feganscott.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, Illinois 60606
Tel:  (312) 741-1019
beth@feganscott.com

Steve W. Berman
Shelby Smith

- 6 -

HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Tel: (206) 623-7292
steve@hbsslaw.com
shelby@hbsslaw.com

Whitney K. Siehl
HAGENS BERMAN SOBOL
SHAPIRO LLP
455 N. Cityfront Plaza Drive
Suite 2410
Chicago, Illinois 60611
Tel:  (708) 628-4949
whitneys@hbsslaw.com

Nathaniel A. Tarnor
HAGENS BERMAN SOBOL
SHAPIRO LLP
555 Fifth Avenue
Suite 1700
New York, NY 10017
Tel: (646) 543-4992
Fax: (917) 210-3980
nathant@hbsslaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I, Lynn A. Ellenberger, an attorney, affirm that the foregoing was filed on this day on ECF, which automatically served all counsel of record.

| | |
|---|---|
| Dated: February 9, 2021 | Respectfully submitted, |
| | By: */s/ Lynn A. Ellenberger*<br>Lynn A. Ellenberger |