UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISETTE GEISS, SARAH ANN THOMAS (a/k/a SARAH ANN MASSE), MELISSA THOMPSON, et al., individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>THE WEINSTEIN COMPANY HOLDINGS, LLC, et al.,<br><br>      Defendants. | No. 1:17-cv-09554-AKH<br><br>Hon. Alvin K. Hellerstein |

**DECLARATION OF LYNN A. ELLENBERGER
IN SUPPORT OF PLAINTIFF MELISSA THOMPSON'S
EMERGENCY MOTION TO SEAL AND FOR SANCTIONS**

I, Lynn A. Ellenberger, under oath, declare as follows:

1.      I am counsel for Plaintiff Melissa Thompson ("Plaintiff") in this matter.  I have full knowledge of the matters stated herein, and could and would testify hereto.

2.      On February 6, 2021, Plaintiffs Louisette Geiss, Sarah Ann Masse, and Melissa Thompson ("Plaintiffs") filed a motion to stay the case pending filing of the bankruptcy plan effective date notice.  ECF 394.  Plaintiffs filed the motion because counsel for Defendant Harvey Weinstein ("Defendant") ignored Plaintiffs' two attempts to solicit Weinstein's agreement for a stay to save the parties the time and expense of litigation that will likely be moot.  Exhibit 1.

3.      Attorney Ansari never conferred with Plaintiff's counsel regarding the timing of Ms. Thompson's deposition prior to filing Defendant's Response to Plaintiffs' Motion to Stay on February 8, 2021.  ECF 396.  If he did, he would have learned that such request is

unobjectionable to Plaintiff.  Indeed, the same day that he filed the motion, Plaintiff's counsel

indicated dates on which Ms. Thompson (as well as Ms. Geiss and Ms. Masse) were willing to

appear for deposition.

4.    In an attempt to resolve the matter regarding the personal email of Melissa

Thompson attached to Defendant's filing, Plaintiff demanded that attorney Imran Ansari

withdraw his Response to Plaintiff's Motion to Stay and its exhibits.  Exhibit 2.  Attorney Ansari

refused.  Exhibit 3.

5.    True and correct copies of the following documents are attached as Exhibits:

| Exhibit | Description |
|---------|-------------|
| 1 | Ellenberger 1/26/21 and 1/28/21 emails to Ansari. |
| 2 | Ellenberger 2/9/21 email to Ansari. |
| 3 | Ellenberger 2/9/21 email to Ansari, and reply. |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 9, 2021                              /s/ Lynn A. Ellenberger
                                                      Lynn A. Ellenberger

# EXHIBIT 1

## Lynn Ellenberger

| | |
|---|---|
| **From:** | Lynn Ellenberger |
| **Sent:** | Thursday, January 28, 2021 10:21 AM |
| **To:** | Imran H. Ansari, Esq.; Taylor Friedman; Alex Sieburth; Michael DiBenedetto |
| **Cc:** | Elizabeth Fegan; Whitney K. Siehl |
| **Subject:** | RE: Geiss v. The Weinstein Company Holdings, LLC, No. 1:17-cv-09554-AKH |

Good morning.  I am following up on the below to see if you had a response for us?  Thank you.  - Lynn

Lynn A. Ellenberger| **Fegan Scott LLC** | 412.346.4104



---

**From:** Lynn Ellenberger
**Sent:** Tuesday, January 26, 2021 9:40 AM
**To:** Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Taylor Friedman <tfriedman@aidalalaw.com>; Alex Sieburth <asieburth@aidalalaw.com>; Michael DiBenedetto <mdibenedetto@aidalalaw.com>
**Cc:** Elizabeth Fegan <beth@feganscott.com>; Whitney K. Siehl <WhitneyS@hbsslaw.com>
**Subject:** Geiss v. The Weinstein Company Holdings, LLC, No. 1:17-cv-09554-AKH

Hi, Imran – Yesterday the bankruptcy court confirmed The Weinstein Company's Fifth Amended Joint Chapter 11 Plan of Liquidation in *In re: The Weinstein Company Holdings LLC*, No. 18-10601 (MFW) (Bankr. D. Del.).  Our clients, Louisette Geiss, Melissa Thompson, and Sarah Ann Masse, the only plaintiffs with existing claims, will participate in the bankruptcy claims process. I am writing to see if you will agree to a stay of the case pending a final order in the bankruptcy court and subsequent dismissal of our clients' claims.  Please advise.  Thank you.  - Lynn

