**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LOUISETTE GEISS, SARAH ANN THOMAS
(a/k/a SARAH ANN MASSE), MELISSA
THOMPSON, et al., individually and on behalf
of all others similarly situated,

      Plaintiffs,

      v.

THE WEINSTEIN COMPANY HOLDINGS,
LLC, et al.,

      Defendants.

No. 1:17-cv-09554-AKH

Hon. Alvin K. Hellerstein

## PLAINTIFF MELISSA THOMPSON'S REPLY IN FURTHER SUPPORT OF HER EMERGENCY MOTION TO SEAL AND FOR SANCTIONS

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................................. 1

II.     ARGUMENT ................................................................................................................... 2

    A.      This Court should seal Weinstein's Response to Plaintiff's Motion to Stay and its
exhibits. ............................................................................................................................ 2

    B.      Attorney Ansari violated Rule 11, warranting the imposition of sanctions. ..................... 3

III.    CONCLUSION ................................................................................................................. 4

Plaintiff Melissa Thompson ("Plaintiff"), by and through her attorneys, files this reply in further support of her emergency motion to seal Defendant Harvey Weinstein's ("Defendant") Response to Plaintiffs' Motion to Stay and its exhibits (ECF 396) and for sanctions.

## I.       INTRODUCTION

The disputed email was produced by Plaintiffs at "Thompson 000565-570" as "Highly Confidential/Attorneys' Eyes Only:"

## HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY

Inadvertently, a copy of the same email was not so designated. The Stipulated Protective Order entered into by the parties affords any party the ability to redesignate a document as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" if it was not originally produced as such.  Plaintiff redesignated the second copy of Ms. Thompson's highly private and personal email as "Highly Confidential/Attorneys' Eyes Only."  As such, Defendant Harvey Weinstein's continued argument regarding the propriety of Plaintiff's redesignation and the document's import to a motion now decided by this Court is misplaced.  The document has since been designated as "Highly Confidential/Attorneys' Eyes Only," and this Court should therefore seal Weinstein's Response to Plaintiff's Motion to Stay and its Exhibits (ECF 396).

Despite the above, Attorney Ansari continues to argue that the email at issue should remain part of the public record because it was essential for its argument requiring Ms. Thompson to appear for deposition.  Rule 11 affords this Court the ability to sanction a party for vexatious and harassing filings.  This Court's individual rule 4.B.i cautions parties not to include in any filing any information that can be deemed sensitive:  "[s]ensitive information and information requiring caution must not be included in any document filed with the Court unless such inclusion is

necessary and relevant to the case."  Attorney Ansari filed Weinstein's Response to Plaintiff's

Motion to Stay and attached Ms. Thompson's email as an exhibit, but prior to Defendant's filing,

Ms. Thompson *did* provide dates on which she was available for deposition.  As such, the

document in no way supported the timing of Ms. Thompson's deposition, the pretextual issue

raised by Weinstein.  Because the document in no way furthered Defendant's position and this one

copy was inadvertently produced without a "Highly Confidential/Attorneys' Eyes Only"

designation, Plaintiff requested that Attorney Ansari withdraw the filing.  He refused, and his

refusal is objectively unreasonable, warranting sanctions.

## II.      ARGUMENT

### A.      This Court should seal Weinstein's Response to Plaintiff's Motion to Stay and its exhibits.

The Stipulated Protective Order agreed to by the parties contains a "claw-back" provision

which allows any party to redesignate discovery material as "Confidential" or "Highly

Confidential/Attorneys' Eyes Only," if any previously-produced document is incorrectly

designated.  Stipulated Protective Order (ECF 309), ¶ 7.  Despite this provision, and the fact that

Plaintiff had designated a copy of the very same document as "Highly Confidential/Attorneys'

Eyes Only," Weinstein's counsel ignores the plain language of the Stipulated Protective Order and

maintains that Plaintiff Melissa Thompson ("Plaintiff") has no ability to redesignate and thereby

protect this document from public scrutiny.  In light of Plaintiff's redesignation of this document,[1]

and the fact that this Court ultimately granted Weinstein the relief he requested regarding setting

---

[1] In light of Plaintiff's redesignation of the document at issue, the Stipulated Protective Order contains a procedure if a party seeks to challenge a confidentiality designation.  ECF 309, ¶ 15. Any continued argument on Weinstein's part about the email and the "Highly Confidential/Attorneys' Eyes Only" designation should be addressed in accordance with that procedure.

a date for Ms. Thompson's deposition, this Court should seal Weinstein's Response to Plaintiff's

Motion to Stay and its Exhibits (ECF 396).