Lynn A. Ellenberger | Of Counsel
**Fegan Scott LLC**
500 Grant St., Suite 2900
Pittsburgh, PA 15219
Direct: 412.346.4104 | Fax: 312.264.0100
www.feganscott.com



# EXHIBIT 2

| **From:** | Lynn Ellenberger |
|---|---|
| **To:** | Imran H. Ansari, Esq.; Taylor Friedman; Michael DiBenedetto |
| **Cc:** | Elizabeth Fegan; Whitney K. Siehl; Brooke Achua |
| **Subject:** | Geiss v. The Weinstein Company Holdings, LLC, No. 1:17-cv-09554-AKH |
| **Date:** | Tuesday, February 9, 2021 9:29:49 AM |
| **Attachments:** | image001.png |

Counsel - In your response to Plaintiff's motion to stay case, you gratuitously attach an email from Melissa Thompson while asking that Melissa Thompson's deposition be taken forthwith should a stay be granted then lifted (notwithstanding we provided dates of availability).  Your response raises a discovery issue for which you did not confer with us and is in violation of L. Civ. R. 37.2 and Judge Hellerstein's Rule 2.E.  The filing is intended to harass in violation of the rules.  We intend to move for sanctions if the pleading is not withdrawn by noon eastern today.  - Lynn


Lynn A. Ellenberger | Of Counsel
**Fegan Scott LLC**
500 Grant St., Suite 2900
Pittsburgh, PA 15219
Direct: 412.346.4104 | Fax: 312.264.0100
www.feganscott.com



# EXHIBIT 3

| | |
|---|---|
| **From:** | Imran H. Ansari, Esq. |
| **To:** | Lynn Ellenberger |
| **Cc:** | Elizabeth Fegan; Whitney K. Siehl; Brooke Achua; Arthur Aidala; Taylor Friedman; Michael DiBenedetto |
| **Subject:** | RE: Geiss v. The Weinstein Company Holdings, LLC, No. 1:17-cv-09554-AKH |
| **Date:** | Tuesday, February 9, 2021 12:02:46 PM |
| **Attachments:** | image001.png |
| | image008.png |
| | image009.png |
| | image010.png |

Dear Ms. Ellenberger,

We respectfully disagree with your characterization of Defendant's response, and our position is that there was nothing inappropriate about Defendant's response to your clients' Motion to Stay. Further, your threat of moving for sanctions, where no basis for such drastic relief is present, is misplaced and seems to be intended to intimidate and/or harass.

First, the Plaintiffs have raised the need to take Ms. Thompson's deposition in an exigent manner due to her health. You have done so since November 2020. In recognition of this, Defendant, while not opposing the stay, has requested that should the Court impose a stay (which it may not) enter an order, mandating that Ms. Thompson be produced forthwith upon a lifting of any stay. If she was of poor health requiring exigency in November 2020, then certainly at this point that exigency may be heightened. Although you state that you will produce Ms. Thompson in March, discovery in this matter has been delayed, and given the representations you have made regarding her health, we do not feel comfortable unless we have a court order directing her to appear immediately. We have this concern because of the track record at hand, as it took Judge Hellerstein granting our Motion to Compel and issuing an Order, in order to receive a document production to requests that were served on Plaintiffs in 2019, and then our subsequent request in 2020. There is nothing improper in requesting that should the Court stay the case, we have the reassurance that an order will compel Ms. Thompson to be produced forthwith if the stay is lifted. The emails produced on Friday make a deposition of Ms. Thompson and the non-parties cited therein, all the more important. They are largely the basis of the request.

Second, there is nothing improper about citing to the emails that you produced without confidentiality designation in our response. The emails are germane to Defendant's request to (a) take the deposition of Ms. Thompson in an exigent manner, and pursuant to court order to ensure her appearance, and (b) in support of Defendant's request to extend the length of time in order to complete discovery, as the production, but particularly Ms. Thompson's emails, raise the need to take not only party depositions, but also serve non-party discovery requests, and take depositions of non-parties, including the friend she was corresponding with, and perhaps others mentioned in the emails. The Plan as it exists now, does not provide Mr. Weinstein with closure. Plaintiffs may elect to settle in full, or they may elect to take 25% of their apportioned lot, and still proceed against Mr. Weinstein, or as your office has stated in correspondence, the taking of discovery may "jeopardize" their desire to settle, and they may proceed against Mr. Weinstein in turn. In sum, the emails are cited to as it is a catalyst to Mr. Weinstein's request to seek an order to depose Ms. Thompson immediately should the Court grant your motion and a subsequent lift, and likewise, the basis upon which Mr. Weinstein seeks to further party, and importantly, non-party discovery. The time frame of 90 days was selected, as we have envisioned the volume of non-party depositions your office has noticed, and also in consideration of our client's deposition, and expected legal and logistical challenges that may arise in that.