**B.      Attorney Ansari violated Rule 11, warranting the imposition of sanctions.**

A pleading signed by an attorney is a certification that "it is not being presented for any

improper purpose, such as to harass…." Fed. R. Civ. P. 11. Thus, Rule 11 gives this Court

discretion to impose sanctions for any filing that is presented solely to harass. Further, this Court's

Rule 4.B.i requires that "[s]ensitive information and information requiring caution must not be

included in any document filed with the Court unless such inclusion is necessary and relevant to

the case." The highly personal email at issue, elsewhere designated as highly confidential, in no

way supported Attorney Ansari's argument regarding the timing of Ms. Thompson's deposition.

In fact, prior to that motion being filed, Ms. Thompson had provided Attorney Ansari with dates

on which she was available for her deposition (as did Ms. Geiss and Ms. Masse). Because this

Court has since directed the parties to agree on deposition dates for both Ms. Thompson and

Weinstein (ECF 399), Attorney Ansari's continued argument regarding Plaintiff's redesignation

of the document and its substance is objectively unreasonable and reveals his improper motive and

desire to harass and vex Ms. Thompson by making her private email public. As such, sanctions

are warranted.

As a final matter, Attorney Ansari points to the window contained in Rule 11 which gives

the opposing party 21-days to withdraw their offending pleading. Plaintiff provided notice via

email, demanding that Attorney Ansari withdraw the pleading. Plaintiff's Emergency Motion to

Seal and for Sanctions (ECF 402), Ex. 2. Attorney Ansari responded that same day, refusing to

withdraw the pleading but suggesting that he would be willing to refile his response under seal if

this Court so ordered.  *Id.,* Ex. 3.  Thus, Attorney Ansari did not need 21 days to respond, and

Plaintiff's motion followed.

For the foregoing reasons, Plaintiff's motion to seal and for sanctions should be granted.

### III.   CONCLUSION

Plaintiff Melissa Thompson respectfully requests that this Court grant her motion and seal

Weinstein's Response to Plaintiff's Motion to Stay and its Exhibits (ECF 396) and impose

sanctions against Attorney Imran Ansari for his vexations and harassing conduct, and grant such

other relief as is just and appropriate.


Dated:  February 12, 2021                              Respectfully submitted,

                                                       By:  */s/Lynn A. Ellenberger*
                                                       Lynn A. Ellenberger
                                                       FEGAN SCOTT LLC
                                                       500 Grant Street, Suite 2900
                                                       Pittsburgh, Pennsylvania 15219
                                                       Tel:  (412) 346-4104
                                                       lynn@feganscott.com

                                                       Elizabeth A. Fegan
                                                       FEGAN SCOTT LLC
                                                       150 S. Wacker Dr., 24th Floor
                                                       Chicago, Illinois 60606
                                                       Tel:  (312) 741-1019
                                                       beth@feganscott.com

                                                       Steve W. Berman
                                                       Shelby Smith
                                                       HAGENS BERMAN SOBOL
                                                       SHAPIRO LLP
                                                       1301 Second Avenue, Suite 2000
                                                       Seattle, Washington 98101
                                                       Tel: (206) 623-7292
                                                       steve@hbsslaw.com
                                                       shelby@hbsslaw.com

Whitney K. Siehl
HAGENS BERMAN SOBOL
SHAPIRO LLP
455 N. Cityfront Plaza Drive
Suite 2410
Chicago, Illinois 60611
Tel:  (708) 628-4949
whitneys@hbsslaw.com

Nathaniel A. Tarnor
HAGENS BERMAN SOBOL
SHAPIRO LLP
555 Fifth Avenue
Suite 1700
New York, NY 10017
Tel: (646) 543-4992
Fax: (917) 210-3980
nathant@hbsslaw.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I, Lynn A. Ellenberger, an attorney, affirm that the foregoing was filed on this day on

ECF, which automatically served all counsel of record.


Dated: February 12, 2021                    Respectfully submitted,

                                            By: */s/ Lynn A. Ellenberger*
                                            Lynn A. Ellenberger