Hence, as the emails are germane, if not critical, to Mr. Weinstein's application to the Court, there is absolutely nothing improper in presenting them to the Court for review, in determining the application based thereon.

Third, there was no violation of the Local Rules, nor Judge Hellerstein's rules. The filing was a response to *your* Motion to Stay. We simply responded, as is our right. Arguably, that motion was made in violation of the Rules, as there was no meet and confer process prior to you making it, nor joint submission. But this is not a "dispute."

Please note, that Local Rule 37.2 does not apply here, as Judge Hellerstein's rules do not require pre-motion discovery conferences.

> **Local Civil Rule 37.2.   Mode of Raising Discovery Disputes With the Court (Southern District Only)**
>
> No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall
>
> be heard unless counsel for the moving party has first requested an informal conference with the Court
>
> by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF
>
> published on the Court's website and the Judge's Individual Practices) and such request has either been
>
> denied or the discovery dispute has not been resolved as a consequence of such a conference.

Judge Hellerstein's rules are as follows:

> **E.    Disputes.**  Unless directed otherwise, counsel shall describe their disputes in a single letter, jointly composed.  Separate and successive letters will be returned, unread.  Strict adherence to the meet and confer rule is required and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion.  The Court will not resolve disputes not brought to its attention in conformity with this rule.

This would apply if there was a "dispute." However, you have brought a Motion to Stay. We do not oppose it, yet we seek reassurance to protect our client's rights by way of court order, and regardless, you did not meet and confer, nor request to engage in a joint letter to the Court as per Judge Hellerstein's rules. But again, this is academic. It is your motion, not the Defendant, so we did not run afoul of any rule, and this is not addressing a "dispute" it is simply raising an application to the Court that should a stay be implemented, that due to the representations you have made regarding Ms. Thompson's health, and due to the need to depose her and non-parties based on the emails you have produced without limitation, we request a court order that she be presented for deposition forthwith, and that the discovery deadline be extended for a period of time to allow discovery to be taken from the parties, and non-parties, that have become apparent due to the recent production by Plaintiffs, including, and perhaps most importantly, the emails of Ms. Thompson, now properly before the Court for consideration.

That said, as there is nothing improper regarding Mr. Weinstein's response to Plaintiffs' Motion to Stay, we will not withdraw it.

However, of course, should the Court require Mr. Weinstein to refile his response under seal, we will certainly do so with deference to the Court.

Best,

Imran H. Ansari, Esq.
*Partner*
**Aidala, Bertuna & Kamins PC**
546 Fifth Avenue - Sixth Floor
New York, New York 10036
(212) 486-0011
www.aidalalaw.com

*Of Counsel to Baratta, Baratta & Aidala LLP*

This e-mail transmission, and any documents, files or previous e-mail messages annexed to it, may contain confidential information that is LEGALLY PRIVILEGED. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or annexed to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at iansari@aidalalaw.com by telephone at (212) 486-0011 and destroy the original transmission and the annexed without reading them or saving them to disk. Thank you.

**From:** Lynn Ellenberger <lynn@feganscott.com>
**Sent:** Tuesday, February 9, 2021 9:30 AM
**To:** Imran H. Ansari, Esq. <iansari@aidalalaw.com>; Taylor Friedman <tfriedman@aidalalaw.com>; Michael DiBenedetto <mdibenedetto@aidalalaw.com>
**Cc:** Elizabeth Fegan <beth@feganscott.com>; Whitney K. Siehl <whitneys@hbsslaw.com>; Brooke Achua <brooke@feganscott.com>
**Subject:** Geiss v. The Weinstein Company Holdings, LLC, No. 1:17-cv-09554-AKH

Counsel - In your response to Plaintiff's motion to stay case, you gratuitously attach an email from Melissa Thompson while asking that Melissa Thompson's deposition be taken forthwith should a stay be granted then lifted (notwithstanding we provided dates of availability). Your response raises a discovery issue for which you did not confer with us and is in violation of L. Civ. R. 37.2 and Judge Hellerstein's Rule 2.E. The filing is intended to harass in violation of the rules. We intend to move for sanctions if the pleading is not withdrawn by noon eastern today. - Lynn

Lynn A. Ellenberger | Of Counsel
**Fegan Scott LLC**
500 Grant St., Suite 2900

Pittsburgh, PA 15219
Direct: 412.346.4104 | Fax: 312.264.0100
www.feganscott.com

